UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
ROOM 520
NEW YORK, NEW YORK 10007

DATE: 6/3/2024

CLERK,
UNITED STATES DISTRICT COURT

RE: USA -V- **Kim**
SDNY MAG. DOCKET # **24-MAG-2106**

DEAR SIR/MADAM:

REFERRING TO THE ABOVE CAPTIONED MATTER, PLEASE BE ADVISED, FOR RECORD PURPOSES, THAT THIS MATTER HAS BEEN DISPOSED OF AS FOLLOWS:

( )   1.   DEFENDANT (UPON WAIVER OF HEARING) REMANDED TO THE U.S. MARSHAL FOR REMOVAL.

( X )  2.   DEFENDANT (UPON WAIVER OF HEARING) BAILED FOR HIS APPEARANCE IN YOUR DISTRICT.

( )   3.   PROCEEDINGS DISMISSED INCIDENT TO TURNOVER OF DEFENDANT IN STATE EXTRADITION PROCEEDING.

( )   4.   COMPLAINT DISMISSED BY YOUR DISTRICT.

YOURS TRULY,

RUBY KRAJICK
CLERK OF COURT

BY  **Josephine Bonano**
DEPUTY CLERK



RECEIVED
Mail Room

JUN 10 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:24-cr-00265 |
| | ) Assigned To : Judge Trevor N. McFadden |
| Yongchul "Charlie" Kim, | ) Assign. Date : 5/30/2024 |
| | ) Description: Indictment (B) |
| *Defendants* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Yongchul "Charlie" Kim

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
Count 1: 18 U.S.C. § 371 (Conspiracy); Count 2: 18 U.S.C. § 201(b)(1) (Bribery)

Date: 05/30/2024

*Issuing officer's signature*

City and state:   Washington, D.C.        G. Michael Harvey, U.S. Magistrate Judge
                                           *Printed name and title*

### Return

This warrant was received on *(date)* 5/30/24, and the person was arrested on *(date)* 5/31/24
at *(city and state)* New York, New York

Date: 5/31/24

*Arresting officer's signature*

Sebastian Gardner, Special Agent
*Printed name and title*

DOC # \_\_\_1\_\_

AUSA: Joseph H. Rosenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **24 MAG 2106** |
|---|---|
| v. | RULE 5(c)(3) AFFIDAVIT |
| YONGCHUL "CHARLIE" KIM, | |
| Defendant. | |

CERTIFIED AS A TRUE COPY ON
THIS DATE 6/3/24
BY _____
( ✓ ) Clerk
( ) Deputy

SOUTHERN DISTRICT OF NEW YORK, ss.:

Sebastian Gardner, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

On or about May 30, 2024, the United States District Court for the District of Columbia issued a warrant for the arrest of "Yongchul 'Charlie' Kim" based on an indictment charging: (1) conspiracy, in violation of 18 U.S.C. § 371; and (2) bribery, in violation of 18 U.S.C. § 201(b)(1). Copies of the indictment and arrest warrant are attached hereto and incorporated by reference herein.

On or about May 31, 2024, I participated in the arrest of YONGCHUL "CHARLIE" KIM, the defendant, in the Southern District of New York. I believe that YONGCHUL "CHARLIE" KIM is the same person as the "Yongchul 'Charlie' Kim" who is wanted by the United States District Court for the District of Columbia.

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1.  I am a Special Agent with the FBI. I have been personally involved in determining whether YONGCHUL "CHARLIE" KIM, the defendant, is the same individual as the "Yongchul 'Charlie' Kim" named in the May 30, 2024 arrest warrant from the United States District Court for the District of Columbia. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2.  Based on my review of documents from the United States District Court for the District of Columbia, I know that, on or about May 30, 2024, the United States District Court for the District of Columbia issued a warrant for the arrest of "Yongchul 'Charlie' Kim" (the "Arrest Warrant"). The Arrest Warrant was based on an indictment (the "Indictment") charging "Yongchul 'Charlie' Kim" with violations of 18 U.S.C. §§ 371 and 201(b)(1).

3.  On or about May 31, 2024, at approximately 6:00 a.m., law enforcement agents arrested YONGCHUL "CHARLIE" KIM, the defendant, at a residential building in Manhattan, New York (the "Residential Address").

4.      Based on my participation in this arrest, my conversations with other law enforcement officers, and my review of law enforcement records, I believe that YONGCHUL "CHARLIE" KIM, the defendant, is the "Yongchul 'Charlie' Kim" named in the Arrest Warrant based on the following:

a. At the time YONGCHUL "CHARLIE" KIM, the defendant, was taken into federal custody, KIM identified himself as "Yongchul 'Charlie' Kim" and orally provided a date of birth and Social Security Number that are the same as the date of birth and Social Security Number that appear in law enforcement records for the "Yongchul 'Charlie' Kim" named in the Arrest Warrant.

b. As described in the Indictment (¶ 2), which is attached, "Yongchul 'Charlie' Kim" is the co-CEO of Company A. On Company A's website, there is a photograph of an individual named "Charlie Kim" who is listed as the "Founder & Co-CEO" of Company A. Based on my review of that photograph, I believe that the man depicted in that photograph is YONGCHUL "CHARLIE" KIM, the defendant, that is, the same man that law enforcement agents arrested at the Residential Address in Manhattan, New York, on May 31, 2024.

5.      Accordingly, I believe that the "Yongchul 'Charlie' Kim" sought in the Arrest Warrant is YONGCHUL "CHARLIE" KIM, the defendant.

WHEREFORE, I respectfully request that YONGCHUL "CHARLIE" KIM, the defendant, be imprisoned or bailed, as the case may be.

Sebastian Gardner
Special Agent
Federal Bureau of Investigation

Sworn to before me this
31st day of May 2024.

THE HONORABLE JENNIFER E. WILLIS
United States Magistrate Judge
Southern District of New York

2

**DOC #** 2

Duration: 31 minutes
Proceeding via: ☐ Video Conference ☐ AT&T ☑ In Person

DOCKET No. 24m2106

DEFENDANT Yongchhul Kim

AUSA Joseph Rosenberg

DEF.'S COUNSEL Neil Kelly
☐ RETAINED ☑ FEDERAL DEFENDERS ☐ CJA ☑ PRESENTMENT ONLY

☐ _____ INTERPRETER NEEDED

☐ DEFENDANT WAIVES PRETRIAL REPORT

☐ Rule 5 ☐ Rule 9 ☑ Rule 5(c)(3) ☐ Detention Hrg.
☐ Other: _____

DATE OF ARREST 5/31/2024
TIME OF ARREST 6:00AM
TIME OF PRESENTMENT 2:08PM

☐ VOL. SURR.
☐ ON WRIT

---

## BAIL DISPOSITION

☐ SEE SEP. ORDER

☐ DETENTION ON CONSENT W/O PREJUDICE     ☐ DETENTION: RISK OF FLIGHT/DANGER     ☐ SEE TRANSCRIPT
☐ DETENTION HEARING SCHEDULED FOR: _____
☑ AGREED CONDITIONS OF RELEASE
☑ DEF. RELEASED ON OWN RECOGNIZANCE
☐ $ _____ PRB  ☐ _____ FRP
☐ SECURED BY $ _____ CASH/PROPERTY: _____
☑ TRAVEL RESTRICTED TO SDNY/EDNY/the districts within the contiguous 48 states
☐ TEMPORARY ADDITIONAL TRAVEL UPON CONSENT OF AUSA & APPROVAL OF PRETRIAL SERVICES
☑ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)

☐ PRETRIAL SUPERVISION:  ☐ REGULAR  ☐ STRICT  ☐ AS DIRECTED BY PRETRIAL SERVICES
☐ DRUG TESTING/TREATMT AS DIRECTED BY PTS  ☐ MENTAL HEALTH EVAL/TREATMT AS DIRECTED BY PTS
☐ DEF. TO SUBMIT TO URINALYSIS; IF POSITIVE, ADD CONDITION OF DRUG TESTING/TREATMENT
☐ HOME INCARCERATION  ☐ HOME DETENTION  ☐ CURFEW  ☐ STAND ALONE MONITORING
☐ LOCATION MONITORING TECHNOLOGY AS DIRECTED BY PTS  ☐ GPS
☐ DEF. TO PAY ALL OF PART OF COST OF LOCATION MONITORING, AS DETERMINED BY PRETRIAL SERVICES

☐ DEF. TO CONTINUE OR SEEK EMPLOYMENT  [OR]  ☐ DEF. TO CONTINUE OR START EDUCATION PROGRAM
☐ DEF. NOT TO POSSESS FIREARM/DESTRUCTIVE DEVICE/OTHER WEAPON

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☐ DEF. TO BE RELEASED ON OWN SIGNATURE, PLUS THE FOLLOWING CONDITIONS: _____
_____ ; REMAINING CONDITIONS TO BE MET BY: _____

---

**ADDITIONAL CONDITIONS/ADDITIONAL PROCEEDINGS/COMMENTS:**

No communication with potential witnesses about the case, except with and/or through counsel, and except Mr. Kim may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Mr. Kim is permitted to issue global statements and periodic updates about the case as necessary for business operation purposes.

*CERTIFIED AS A TRUE COPY 6/3/24 [signature] Clerk/Deputy*
*THIS DATE BY*

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY
☐ DEF. WAIVES INDICTMENT
☐ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL 7/1/24

☑ CONFERENCE BEFORE D.J. ON 7/1/24 control

For Rule 5(c)(3) Cases:
☑ IDENTITY HEARING WAIVED
☐ PRELIMINARY HEARING IN SDNY WAIVED

☑ DEFENDANT TO BE REMOVED
☐ CONTROL DATE FOR REMOVAL: _____

PRELIMINARY HEARING DATE: _____

☐ ON DEFENDANT'S CONSENT

*Jennifer E. Willis*
UNITED STATES MAGISTRATE JUDGE, S.D.N.Y.

DATE: 5/31/2024

ORIGINAL

DOC # 3

AO 199A (Rev. 06/19) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 24 MAG 2106 |
| Youngchhul Kim | ) | |
| _Defendant_ | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
_Place_

on _____
_Date and Time_

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

CERTIFIED AS A TRUE COPY ON
THIS DATE 6/3/24
BY _____
( ✓ ) Clerk
(   ) Deputy

AO 199B (Rev. 12/20) Additional Conditions of Release        Youngchhul Kim        24 MAG 2106

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
*Custodian*           *Date*

( ☐ ) (7) The defendant must:
( ☐ ) (a) submit to supervision by and report for supervision to the PRETRIAL SERVICES FOR ☐ Regular; ☐ Strict; ☐ As Directed
telephone number _____ , no later than _____.
( ☐ ) (b) continue or actively seek employment.
( ☐ ) (c) continue or start an education program.
( ☑ ) (d) surrender any passport to: PRETRIAL SERVICES
( ☑ ) (e) not obtain a passport or other international travel document.
( ☑ ) (f) abide by the following restrictions on personal association, residence, or travel: SDNY/EDNY the districts within the contiguous 48 sta

( ☑ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: No communication with potential witnesses about the case, except with and/or through counsel, and except Mr. Kim may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Mr. Kim is permitted to issue global statements and periodic updates .... cont. below

( ☐ ) (h) get medical or psychiatric treatment: _____

( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☐ ) (k) not possess a firearm, destructive device, or other weapon.
( ☐ ) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☐ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☐ ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ☐ ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ☐ ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ ) (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☐ ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
( ☐ ) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20) Additional Conditions of Release     Youngchhul Kim     24 MAG 2106

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
- ( ☐ ) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
- ( ☐ ) (ii) Voice Recognition; or
- ( ☐ ) (iii) Radio Frequency; or
- ( ☐ ) (iv) GPS.

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t) _____

Agreed conditions of release: Def. released on own recognizance; Travel restricted to SDNY/EDNY the districts within the contiguous 48 states; Surrender travel documents and no new applications; No communication with potential witnesses about the case, except with and/or through counsel, and except Mr. Kim may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Mr. Kim is permitted to issue global statements and periodic updates about the case as necessary for business operation purposes.

Defense Counsel Name: **Neil Kelly**

Defense Counsel Telephone Number: **646-335-3785**

Defense Counsel Email Address: **Neil_Kelly@fd.org**

AO 199C  (Rev. 09/08) Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT: Youngchhul Kim                                    Case No.  24 MAG 2106

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.
    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 05/31/2024

☐ **DEFENDANT RELEASED**

*Defendant's Signature* Youngchhul Kim

*City and State*

### Directions to the United States Marshal

( ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 5/31/2024

*Judicial Officer's Signature*

*AUSA's Signature* Joseph Rosenberg

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL



**Southern District of New York**

The Bronx
Manhattan
Westchester
Rockland
Dutchess
Orange
Putnam
Sullivan

**Eastern District of New York**

Brooklyn (Kings County)
Queens (Queens County)
Staten Island (Richmond County)
Long Island (Nassau & Suffolk)

# U.S. District Court
## Southern District of New York (Foley Square)
### CRIMINAL DOCKET FOR CASE #: 1:24-mj-02106-UA-1
### Internal Use Only

Case title: USA v. Kim

Date Filed: 05/31/2024

Date Terminated: 06/03/2024

Assigned to: Judge Unassigned

**Defendant (1)**

**Yongchul Kim**
*TERMINATED: 06/03/2024*

represented by **Neil Peter Kelly**
Federal Defenders of NY, Inc.
52 Duane Street
Ste 10th Floor
New York, NY 10007
212-417-8700
Email: neil_kelly@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:371.F Conspiracy , 18:201A.F Bribery

**Disposition**

**Plaintiff**

**USA**

represented by **Joseph Rosenberg**
DOJ-USAO
Criminal

New York, NY 10007  
212-637-2326  
Email: joseph.rosenberg@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2024 | | Arrest (Rule 5(c)(3)) of Yongchul Kim. (job) (Entered: 05/31/2024) |
| 05/31/2024 | 1 | RULE 5(c)(3) AFFIDAVIT of SEBASTIAN GARDNER, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigations, from the United States District Court - District of Columbia, as to Yongchul Kim. (Signed by Magistrate Judge Jennifer E. Willis on 5/31/2024) (job) (Entered: 05/31/2024) |
| 05/31/2024 | 2 | Minute Entry for proceedings held before Magistrate Judge Jennifer E. Willis:Initial Appearance in Rule 5(c)(3) Proceedings as to Yongchul Kim held on 5/31/2024. Appearance entered by Neil Peter Kelly for Yongchul Kim on behalf of defendant. Bond Hearing as to Yongchul Kim held on 5/31/2024. AUSA Joseph Rosenberg present for the Government. Defendant present with attorney, Neil Kelly. BAIL DISPOSITION: Agreed conditions of release: Def. released on own recognizance; Travel restricted to SDNY/EDNY the districts within the contiguous 48 states; Surrender travel documents and no new applications; No communication with potential witnesses about the case, except with and/or through counsel, and except Mr. Kim may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Mr. Kim is permitted to issue global statements and periodic updates about the case as necessary for business operation purposes. - Conference before D.J. on 7/1/2024 control date - Speedy Trial time excluded until 7/1/2024 - Identity Hearing Waived - Defendant to be removed. (job) Modified on 5/31/2024 (job). (Entered: 05/31/2024) |
| 05/31/2024 | 3 | Order Setting Conditions of Release Bond Entered as to Yongchul Kim. Agreed conditions of release: Def. released on own recognizance. Additional conditions... (job) (Entered: 05/31/2024) |
| 05/31/2024 | 🔒 | (Court only) ***Excludable XT started as to Yongchul Kim. Excludable started on 5/31/2024. Excludable stopped on 7/1/2024. (job) (Entered: 05/31/2024) |
| 06/03/2024 | | RULE 5(c)(3) DOCUMENTS SENT as to Yongchul Kim from the U.S.D.C. Southern District of New York to the United States District Court - District of District of Comlumbia. Sent original file along with documents numbered 1-3, certified copies of: Rule 5(c)(3) Documents, the docket sheet, and letter of acknowledgment. (job) (Entered: 06/03/2024) |
| 06/03/2024 | 🔒 | (Court only) ***Terminated defendant Yongchul Kim. ***Case Terminated as to Yongchul Kim. (job) (Entered: 06/03/2024) |