UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
ROOM 520
NEW YORK, NEW YORK 10007

DATE: **6/3/2024**

CLERK,
UNITED STATES DISTRICT COURT

RE: USA -V- **Messenger**
SDNY MAG. DOCKET # **24-MAG-2109**

DEAR SIR/MADAM:

REFERRING TO THE ABOVE CAPTIONED MATTER, PLEASE BE ADVISED, FOR RECORD
PURPOSES, THAT THIS MATTER HAS BEEN DISPOSED OF AS FOLLOWS:

( )    1.    DEFENDANT (UPON WAIVER OF HEARING) REMANDED TO THE U.S.
MARSHAL FOR REMOVAL.

( X )    2.    DEFENDANT (UPON WAIVER OF HEARING) BAILED FOR HIS
APPEARANCE IN YOUR DISTRICT.

( )    3.    PROCEEDINGS DISMISSED INCIDENT TO TURNOVER OF DEFENDANT
IN STATE EXTRADITION PROCEEDING.

( )    4.    COMPLAINT DISMISSED BY YOUR DISTRICT.

YOURS TRULY,

RUBY KRAJICK
CLERK OF COURT

BY   **Josephine Bonano**
DEPUTY CLERK



RECEIVED
Mail Room

JUN 1 0 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Meghan Messenger,<br>_____<br>*Defendants* | ) Case: 1:24-cr-00265<br>) Assigned To : Judge Trevor N. McFadden<br>) Assign. Date : 5/30/2024<br>) Description: Indictment (B) |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    Meghan Messenger

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
Count 1: 18 U.S.C. § 371 (Conspiracy); Count 2: 18 U.S.C. § 201(b)(1) (Bribery)

Date:    05/30/2024

_____
*Issuing officer's signature*

City and state:    Washington, D.C.

G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 5/30/24, and the person was arrested on *(date)* 5/31/24<br>at *(city and state)*    New York, New York<br><br>Date:    5/31/24<br><br>_____<br>*Arresting officer's signature*<br><br>Sebastian Gardner, Special Agent<br>*Printed name and title* |

DOC #_____

AUSA: Joseph H. Rosenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MEGHAN MESSENGER,

Defendant.

**24 MAG 2109**

RULE 5(c)(3) AFFIDAVIT


CERTIFIED AS A TRUE COPY ON THIS DATE 6/3/24 BY _____ ( )Clerk ( )Deputy

SOUTHERN DISTRICT OF NEW YORK, ss.:

Sebastian Gardner, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

On or about May 30, 2024, the United States District Court for the District of Columbia issued a warrant for the arrest of "Meghan Messenger" based on an indictment charging: (1) conspiracy, in violation of 18 U.S.C. § 371; and (2) bribery, in violation of 18 U.S.C. § 201(b)(1). Copies of the indictment and arrest warrant are attached hereto and incorporated by reference herein.

On or about May 31, 2024, I participated in the arrest of MEGHAN MESSENGER, the defendant, in the Southern District of New York. I believe that MEGHAN MESSENGER is the same person as the "Meghan Messenger" who is wanted by the United States District Court for the District of Columbia.

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1.      I am a Special Agent with the FBI. I have been personally involved in determining whether MEGHAN MESSENGER, the defendant, is the same individual as the "Meghan Messenger" named in the May 30, 2024 arrest warrant from the United States District Court for the District of Columbia. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2.      Based on my review of documents from the United States District Court for the District of Columbia, I know that, on or about May 30, 2024, the United States District Court for the District of Columbia issued a warrant for the arrest of "Meghan Messenger" (the "Arrest Warrant"). The Arrest Warrant was based on an indictment (the "Indictment") charging "Meghan Messenger" with violations of 18 U.S.C. §§ 371 and 201(b)(1).

3.      On or about May 31, 2024, at approximately 6:00 a.m., law enforcement agents arrested MEGHAN MESSENGER, the defendant, at a residential building in Manhattan, New York (the "Residential Address").

4.     Based on my participation in this arrest, my conversations with other law enforcement officers, and my review of law enforcement records, I believe that MEGHAN MESSENGER, the defendant, is the "Meghan Messenger" named in the Arrest Warrant based on the following:

a.     At the time MEGHAN MESSENGER, the defendant, was taken into federal custody, MESSENGER identified herself as "Meghan Messenger" and orally provided a date of birth and Social Security Number that are the same as the date of birth and Social Security Number that appear in law enforcement records for the "Meghan Messenger" named in the Arrest Warrant.

b.     As described in the Indictment (¶ 3), which is attached, "Meghan Messenger" is the co-CEO of Company A. On Company A's website, there is a photograph of an individual named "Meghan Messenger" who is listed as the "Co-CEO" of Company A. Based on my review of that photograph, I believe that the person depicted in that photograph is MEGHAN MESSENGER, the defendant, that is, the same person that law enforcement agents arrested at the Residential Address in Manhattan, New York, on May 31, 2024.

5.     Accordingly, I believe that the "Meghan Messenger" sought in the Arrest Warrant is MEGHAN MESSENGER, the defendant.

WHEREFORE, I respectfully request that MEGHAN MESSENGER, the defendant, be imprisoned or bailed, as the case may be.

Sebastian Gardner
Special Agent
Federal Bureau of Investigation

Sworn to before me this
31st day of May 2024.

THE HONORABLE JENNIFER E. WILLIS
United States Magistrate Judge
Southern District of New York

2

# DOC #___2___

Duration: 31 minutes
Proceeding via: ☐ Video Conference ☐ AT&T ☑ In Person

DOCKET No. 24mag2109

DEFENDANT Meghan Messenger

AUSA Joseph Rosenberg

DEF.'S COUNSEL Edward Diskant

☐_____ INTERPRETER NEEDED

☐ RETAINED  ☐ FEDERAL DEFENDERS ☑ CJA ☑ PRESENTMENT ONLY

☐ DEFENDANT WAIVES PRETRIAL REPORT

☐ Rule 5  ☐ Rule 9  ☑ Rule 5(c)(3)  ☐ Detention Hrg.

DATE OF ARREST 5/31/2024        ☐ VOL. SURR.
TIME OF ARREST 6:00PM            ☐ ON WRIT
TIME OF PRESENTMENT 2: 08PM

☐ Other: _____

## BAIL DISPOSITION

☐ SEE SEP. ORDER

☐ DETENTION ON CONSENT W/O PREJUDICE     ☐ DETENTION: RISK OF FLIGHT/DANGER  ☐ SEE TRANSCRIPT
☐ DETENTION HEARING SCHEDULED FOR: _____
☑ AGREED CONDITIONS OF RELEASE
☑ DEF. RELEASED ON OWN RECOGNIZANCE
☐ $_____ PRB  ☐ _____ FRP
☐ SECURED BY $_____ CASH/PROPERTY: _____
☑ TRAVEL RESTRICTED TO SDNY/EDNY/the districts within the 48 contiguous states
☐ TEMPORARY ADDITIONAL TRAVEL UPON CONSENT OF AUSA & APPROVAL OF PRETRIAL SERVICES
☑ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)

☐ PRETRIAL SUPERVISION:  ☐ REGULAR  ☐ STRICT  ☐ AS DIRECTED BY PRETRIAL SERVICES
☐ DRUG TESTING/TREATMT AS DIRECTED BY PTS  ☐ MENTAL HEALTH EVAL/TREATMT AS DIRECTED BY PTS
☐ DEF. TO SUBMIT TO URINALYSIS; IF POSITIVE, ADD CONDITION OF DRUG TESTING/TREATMENT
☐ HOME INCARCERATION  ☐ HOME DETENTION  ☐ CURFEW  ☐ STAND ALONE MONITORING
☐ LOCATION MONITORING TECHNOLOGY AS DIRECTED BY PTS      ☐ GPS
☐ DEF. TO PAY ALL OF PART OF COST OF LOCATION MONITORING, AS DETERMINED BY PRETRIAL SERVICES

☐ DEF. TO CONTINUE OR SEEK EMPLOYMENT  [OR]  ☐ DEF. TO CONTINUE OR START EDUCATION PROGRAM
☐ DEF. NOT TO POSSESS FIREARM/DESTRUCTIVE DEVICE/OTHER WEAPON

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☐ DEF. TO BE RELEASED ON OWN SIGNATURE, PLUS THE FOLLOWING CONDITIONS: _____
_____; REMAINING CONDITIONS TO BE MET BY: _____

### ADDITIONAL CONDITIONS/ADDITIONAL PROCEEDINGS/COMMENTS:

No communication with potential witnesses about the case, except with and/or through counsel, and except Ms. Messenger may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Ms. Messenger is permitted to issue global statements and periodic updates about the case as necessary for business operation purposes.

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY              ☑ CONFERENCE BEFORE D.J. ON 7/1/24
☐ DEF. WAIVES INDICTMENT
☑ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL 7/1/24

For Rule 5(c)(3) Cases:
☑ IDENTITY HEARING WAIVED              ☑ DEFENDANT TO BE REMOVED
☐ PRELIMINARY HEARING IN SDNY WAIVED   ☐ CONTROL DATE FOR REMOVAL: _____

PRELIMINARY HEARING DATE: _____   ☐ ON DEFENDANT'S CONSENT

DATE: 5/31/2024                          *Jennifer E. Willis*

UNITED STATES MAGISTRATE JUDGE, S.D.N.Y.

CERTIFIED AS TRUE COPY ON 6/3/24
BY _____ ( ✓ ) Clerk ( ) Deputy
THIS DATE

DOC # 3

AO 199A (Rev. 06/19)  Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>**MEGHAN MESSENGER**<br>*Defendant* | )<br>)<br>)  Case No.   24 MAG 2109<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
_____
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

CERTIFIED AS A TRUE COPY ON

THIS DATE _____

BY_____ 6/3/24

(✓) Clerk
(  ) Deputy

AO 199B (Rev. 12/20)  Additional Conditions of Release                          MEGHAN MESSENGER            24 MAG 2109

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☐)  (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____  Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____  _____
             *Custodian*          *Date*

(☐)  (7)  The defendant must:
 (☐) (a)  submit to supervision by and report for supervision to the PRETRIAL SERVICES FOR  ☐ Regular;  ☐ Strict;  ☐ As Directed
    telephone number _____ , no later than _____ .
 (☐) (b)  continue or actively seek employment.
 (☐) (c)  continue or start an education program.
 (☑) (d)  surrender any passport to:  PRETRIAL SERVICES
 (☑) (e)  not obtain a passport or other international travel document.
 (☑) (f)  abide by the following restrictions on personal association, residence, or travel:  SDNY/EDNY/DISTRICTS WITHIN 48
    CONTIGUOUS STATES
 (☐) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

 (☐) (h)  get medical or psychiatric treatment: _____

 (☐) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

 (☐) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
 (☐) (k)  not possess a firearm, destructive device, or other weapon.
 (☐) (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
 (☐) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
 (☐) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
 (☐) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
 (☐) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
  (☐) (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
  (☐) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
  (☐) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
  (☐) (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
    **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                      MEGHAN MESSENGER                    24 MAG 2109

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q)  submit to the following location monitoring technology and comply with its requirements as directed:
  ( ☐ ) (i)      Location monitoring technology as directed by the pretrial services or supervising officer; or
  ( ☐ ) (ii)     Voice Recognition; or
  ( ☐ ) (iii)    Radio Frequency; or
  ( ☐ ) (iv)    GPS.

( ☐ ) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ ) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)  _____

DEFENDANT RELEASED ON OWN RECOGNIZANCE; TRAVEL RSTRICTED TO SDNY/EDNY/DISTRICTS WITHIN THE 48 CONTIGUOUS STATES;  SURRENDER TRAVEL DOCUMENTS & NO NEW APPLICATIONS;  NO COMMUNICATION WITH POTENTIAL WITNESES ABOUT THE CASE, EXCEPT WITH OR THROUGH COUNSEL, AND EXCEPT MS. MESSENGER MAY SPEAK FREELY TO COMPANY A'S CURRECT INVESTORS AND CURRENT EMPLOYEES ABOUT MATTERS OTHER THAN THE CHARGED OFFENSES.  MS. MESSENGER IS PERMITTED TO ISSUE GLOBAL STATEMENTS AND PERIODIC UPDATES ABOUT THE CASE AS NECESSARY FOR BUSINESS OPERATION PURPOSES.

Defense Counsel Name:  EDWARD DISKANT

Defense Counsel Telephone Number:  212 547-5754

Defense Counsel Email Address:  EDISKANT@MWE.COM

AO 199C  (Rev. 09/08)  Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:  **MEGHAN MESSENGER**  Case No.  **24 MAG 2109**

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date:  05/31/2024

*Defendant's Signature*  MEGHAN MESSENGER

**✓ DEFENDANT RELEASED**

*City and State*

### Directions to the United States Marshal

(   ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  5/31/2024

*Judicial Officer's Signature*

*AUSA's Signature*  JOSEPH ROSENBERG

DISTRIBUTION:  COURT  DEFENDANT  PRETRIAL SERVICE  U.S. ATTORNEY  U.S. MARSHAL

Page 4 of 5

AO 199C  (Rev. 09/08)  Advice of Penalties



**Southern District of New York**

The Bronx
Manhattan
Westchester
Rockland
Dutchess
Orange
Putnam
Sullivan

**Eastern District of New York**

Brooklyn (Kings County)
Queens (Queens County)
Staten Island (Richmond County)
Long Island (Nassau & Suffolk)

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:24-mj-02109-UA-1
## Internal Use Only

Case title: USA v. Messenger

Date Filed: 05/31/2024

Date Terminated: 06/03/2024

Assigned to: Judge Unassigned

**Defendant (1)**

**Meghan Messenger**
*TERMINATED: 06/03/2024*

represented by **Edward B. Diskant**
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-5404
212-547-5754
Email: ediskant@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

CERTIFIED AS A TRUE COPY ON

THIS DATE 6/3/24

BY _____
( ) Clerk
( ) Deputy

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:371.F Conspiracy, 18:201A.F Bribery

**Disposition**

**Plaintiff**

**USA**

represented by **Joseph Rosenberg**
DOJ-USAO
Criminal
1 Saint Andrew's Plaza
New York, NY 10007

Email: joseph.rosenberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2024 | | Arrest (Rule 5(c)(3)) of Meghan Messenger. (job) (Entered: 05/31/2024) |
| 05/31/2024 | 1 | RULE 5(c)(3) AFFIDAVIT of SEBASTIAN GARDNER, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigations, from the United States District Court - District of Columbia, as to Meghan Messenger. (Signed by Magistrate Judge Jennifer E. Willis on 5/31/2024) (job) (Entered: 05/31/2024) |
| 05/31/2024 | 2 | Minute Entry for proceedings held before Magistrate Judge Jennifer E. Willis: Initial Appearance in Rule 5(c)(3) Proceedings as to Meghan Messenger held on 5/31/2024. Appearance entered by Edward B. Diskant for Meghan Messenger on behalf of defendant. Bond Hearing as to Meghan Messenger held on 5/31/2024. Agreed conditions of release: Def. released on own recognizance; Travel restricted to SDNY/EDNY the districts within the contiguous 48 states; Surrender travel documents and no new applications; No communication with potential witnesses about the case, except with and/or through counsel, and except Ms. Messenger may speak freely to Company A's current investors and current employees about matters other than the charged offenses. Ms. Messenger is permitted to issue global statements and periodic updates about the case as necessary for business operation purposes. - Conference before D.J. on 7/1/2024 control date - Speedy Trial time excluded until 7/1/2024 - Identity Hearing Waived - Defendant to be removed. (job) (Entered: 05/31/2024) |
| 05/31/2024 | 3 | Order Setting Conditions of Release Bond Entered as to Meghan Messenger. Agreed conditions of release: Def. released on own recognizance. Additional conditions...(job) (Entered: 05/31/2024) |
| 05/31/2024 | 🔒 | (Court only) ***Excludable XT started as to Meghan Messenger. Excludable started on 5/31/2024. Excludable stopped on 7/1/2024. (job) (Entered: 05/31/2024) |
| 06/03/2024 | | RULE 5(c)(3) DOCUMENTS SENT as to Meghan Messenger from the U.S.D.C. Southern District of New York to the United States District Court - District of District of Comlumbia. Sent original file along with documents numbered 1-3, certified copies of: Rule 5(c)(3) Documents, the docket sheet, and letter of acknowledgment. (job) (Entered: 06/03/2024) |
| 06/03/2024 | 🔒 | (Court only) ***Terminated defendant Meghan Messenger. ***Case Terminated as to Meghan Messenger. (job) (Entered: 06/03/2024) |