UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------X
UNITED STATES OF AMERICA

   -against-                                     Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.
---------------------------------------------X

**DEFENDANT ROBERT BURKE'S MOTION FOR A BRIEFING SCHEDULE**

Defendant Admiral Robert P. Burke, through his counsel, respectfully moves this Court to set a briefing schedule on the Join Motion to Sever Trial (Docket #27), filed by co-defendants Kim and Messenger. For the reasons stated herein, Defendant respectfully requests that this Court stay the automatic response dates required under the Local Rules and set a briefing schedule at the conference, scheduled for August 2, 2024, after discussion with the parties.

Defendant Burke intends to file a Response to the motion, opposing the factual assertions and reasoning, but concurring in the relief sought.

Undersigned counsel has conferred with other counsel in the case. The Government consents to this application, as they will want to file an omnibus response to both the motion, as well as Defendant Burke's response. Defendant Burke will also want the opportunity to file a Reply to the Government's opposition.

Defendants Kim and Messenger oppose this application for a briefing schedule. Defendants Kim and Messenger believe that the 14-day period provided by D.D.C. Local Criminal Rule 47(b) controls and there is no good cause to extend the time set forth in the Rule. Defendants Kim and Messenger further believe that delaying any response by the

other parties beyond the period provided in the Rule would prejudice their request for a speedy trial in 2024, which they intend to renew at the August 2, 2024 status conference.

**The Motion to Sever**

Although the Court had set a conference for August 2, 2024 to discuss scheduling, Defendants Kim and Messenger filed a Motion to Sever on July 17, 2024. While Defendant Burke completely disagrees with the false factual assertions and many of the arguments advanced in that motion, the motion itself and the stated intent to pursue a trial defense relying upon such significant misstatements of fact itself creates the valid basis for a severance. For this reason, Defendant Burke intends to file a response joining in the relief sought, but opposing much of the contents of the motion.

Defendant Kim is an entrepreneur who is prone to exaggeration and, in many cases, outright false statements. Prior to discovery, Defendant Burke was unaware that Defendant Kim (and, to a lesser extent, Messenger) had made so many serious and material misstatements about their interactions, which the Government now intends to use as admissions to prove their case. Faced with such a situation, the expected and factual defense would have been to admit that Defendant Kim may have lied to his investors, but that Defendants did not commit the criminal conduct alleged by the Government. Unfortunately, the Motion to Sever indicates that Defendants Kim and Messenger have instead chosen to double down on Kim's false statements to his investors, while attempting to falsely blame Admiral Burke for telling them that everything was permissible.

Essentially, it appears that rather than contest the Government's theory, Defendants Kim and Messenger instead intend to assert some form of "advice of co-defendant" defense and attempt to shift blame onto Admiral Burke. While Defendant

Burke does not believe that Defendants Kim and Messenger's expected defense is either factual or likely to succeed at trial, there is no question that it would be completely contradictory to Defendant Burke's fact-based defense.  Admiral Burke contends that there was never any bribery scheme at all, that he made no false statements to the Navy regarding his employment negotiations, and that any statements by Kim to the contrary were false statements which will be impeached at trial.

The motion primarily relies on materials that the co-defendants have had access to, but Defendant Burke only recently received as part of a large volume (over 800,000 pages) of discovery.  To properly respond, Defendant will need additional time.

## Conclusion

Given the issues presented, and the fact that Defendants Kim and Messenger have had access to the multiple false statements by Kim, which Defendant Burke has only recently begun to review the discovery on, additional time and a meaningful briefing schedule will best assist the Court in evaluating this application.

For all of these reasons, Defendant Burke respectfully requests that this Court suspend the automatic response dates to the motion and set a briefing schedule after discussion with the parties at the August 2, 2024 conference.

Respectfully submitted,

Timothy C. Parlatore
Parlatore Law Group, LLP
*Counsel for Admiral Robert P. Burke*
260 Madison Avenue, 17th Floor
New York, NY 10016