```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

   * * * * * * * * * * * * * * *    )
   UNITED STATES OF AMERICA,        )    Criminal Action
                                    )       No. 24-00265
                Plaintiff,          )
                                    )
     vs.                            )
                                    )
   ROBERT P. BURKE, YONGCHUL CHARLIE)    Washington, D.C.
   KIM and MEGHAN MESSENGER,        )    August 2, 2024
                                    )    10:38 a.m.
                Defendants.         )
                                    )
   * * * * * * * * * * * * * * *    )


                    TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE TREVOR N. McFADDEN
                    UNITED STATES DISTRICT JUDGE



   APPEARANCES:

   FOR THE GOVERNMENT:      JOSHUA S. ROTHSTEIN, ESQ.
                            UNITED STATES ATTORNEY'S OFFICE
                              FOR THE DISTRICT OF COLUMBIA
                            601 D Street, Northwest
                            Washington, D.C. 20530

                            TREVOR C. WILMOT, ESQ.
                            KATHRYN E. FIFIELD, ESQ.
                            U.S. DEPARTMENT OF JUSTICE
                            1301 New York Avenue, Northwest
                            Suite 1000
                            Washington, D.C. 20530


   FOR THE DEFENDANT        TIMOTHY PARLATORE, ESQ.
            BURKE:          ANTOINETTE QUINN-O'NEILL, ESQ.
                            PARLATORE LAW GROUP, LLP
                            260 Madison Avenue
                            17th Floor
                            New York, New York 10016
```

```
APPEARANCES, CONT'D:

FOR THE DEFENDANT        WILLIAM A. BURCK, ESQ.
           KIM:          AVI PERRY, ESQ.
                         QUINN, EMANUEL, URQUHART & SULLIVAN
                         1300 I Street, Northwest
                         Suite 900
                         Washington, D.C. 20005


FOR THE DEFENDANT        ROCCO F. D'AGOSTINO, ESQ.
       MESSENGER:        LAW OFFICES OF ROCCO F. D'AGOSTINO
                         445 Hamilton Avenue
                         Suite 605
                         White Plains, New York 10601


REPORTED BY:             LISA EDWARDS, RDR, CRR
                         Official Court Reporter
                         United States District Court for the
                           District of Columbia
                         333 Constitution Avenue, Northwest
                         Room 6706
                         Washington, D.C. 20001
                         (202) 354-3269
```

```
 1              THE COURTROOM DEPUTY:  Your Honor, this is
 2   Criminal Case 24-265, the United States of America versus
 3   Robert Burke, Yongchul Charlie Kim, Meghan Messenger.
 4              Counsel, please identify yourselves for the
 5   record, starting with the Government.
 6              MR. ROTHSTEIN:  Good morning, your Honor.  Josh
 7   Rothstein on behalf of the United States.  With me at
 8   counsel table are trial attorneys Trevor Wilmot and Kate
 9   Fifield.
10              THE COURT:  Good morning, folks.
11              MR. D'AGOSTINO:  Good morning, your Honor.  For
12   Defendant Meghan Messenger, I'm Rocco D'Agostino.  Good
13   morning.
14              THE COURT:  Say your name one more than time.
15              MR. D'AGOSTINO:  Rocco D'Agostino.  I was admitted
16   *pro hac vice*, your Honor.
17              THE COURT:  Rocco D'Agostino?
18              MR. D'AGOSTINO:  Yes.
19              THE COURT:  Good morning, sir.
20              MR. PARLATORE:  Good morning, your Honor.  Timothy
21   Parlatore on behalf of Admiral Burke.  I'm joined by
22   Antoinette Quinn-O'Neill.
23              THE COURT:  Good morning, folks.
24              MR. BURCK:  Good morning, your Honor.  William
25   Burck for the Defendant Mr. Kim.  With me at counsel table
```

1      is Avi Perry.
2              MR. PERRY:  Good morning, your Honor.
3              THE COURT:  Good morning, gentlemen.
4              We're here for a status conference.
5              Mr. Rothstein, where do things stand?
6              MR. ROTHSTEIN:  Yes, your Honor.
7              Yesterday, the Government filed a status report
8      which described the discovery that we've produced to date,
9      which is two productions of documents and recordings.
10             As I said in our filing, we expect to make another
11     production around August 12th, which will be approximately
12     96.74 gigabytes, 390,000 documents and roughly 2 million
13     pages.  Then in September, we expect to produce the scope
14     materials from the Defendants' phones.
15             We had a discussion with counsel this morning, and
16     we are going to endeavor to give the unscoped materials back
17     to each of the Defendants earlier than that so they can get
18     a head-start on doing their own searches.
19             THE COURT:  All right.  And so that September
20     tranche, are you expecting that's going to be substantially
21     all discovery?
22             MR. ROTHSTEIN:  Your Honor, we need to go sidebar
23     *ex parte* -- and we discussed it with defense counsel -- to
24     provide the Court with more information.
25             THE COURT:  You may approach.

1        (Whereupon, the following *ex parte* bench
2   conference was held:)



1  █████████████████████████████████████
2  ██████████████████
3         ████████████████████████████████
4  █████████████████████████████████████
5  ██████████████████████████████
6         ████████████████████████████████
7  ███████████████████████████████████
8  █████████████████████████████████████
9  ███████████████████████████
10        ██████████████████
11        █████████████████████████████████
12 ████████████████████████████████
13 █████████████████████████████████████
14 █████████████████████████████████████
15 ████████████████████████████████████
16 ███████████████████████████████
17 █████████████████████████
18        ██████████████████████████
19        ███████████████████████████

         (Whereupon, the following proceedings were had in
open court:)
         THE COURT:  So I think we're looking at trial
dates, and also I've got a motion to sever here.
         I think, Mr. Rothstein, what I was imagining we'd
be doing is setting a trial date for everybody, assuming

```
 1    we're going forward with all the Defendants, and then have
 2    pretty quick turnaround on the motion to sever.  Does that
 3    all make sense to you?
 4              MR. ROTHSTEIN:  Yes, your Honor.
 5              THE COURT:  Anything else that we should be
 6    discussing, Mr. Rothstein?
 7              MR. ROTHSTEIN:  Just, your Honor, once we set a
 8    trial date, the Government intends to issue a trial subpoena
 9    to Next Jump for certain documents that we believe are
10    necessary.
11              We would ask, so that we have an opportunity to
12    review those documents prior to trial and that Mr. Burck
13    also has that opportunity, that the Court under Rule
14    17(c)(1) provide an early return date for that subpoena.
15              THE COURT:  Okay.  I would likely approve that.
16              MR. ROTHSTEIN:  Thank you, your Honor.
17              THE COURT:  How long would you expect your case in
18    chief to last, Mr. Rothstein?
19              MR. ROTHSTEIN:  Yes, your Honor. We originally
20    gave an estimate -- we thought about seven days.  But in the
21    course of preparing and investigating, we believe there are
22    additional witnesses that we will call.  So we think our
23    case will take two weeks.
24              THE COURT:  Mr. Burck, did you file the motion to
25    sever?  Remind me of the status.
```

1                   MR. BURCK:  Yes, your Honor.  We did file the
2        motion to sever.  It was filed 14 days ago.  The rules
3        typically require about 14 days for any opposition from the
4        Government.
5                   We understand from Mr. Parlatore that he actually
6        filed a letter with the Court asking that a schedule be set
7        today, a briefing schedule on the motion to sever.
8                   Our view on this is that the motion to sever
9        decision should be made relatively quickly because my
10       client -- and I believe Mr. D'Agostino's client -- are also
11       still looking for a speedy trial in this matter.
12                  We would suggest that, given that the parties have
13       already had two weeks with our motion to sever and
14       Mr. Parlatore's already said that he intends to join our
15       motion, although he disagrees with the factual basis that we
16       put in our motion, we do think that maybe seven or 14 days
17       for him to file his motion to sever would make sense and
18       then the Government gets some period of time thereafter,
19       seven or 14 days well.
20                  At that point, the Government will have had our
21       motion for well over a month.  And we think that should be
22       sufficient time.
23                  THE COURT:  I understand.
24                  How long would you expect your case in chief to
25       last if I do not grant your motion to sever?

```
 1            MR. BURCK:  Your Honor, we expect that between
 2   both Defendants it would probably be three to four days.
 3            THE COURT:  So Defendants Kim and Messenger?
 4            MR. BURCK:  Yes, your Honor, if there's a
 5   severance.  If there's not a severance, I can't speak to how
 6   long Mr. Burke, the Defendant, would take.
 7            THE COURT:  I'm just asking as to your client.
 8            MR. BURCK:  Yes, your Honor.
 9            THE COURT:  Three to four days?
10            MR. BURCK:  Yes, your Honor.
11            THE COURT:  Thank you.
12            Mr. Parlatore?
13            MR. PARLATORE:  Yes, your Honor.
14            THE COURT:  So you're looking to -- you want to
15   also sever.  How long do you need to file that motion?
16            MR. PARLATORE:  So we were asking for another four
17   weeks.  That's largely because --
18            THE COURT:  To file a motion to sever?
19            MR. PARLATORE:  Yes.  That's largely because of
20   the additional discovery that we're about to get that we
21   anticipate will play into a lot of this, because, you know,
22   a lot of this stuff that they have put into their motion are
23   based on documents that they had, you know, because they are
24   the Co-Defendants' documents that we've only recently
25   received through discovery.  And, you know, so to be able to
```

```
 1    properly brief the factual basis, we want to have that
 2    additional time.
 3              So that's why we're asking for four weeks to
 4    respond.
 5              THE COURT:  You are not seeking a speedy trial.
 6    Is that correct?
 7              MR. PARLATORE:  We would be seeking a speedy trial
 8    as well.  But at the same time, we don't want to forego, you
 9    know, proper motion practice.
10              THE COURT:  Yes.
11              MR. PARLATORE:  It is a tension --
12              THE COURT:  It is a tension.
13              MR. PARLATORE:  -- of wanting to get in front of a
14    jury quickly and at the same time ensure all of our rights
15    are properly protected and also now finding out that we have
16    2.7 million documents to read.  So it is a tension.  Yes,
17    your Honor.
18              Additionally -- and I haven't spoken with
19    Mr. Burck about this yet, so I do not know what their
20    intention is.  But we are looking at whether we may want to
21    also do at least a partial motion to dismiss, so -- based on
22    some structural issues with this indictment.  So that's
23    something else that we're looking at.  I haven't made a
24    final decision as to filing that yet.  So there may be an
25    additional motion in the middle here.
```

1           THE COURT:  And how long -- if I deny your motion
2    to sever, how long would you expect your case in chief to
3    last?
4           MR. PARLATORE:  Probably fairly short.  I would
5    say, you know, the same, about one to three days.  Our
6    defense is primarily going to be lengthy cross-examinations
7    of the Government.
8           THE COURT:  Thank you.
9           And Mr. D'Agostino?
10          MR. D'AGOSTINO:  Your Honor, Mr. Burck has
11   articulated exactly what the same position is with Meghan
12   Messenger as it is with Yongchul Kim.
13          THE COURT:  Thank you.
14          MR. D'AGOSTINO:  Thanks.
15          THE COURT:  I think I want to work backward and
16   try to look at a trial date and then figure out how much
17   time I can give Mr. Parlatore for his motion to sever.
18          Have you all discussed trial dates?  Is that too
19   much to hope for?
20          MR. ROTHSTEIN:  Your Honor, this morning we
21   mentioned that we thought a trial date in March would be
22   appropriate, given the discovery in this case and the motion
23   practice that we expect.
24          THE COURT:  Are you talking about you, the
25   Government or you, the parties?

1        MR. ROTHSTEIN: The Government proposed to defense
2   counsel that we move forward in March, and we explained the
3   reasons why. They obviously have a different position.
4        THE COURT: Right. Okay.
5        So am I remembering we had talked about
6   potentially December? And then I think attorneys were
7   disappearing with availability. Is that right, Mr. Burck?
8        MR. BURCK: Your Honor, we had on behalf of -- at
9   the time and on behalf of Ms. Messenger and Mr. Kim, we had
10  asked for a trial date in December.
11       I understand that the Government had an issue that
12  they had for January through March. I think that's gone
13  away at this point, other than I think that one of the other
14  prosecutors may have a trial issue in that period.
15       We're still looking for a trial this year, if
16  possible.
17       The discovery, although it sounds voluminous, we
18  believe based on what we've reviewed so far that the actual
19  amount of relevant evidence in this trial is much, much
20  smaller than the 2.7 million pages that have been -- that is
21  going to be produced to us. We think it's going to be a
22  much smaller fraction. We are confident we can get through
23  the discovery that's going to be produced, but also that the
24  amount of -- the volume is not going to be anything like
25  that. I think it's also somewhat borne out by the fact that

1    the Government said this will be a two-week trial for them
2    and maybe a one-week trial for the other Defendants.
3            So we believe that a December trial would still
4    work with that schedule, and we would be prepared to go to
5    trial this year.
6            THE COURT:  Mr. Parlatore, let me hear from you on
7    that.  How are you feeling about a December trial?
8            MR. PARLATORE:  Generally I have a philosophical
9    difference of opinion on selecting a trial right before the
10   holidays.  I don't generally like doing that because I find
11   that the jurors want to get out of here.  So I usually would
12   push it to January anyway.
13           That being said, in this case, you know, I think
14   that the end of February, beginning of March makes sense,
15   given the other scheduling.
16           I agree that the discovery does seem larger than
17   it actually is, but at the same time I can't just assume
18   that most of it is irrelevant.  We still have to at least do
19   a quick pass through it.
20           THE COURT:  So you're concerned you'd not be ready
21   in December.  Is that what I'm hearing?
22           MR. PARLATORE:  I am concerned a December trial
23   would be a bit hasty.
24           THE COURT:  Okay.  I think at least at this point
25   I need to try and juggle the understandable concerns from a

1  couple Defendants about a speed trial with also
2  Mr. Parlatore's concern about what certainly sounds like
3  very significant discovery.
4             Mr. Parlatore, you'd be ready in January?
5             MR. PARLATORE:  I don't think the Government's
6  available in January.  But, you know, based on where we are
7  right now, I think February is a realistic date for us.
8             THE COURT:  Okay.  Is that correct?
9             MR. WILMOT:  Your Honor, I have a case in front of
10 Judge Moss that's been set for trial to hold for a potential
11 trial January 2 through 17 concerning a defendant who's
12 contesting extradition back to the United States to face
13 indictment.
14            THE COURT:  So you all are free in February?
15            MR. WILMOT:  Yes.  In February, I free up.
16            THE COURT:  February 19th.  Any objection as to
17 February 19th for expecting a three-week trial?
18            MR. ROTHSTEIN:  Nothing from the Government, your
19 Honor.
20            MR. BURCK:  Your Honor, no objection to February
21 19th, assuming that the trial is not severed.
22            We would ask the Court to consider an earlier
23 trial date if the Court decides to sever the trial, and we
24 would be prepared to go first.
25            THE COURT:  Understood.

1              MR. BURCK:  Thank you, your Honor.
2              THE COURT:  Seeing no objections, we're setting
3     trial date for February 19th.  That'll be 9:00 a.m. in
4     Courtroom 2.
5              Let's look for a pretrial conference date.
6     January 31st, 10:00 a.m.  Just raise your hand if you have
7     any objection.
8              Seeing no objection, January 31st, 10:00 a.m., for
9     pretrial conference.
10             So given that, I want to now circle back to the
11    motion to sever.
12             Mr. Parlatore, I'm going to give you three weeks.
13    It's not quite what you were looking for, but as a defense
14    attorney you also I know understand the desire for your
15    Co-Defendants to have a speedy trial.  So I need to try to
16    accommodate that if I'm going to be granting that motion.
17             So any additional motion from you on the motion to
18    sever is due by the 23rd of August.
19             I'm going to give the Government two weeks to
20    respond, so it looks like that is September 6th.
21             And any replies are due by September 13th.
22             Let's set a next status conference.  How about
23    10:00 a.m. on September 23rd?  Any conflicts with September
24    23rd, 10:00 a.m.?
25             MR. ROTHSTEIN:  That's fine with the Government,

1    your Honor.
2            THE COURT:  I just need to see a hand if it does
3    not work.
4            Seeing no hands, we're setting that for September
5    23rd at 10:00 a.m.
6            Mr. Rothstein, do you have a motion?
7            MR. ROTHSTEIN:  Your Honor, I believe that the
8    speedy trial is now tolled as a result of their severance
9    motion.  But we would just ask the Court -- we're making the
10   motion orally that we be permitted in our trial subpoena to
11   put a return date for Next Jump of November 1st to give the
12   parties a sufficient opportunity to review the documents and
13   prepare for trial.
14           THE COURT:  Does anybody want to be heard on that
15   motion?
16           I'm granting that motion.
17           I think Mr. Rothstein is correct that the Speedy
18   Trial Act is tolled.  But anything further from the
19   Government?
20           MR. ROTHSTEIN:  Nothing else from the Government.
21   Thank you.
22           THE COURT:  Mr. Parlatore, anything further for
23   your client?
24           MR. PARLATORE:  Just one small point.
25           I don't think this is going to affect the

```
 1    scheduling at all, but we are considering filing an
 2    additional motion really based on some of the conversations
 3    we've had with the Government and something that was raised
 4    last time regarding Local Rule 57.7 about, you know,
 5    extrajudicial statements that we may want to file a motion
 6    kind of clarifying points on that.
 7              THE COURT:  That's fine.
 8              I intend to set a motions schedule at the next
 9    status conference.  But if you think it's necessary to file
10    something beforehand, I'll certainly consider it.
11              Mr. Burck, anything further for your client?
12              MR. BURCK:  Your Honor, just one issue for Mr. Kim
13    and Ms. Messenger.
14              For their pretrial release, they're released on
15    their recognizance.  They've been checking in regularly with
16    Pretrial.  They've requested with Pretrial that they can
17    just check in by email rather than call, because sometimes
18    they can't reach people when they call.
19              Pretrial apparently has no objection to that, but
20    they said they would need the Court to adjust the terms of
21    their release to allow an email check-in, if that's
22    acceptable to the Court.
23              So again, the reason for it is simply convenience.
24    They've been checking in regularly, but sometimes they just
25    can't reach people.
```

1           THE COURT:  I need you to -- I want to see that
2   from Pretrial.
3           MR. BURCK:  Understood, your Honor.  We'll talk to
4   Pretrial and come back to the Court.
5           THE COURT:  Great.  Thank you.
6           And, Mr. D'Agostino, anything further?
7           MR. D'AGOSTINO:  I also join in that request.
8           THE COURT:  I'm certainly open to that.  I just
9   want to hear something from Pretrial.
10          Thanks, folks.  See you all in September.
11          MR. BURCK:  Thank you, your Honor.
12          (Proceedings concluded.)

**CERTIFICATE**

　　　　　　I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

　　　　　　Dated this 21st day of August, 2024.


　　　　　/s/ Lisa Edwards, RDR, CRR
　　　　　Official Court Reporter
　　　　　United States District Court for the
　　　　　　District of Columbia
　　　　　333 Constitution Avenue, Northwest
　　　　　Washington, D.C. 20001
　　　　　(202) 354-3269