UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America<br><br>v.<br><br>Robert P. Burke, Yongchul "Charlie" Kim, and Meghan Messenger,<br><br>        Defendants. | Case No. 1:24-cr-00265-TNM |

**DEFENDANTS YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S
NOTICE REGARDING A SCHEDULING ORDER**

      Defendants Yongchul "Charlie" Kim and Meghan Messenger jointly give notice in anticipation of the Court's order setting pre-trial motion deadlines. During the August 2, 2024 status conference, the Court set February 19, 2025 as the trial date for all three Defendants, and informed the parties that it would set a motions schedule at the next status conference on September 23, 2024. At the August 2 status conference, Counsel for Defendant Kim requested that the Court consider an earlier trial date for Defendants Kim and Messenger if the Court were to grant their pending joint motion to sever Defendant Robert P. Burke's trial from theirs. The Court acknowledged the request. In light of the possibility of an earlier trial date for Defendants Kim and Messenger, Kim and Messenger respectfully submit this notice for the Court's information as it determines a motions schedule to preview certain potentially dispositive motions they currently intend to file.

      Defendants Kim and Messenger presently intend to file motions to suppress evidence obtained from search warrants executed in this case and to dismiss the two counts of the Indictment charging them with offenses. With respect to the anticipated motion to suppress, Defendants Kim

1

and Messenger expect to present information and argument that the fruits of the search warrants should be suppressed for, among other potential reasons, the intentional omission from the supporting affidavits of material information concerning the credibility of a central witness relied upon to establish probable cause. More specifically, the witness had been previously determined by a state trial court to have committed serious perjury in connection with a divorce and child custody proceeding to which she was a party. On appeal, the perjury determination was affirmed. It is black letter law that the government is obligated to identify for the court any and all information that would tend to cast doubt on the credibility of witnesses relied upon in demonstrating the existence of probable cause to support issuance of the warrant. *See United States v. Glover*, 755 F.3d 811, 817–18 (7th Cir. 2014) ("In this case, the omissions from the affidavit deprived the magistrate of highly relevant information that tends to undermine Doe's credibility and thus the probable cause determination.").

The affidavits at issue in this case are devoid of any reference to the state trial and appellate courts' findings that the witness perjured herself about matters central to that state proceeding. Moreover, this witness is neither minor nor in possession of evidence cumulative of other evidence in the government's case against Kim and Messenger; rather, she was the key witness relied upon by the agent in his affidavits and is very likely the key witness in the government's case at trial. Defendants Kim and Messenger intend to argue that the agent's omission of this material information was not in good faith and undermines the reliability of the information used to establish probable cause before the magistrate court.

With respect to their anticipated motion to dismiss, Defendants Kim and Messenger intend to seek dismissal of both counts against them for, among other potential reasons, failing to state an offense under the federal bribery statute, 18 U.S.C. § 201(b)(1), pursuant to the United States

2

Supreme Court's decision in *McDonnell* v. *United States*, 579 U.S. 550 (2016).  Specifically, the Indictment alleges that Defendant Burke took actions in furtherance of the alleged bribery scheme that, Defendants Kim and Messenger will argue, do not meet the test for "official acts" as set forth by the Supreme Court in *McDonnell* and its progeny.  *See id.* at 574.

In addition to the aforementioned motions to suppress and dismiss, Defendants anticipate moving *in limine* to exclude certain evidence and may seek other relief, for example on *Brady* and *Giglio* grounds, as circumstances warrant.

Respectfully submitted,

DATED August 23, 2024            */s/ William A. Burck*
                                  William A. Burck

| | |
|---|---|
| Steven Alan Metcalf, II | William A. Burck (DC Bar No.: 979677) |
| METCALF & METCALF, P.C. | Avi Perry (DC Bar No.: 90023480) |
| 99 Park Avenue, 6th Floor | Rachel G. Frank (DC Bar No.: 1659649) |
| New York, NY 10016 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Tel: (646) 253-0514 | 1300 I Street NW, Suite 900 |
| Fax: (646) 219-2012 | Washington, D.C.  20005 |
| fedcases@metcalflawnyc.com | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| Rocco F. D'Agostino (*pro hac vice*) | williamburck@quinnemanuel.com |
| 445 Hamilton Ave., Suite 605 | aviperry@quinnemanuel.com |
| White Plains, NY 10601 | rachelfrank@quinnemanuel.com |
| Tel: (914) 682-1993 | |
| | Christopher Clore (*pro hac vice*) |
| *Counsel for Defendant Meghan Messenger* | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 51 Madison Ave, 22nd Floor |
| | New York, NY 10010 |
| | Tel: (212) 849-7000 |
| | Fax: (212) 849-8100 |
| | christopherclore@quinnemanuel.com |
| | |
| | *Counsel for Defendant Yongchul "Charlie" Kim* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Notice was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                               /s/ *William A. Burck*
                                          William A. Burck (DC Bar No.: 979677)

Dated: August 23, 2024