## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

--------------------------------------------X

UNITED STATES OF AMERICA

    -against-                        Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.

--------------------------------------------X

### DEFENDANT ROBERT BURKE'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE

Defendant Admiral Robert P. Burke, through his counsel, submits this Reply Memorandum in Support of the Motion to Sever.

The Government's Response contains an extensive statement of facts, much of which presents a misleading narrative through oversimplification, lack of context, and reliance upon a known perjurer. Notably, while the Government's narrative relies heavily on the uncorroborated eyewitness testimony of "Person-3," the Government has declined to address the fact that this individual is a known perjurer who has been found by other Courts to have lied to try to maliciously hurt her ex-husband, just as she is lying here to maliciously hurt her ex-boyfriend. The Government's notable failure to address this fatal flaw in their case renders their entire factual allegations section suspect.

Beyond their misleading factual theory, the Government devotes a scant 3 ½ pages to addressing Defendant's argument about irreconcilable defenses. The Government argues, without elaboration, that Defendants do not have mutually antagonistic defenses while primarily relying on the fact that there haven't been any reported cases from this circuit where severance has been granted on this basis. However, the fact that there have not been any reported cases from this Circuit that meet the standard cannot substitute for a fact-specific examination of whether this case meets the standard.

In Defendant Burke's moving papers, we noted that co-defendant's "moving papers fail to even address whether they intend to contest the Government's theory of a *quid pro quo*." The Government apparently read their own meaning into co-defendants' papers, falsely claiming that "defendants all claim that there was never a quid pro quo—in other words they all advance the same ultimate defense." However, in co-defendant's Reply, they now confirm what was left vague in their moving papers, that they intend to argue that there was a *quid pro quo*, but that "they lacked the culpable mental state…because Burke assured them that they were not defense contractors." Setting aside the ridiculousness of co-defendants' intended defense, it is unavoidable that these are irreconcilably contradictory theories of the core issue in this case.

As to the "second prosecutor" doctrine, the Government relies on the fact that no Courts in this Circuit have adopted the doctrine yet for the proposition that this Court should not consider it. While it is true that no Court has adopted it, it is equally true that no Court has rejected it. The Court in *United States v. Wright*, 783 F.2d 1091 (D.C.Cir. 1986) certainly acknowledged the doctrine and performed a factual analysis to find that it was not factually supported in that case, but declined to reject the doctrine as inapplicable in this Circuit.

In this case, the Defendants are being very explicit with the Court as to how our respective defenses are irreconcilable, as well as how each of us intend to exonerate our clients by trying to convict the co-defendant. The Government fails to address these issues and instead tries to minimize the respective defenses in a way that would allow a joint trial to go forward. But a joint trial in this case sets up the near certainty that any conviction will be overturned on appeal.

The Government claims that Defendants are "not entitled to severance merely because [they] may have a better chance at acquittal." Opp p. 28, *quoting Zafiro v. United States,* 506 U.S. 534, 540 (1993).  But the reverse is also true that the Government cannot simply ignore conflicting and irreconcilable defenses merely because they may have a better chance at conviction with a joint trial.  In fact, the standard in this circuit is the opposite, that "The denial of a severance motion generally constitutes an abuse of discretion when the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Tarantino*, 846 F.2d 1384, 1399 ( D.C. Cir. 1988).

WHEREFORE, Defendant Burke respectfully submits that this Court should sever his case from that of his co-defendants, together with such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Timothy C. Parlatore

Timothy C. Parlatore
Parlatore Law Group, LLP
*Counsel for Admiral Robert P. Burke*
260 Madison Avenue, 17th Floor
New York, NY 10016


/s/ Antoinette O'Neill

Antoinette O'Neill
Parlatore Law Group, LLP