UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE

The United States of America respectfully moves *in limine* for a pre-trial order finding authentic the following: (1) self-authenticating forensically extracted data from four phones pursuant to Federal Rule of Evidence (FRE) 902(14); and (2) self-authenticating business records and documents pursuant to FRE 902(1), (11), and (13).

In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

## ISSUES AND ANALYSIS

To authenticate a document, such as an email or other record, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The threshold for authenticity is "not high," nor is the proponent required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (citations and quotation marks omitted); *see also United States v. Safavian*, 435 F. Supp.2d 36, 39 (D.D.C. 2006) ("The Court need not find that the emails are necessarily what the proponent claims, only that there is evidence sufficient for the jury to make such a finding.") (citation omitted). The authenticity of this evidence that the Government intends to introduce can be readily established

by testimony of a law enforcement agent with knowledge of the collection process. *See Braswell v. United States*, 487 U.S. 99, 119 (1988) (explaining that the Government may authenticate records through testimony "establishing that the corporation produced the records subpoenaed" and the "jury may draw from the corporation's act of production the conclusion that the records in question are authentic" and "produced in response to the subpoena."). Evidence may also be self-authenticating, requiring no extrinsic evidence of authenticity. *See* Federal Rule of Evidence 902.

**(1) Electronic Evidence Extracted From Cell Phones Obtained During the Course of the Investigation are Properly Pre-Authenticated**

The Government anticipates introducing in its case-in-chief certain relevant digital evidence, such as SMS/MMS messages and contact information, extracted from four phones obtained during the course of the Government's investigation. This includes information obtained from one phone belonging to a Government witness, "D.C", which was voluntarily provided to the Government. This phone extraction was performed by Computer Forensics Special Agent ("CFSA") Zurich Shanahan, who works for the Defense Criminal Investigative Services. The relevant digital evidence also includes information obtained from one phone belonging to co-conspirator Yongchul Charlie Kim ("Kim"), one phone belonging to co-conspirator Kim Messenger ("Messenger"), and one phone belonging to the Defendant, all of which were seized pursuant to a search warrant. These phone extractions were performed by Digital Forensic Examiner Emily Sleeth, who works for the Federal Bureau of Investigation. The Government thus formally notifies the Defendant of its intention to offer evidence pursuant to Fed. R. Evid. 902(14) during its case-in-chief and seeks a pre-trial ruling as to the self-authentication of this digital evidence that was extracted from the four phones described above.[1] This Rule of Evidence

---

[1] If this motion is not granted, the Government may need to call two additional witnesses to testify regarding the process through which information from the relevant phones were retrieved and/or

provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> […]
>
> (14) Certified Data Copied from an Electronic Device, Storage Medium, or File. Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(14).

The communications extracted from the four phones were previously provided to defense in discovery. CFSA Shanahan and Examiner Sleeth, who extracted and imaged the phones, each executed a certification satisfying Fed. R. Evid. 902, both of which are attached as Exhibit A. CFSA Shanahan's and Examiner Sleeth's curriculum vitaes have been provided to the defense under separate cover. The certifications further set forth the examiner's qualifications and explain that they copied the information on the phones using Cellebrite and/or GrayKey, common and widely accepted cell phone forensic tools, which are a system or process that produces an accurate result—the verified extraction of records from a cell phone. The certifications further confirm that this forensic copying process resulted in an accurate copy of the information contained on the devices.

The authenticity of this evidence that the Government intends to introduce is readily

---

copied. The witnesses would not be expected to provide expert opinion testimony but may nonetheless be noticed as an expert for their testimony regarding the processes by which the electronic evidence was obtained. Similarly, the witnesses may be needed to rebut any defense arguments regarding the reliability of the admitted evidence. If called, the Government expects both CFSA Shanahan and Examiner Sleeth to testify consistent with their executed certifications, which are attached hereto as Exhibit A.

established through the use of the Fed. R. Evid. 902 certificates. *See, e.g.*, *United States v. Carter*, No. 21-CR-681- 01-02-03 (NSR), 2024 U.S. Dist. LEXIS 12770, at *6-7, *10-11 (S.D.N.Y. Jan. 24, 2024) (finding certification from FBI agent who decrypted phone records satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)); *United States v. Nishida*, No. 20-10238, 2021 U.S. App. LEXIS 22100, at *4-5 (9th Cir. July 26, 2021) (affirming admission of texts extracted from defendant's phone that were authenticated "under the self-authentication procedure outlined in Federal Rules of Evidence 902(11) and 902(14) based on the certification from a technician"); *United States v. Anderson*, 563 F. Supp. 3d 691, 696 (E.D. Mich. 2021) (finding certification for data extracted from a cellphone using Cellebrite satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)).

Here, the certifications appropriately authenticate the digital information extracted from D.C.'s, Kim's, Messenger's, and the Defendant's mobile devices because they comply with the dictates of the rule, and further the judicial efficiency purposes of Fed. R. Evid. 902; they easily meet the minimal requirements for authenticating certain pieces of digital evidence. Furthermore, at trial, the Government will present testimony from members of the case team who reviewed the extraction and identified specific relevant records. The Government will then seek to admit those relevant records at trial, but not the certifications themselves. Accordingly, the Government requests a pretrial ruling that its proposed certifications attached hereto as Attachment A meet the requirements of Fed. R. Evid. 902.[2]

---

[2] Nothing about such a pretrial ruling regarding the method of authentication would prevent the defense from lodging or the Court from entertaining other objections to the admissibility of digital exhibits during trial, such as those based on relevance.

**(2) Self-Authenticating Business Records Are Admissible Pursuant to FRE 902.**

Second, the Government intends to admit certain self-authenticating business records during its case-in-chief. The Federal Rules of Evidence allow for business records to be admitted in evidence at trial without a custodian of records testifying to their authenticity. *See* Fed. R. Evid. 902(11). The same is true for certified records generated by an electronic process or system. *See* Fed. R. Evid. 902(13).[3] Therefore, this pleading formally provides notice of its intent to use declarations pursuant to Fed. R. Evid. 902(11) and (13), and seeks a pretrial ruling as to the authenticity of those declarations.[4] The relevant records and declarations of authenticity were previously provided in discovery, and the declarations are also attached hereto as Attachment B. Specifically, the Government's trial exhibits may include specific records and documents from the following entities, consistent with the identified rule:

- Google, Inc. (Fed. R. Evid. 902(11), (13)) – Messenger's and Kim's email search warrant returns

- Microsoft, Inc. (Fed. R. Evid. 902(11), (13)) – Defendant's email search warrant returns

- American Express (Fed. R. Evid. 902(11)) – Kim's credit card records

---

[3] This Court may also find records authentic that do not fall squarely into of these rules. *See* Fed. R. Evid. 104(a) (preliminary questions concerning the admissibility of evidence shall be determined by the Court, and that in making such determinations courts are "not bound by the rules of evidence" (except those with respect to privileges)).

[4] Here, as the rules allow, the Government intends to admit the certified records themselves and not the declarations. And, regardless of the manner in which it was authenticated, ultimately questions about the authenticity of evidence go to the weight the jury should give the evidence not its admissibility. *See Hassanshahi*, 195 F. Supp. 3d at 48 ("The ultimate resolution of the evidence's authenticity is reserved for the jury.").

- Navy Federal Credit Union (Fed. R. Evid. 902(11)) – Defendant's and his wife's banking records

- J.P. Morgan Chase Bank (Fed. R. Evid. 902(11)) – Defendant's credit card records

- HSBC Bank (Fed. R. Evid. 902(11)) – Next Jump's banking records

- Belga Café (Fed. R. Evid. 902(11)) – Restaurant receipt

As relevant to the business records described above, it is well-established that such documents can also be readily authenticated through the use of certifications complying with Fed. R. Evid. 902. *United States v. Foster*, No. 1:20-cr-186, 2024 U.S. Dist. LEXIS 8123, at *5-9 (N.D. Ohio Jan. 17, 2024) (finding records self-authenticating under Federal Rules of Evidence 902(11) and 902(13) where accompanied by certifications "signed by a custodian of the record" that "provide that the records were made at or near the time of each act, that they were made as a regular practice, and that the records were kept in the course of regularly conducted business activity"); *see also United States v. Edwards*, No. 11-129-1, 2012 U.S. Dist. LEXIS 163044, at *7 (D.D.C. Nov. 15, 2012) (finding business records self-authenticating where supported by certification of records custodian and holding that "[a]t least five separate Circuits have held that certifications used pursuant to Federal Rule of Evidence 902(11) to authenticate business records are not testimonial and can be used to lay a foundation for the admissibility of business records under Rule 803(6). The certifications merely establish the procedures through which the underlying records were made. The business records—not the certifications—are used to establish facts against the defendant at trial.").

Each of the above-detailed business record certifications comply with the dictates and furthers the judicial efficiency purposes of Fed. R. Evid. 902, and easily meet the minimal requirements for authenticating certain pieces of evidence. Accordingly, the Government requests

a pretrial ruling as to the authenticity of these records.

## **CONCLUSION**

To ensure a smooth trial, to make efficient use of the jury's time, and to determine prior to trial what, if any, live witnesses the government must call solely for the purpose of authenticating certain evidence, the government hereby asks that the Court grant its motion *in limine*.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052


By:    */s/ Rebecca G. Ross*

        Rebecca G. Ross
        Assistant United States Attorneys
        601 D Street N.W.
        Washington, DC 20530

        Trevor Wilmot
        Kathryn E. Fifield
        Trial Attorneys
        1301 New York Ave. NW
        Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

Rebecca G. Ross, attorney for the United States, hereby certifies that a true and correct copy of this motion has been electronically served on attorney for the defendant.

                                                          */s/ Rebecca G. Ross*
                                                          Rebecca G. Ross