UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-----------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                  Case No.: 1:24-cr-00265-TNM

ROBERT BURKE, et. al.
-----------------------------------------------X

## DEFENDANT ROBERT BURKE'S MOTION IN LIMINE

Defendant Admiral Robert P. Burke, by and through undersigned counsel, hereby moves this Court *in limine* to for an order restricting the Government's presentation to the specific allegations in the indictment.

## INTRODUCTION

The case at bar involves an allegation of bribery, in which Defendant Burke was allegedly offered a $500,000/year job in exchange for getting Company A a $350,000 contract with the Navy. The indictment contains multiple counts, all revolving around this alleged *quid pro quo* and the alleged concealment thereof.

Aside from the nonsensical math of offering a $500,000 job as a bribe to obtain a $350,000 contract, this allegation rests largely on conjecture and speculation with the only direct evidence provided is the deeply problematic testimony of Person-3, a woman with a history of making false accusations against former lovers, perjury, professional misconduct, and bias.

While it may be true that the executives at Company A hoped that this contract for a pilot program would have expanded into a much larger and more lucrative contractual relationship with the Navy, any reasonable person would have realized that these hopes were not realistic when the pilot program was cancelled under Admiral Burke's watch.

Notwithstanding the very distinct and focused nature of the alleged *quid pro quo*, the indictment and the discovery go vastly beyond what is relevant to this charge. It appears that in the absence of credible evidence of this *quid pro quo*, the Government may attempt to rely on improper inferences through the listing in the indictment of several non-official acts (Indictment ¶45) and incidents during his post-service employment with Company A.

However, despite the avalanche of marginally relevant or irrelevant discovery, the allegations of criminality by Admiral Burke are narrow and the presentation should likewise be narrowly tailored.

Defendant is at somewhat of a disadvantage, as he does not know what, if any, specific additional evidence the Government intends to introduce, but can only guess given the millions of pages of documents turned over in discovery. The Government has only given 404(b) notice of some communications where Burke attempts to hide his past romantic involvement with Person-3 before having any knowledge of any criminal allegations.

## ARGUMENT

### I. Exclusion of Evidence Related to Co-Defendants' Conduct

The indictment and the Government's response to the motions to sever indicate that the prosecution may attempt to introduce evidence related to the conduct of co-defendants Yongchul "Charlie" Kim and Meghan Messenger. Given that severance has been granted, and Mr. Burke is being tried separately, any evidence pertaining solely to the actions or statements of Kim and Messenger should be excluded. Such evidence is irrelevant to the charges against Admiral Burke and would only serve to confuse the jury. The DC Circuit in *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988), emphasized the importance of excluding evidence that does not directly pertain to the defendant on trial.

### II. Limitation on Evidence of Alleged Conspiracy

The Government's filings suggest an intention to present evidence of an alleged conspiracy involving Mr. Burke and others. However, the evidence must be directly linked to Admiral Burke's actions and knowledge. In *United States v. Gatling*, 96 F.3d 1511 (D.C. Cir. 1996), the court held that conspiracy evidence must be scrutinized to ensure it demonstrates the defendant's knowing participation. Any evidence that merely suggests association or acquaintance with co-defendants, without more, should be excluded as it lacks probative value and risks unfair prejudice.

### III. Exclusion of Speculative Testimony Regarding Intent

The Government's response outlines a narrative suggesting Admiral Burke's intent to engage in a quid pro quo arrangement. Testimony regarding Mr. Burke's intent must be based on concrete evidence rather than speculation. The DC Circuit in *United States v. Williams*, 827 F.3d 1134 (D.C. Cir. 2016), ruled that speculative testimony undermines the integrity of the judicial process. Witnesses should be limited to testifying about facts within their personal knowledge, and any speculative assertions about Admiral Burke's state of mind should be excluded.

### IV. Restriction on Use of Character Evidence

The Government may seek to introduce character evidence to suggest that Admiral Burke acted in conformity with a particular character trait. Such evidence is inadmissible under Federal Rule of Evidence 404(a) unless the defense opens the door. In *United States v. Watson*, 171 F.3d 695 (D.C. Cir. 1999), the court highlighted the limited circumstances under which character evidence may be introduced. The court should preclude any attempt by the Government to introduce character evidence unless it is directly relevant to the charges and not merely to suggest propensity.

### VI. Exclusion of Non-Official Acts (Paragraph 45)

The Government's filings reference non-official acts outlined in paragraph 45 of the indictment, which describe Admiral Burke's actions that are not directly related to his official duties. Such acts are irrelevant to the charges of conspiracy and bribery, which focus on Admiral Burke's official conduct. The DC Circuit in *United States v. Long*, 328 F.3d 655 (D.C. Cir. 2003), held that evidence of non-official acts should be excluded unless it has a direct bearing on the charges. As argued in the separate Motion to Dismiss, this paragraph outlines acts which should be stricken from the indictment. Introducing this evidence would only serve to prejudice the jury by suggesting improper character inferences.

### VII. 404(b) Evidence and Lack of Notice

The Government's anticipated introduction of evidence related to prior bad acts or other crimes, wrongs, or acts not charged in the indictment may constitute 404(b) evidence. Federal Rule of Evidence 404(b) requires the Government to provide reasonable notice of its intent to use such evidence. In *United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1998), the court underscored the necessity of providing notice to allow the defense to prepare an adequate response.

The only 404(b) notice that the Government has provided in this case is their intent to introduce evidence that Defendant Burke attempted to hide his romantic relationship with Person-3. The Government has failed to provide the required notice, and therefore, any 404(b) evidence should be excluded from trial.

### CONCLUSION

Despite the lengthy indictment and voluminous discovery, the charges in this case involve a very simple transaction, whether Burke agreed to a *quid pro quo* where he would grant a $350,000 contract to Company A in exchange for a $500,000/year job and whether he then took

steps to conceal this unlawful agreement. The Government should be restricted in its presentation of evidence to these distinct transactions.

                    Respectfully submitted,

                    Timothy C. Parlatore, Esq.
                    Parlatore Law Group, LLP
                    *Counsel for Admiral Burke*
                    260 Madison Avenue, 17th Floor
                    New York, New York 10016