UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (1) (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO
### DEFENDANT'S NOTICE OF EXPERT WITNESS

The United States of America, by and through its undersigned counsel, files this opposition to Defendant Robert P. Burke's Notice of Expert Witness, ECF No. 74. Burke's expert disclosure fails to meet any of the requirements set forth in Federal Rule of Criminal Procedure 16(b)(3)(C). This failure deprives the Government of a fair opportunity to respond to such testimony at trial and should be fatal to Burke's ability to call an expert witness. Moreover, expert testimony concerning government contracting procedures is irrelevant to the question of whether Burke performed an official act sufficient to convict him of bribery under 18 U.S.C. § 201.

### PROCEDURAL HISTORY

On September 23, 2024, the Court set a November 22, 2024, deadline for the parties to make any expert disclosures. (Minute Entry). The deadline was subsequently extended to November 29, 2024, at which time Burke filed his Notice of Expert Witness. In the one-page notice, Burke stated that he may call one of two unidentified experts "on the subject of government contracting procedures, particularly within the U.S. Navy." (ECF No. 74). Burke claimed that he was unable to provide any additional disclosure because he "know[s] very little about how the Government intends to prove" the allegation that he ordered a contract for Company A. *See id*. He further claimed that he would not be able to make such a determination until after the

Government responded to Burke's motion to dismiss, in which Burke argued, in part, that he did not possess the authority to order a contract despite being a four-star Admiral. *See id.*; *see also* ECF No. 71 at 3-6.

## **LEGAL STANDARDS**

Federal Rule of Criminal Procedure 16(b)(3)(C) sets forth the defendant's disclosure obligations with respect to expert witnesses. Subparagraph (ii) authorizes the Court to establish a deadline for such disclosure, and "[t]he time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Cr. P.. 16(b)(3)(C)(ii). Subsection (iii) of Rule 16(b)(3)(C) details the contents of the disclosure, which "must contain: a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous ten years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Cr. P. 16(b)(3)(C)(iii). The defendant's expert witness generally must sign the disclosure. *See* Fed. R. Cr. P. 16(b)(3)(C)(v).

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "it has any tendency to make a fact more or less probable," where the fact is "of consequence in determining the action." Fed. R. Evid. 401.

Rule 403 of the Federal Rules of Evidence provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**ARGUMENT**

Despite knowing for approximately two months that he would have to make an expert disclosure, Burke's notice fails to comply with any of the requirements set forth in Rule 16(b)(3)(C). The bare bones disclosure merely states that one of two unnamed witnesses may testify "on the subject of government contracting procedures." (ECF No. 74). Burke makes no attempt to provide a complete statement of the witness's opinions, or the bases for those opinions, or the witness's qualifications or the witness's prior testimony. *See* Fed. R. Cr. P. 16(b)(3)(C)(iii). This failure is puzzling because: *one*, Burke claims he already identified two potential witnesses and, *two*, Burke discussed government contracting procedures at length in his motion to dismiss. (*Compare* ECF No. 74 *with* ECF No. 71 at 3-6 (motion to dismiss)). Due to this procedural default, this Court should preclude Burke from calling an expert witness at trial. *See United States v. Slough*, 51 F. Supp. 3d 1, 8-9 (D.D.C. 2014) (precluding defense witnesses from testifying under Rule 16 based on insufficient expert disclosures).

Burke attempts to shift responsibility to the Government for his insufficient disclosure. Specifically, Burke claims he cannot decide on an expert because he does not know how the Government intends to prove that he "approved, or ordered the approval of a contract for Company A." (ECF No. 74). This argument rings hollow. First, Burke's claim misses the point of Rule 16, which is "to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Cr. P. 16(b)(3)(C)(ii). Applying this principle, the appropriate course of action was for Burke to properly and completely notice an expert in the event that he would testify at trial, and not to suggest that he will decide at some point down the road, in disregard of Court's deadline and Rule 16.

3

Second, there is no mystery about how the Government intends to prove Burke's official act. The Government's discovery and its court filings show, and the Government will present evidence at trial, that in December 2021, Burke ordered his subordinates to give a contract to Company A. There is grand jury testimony, witness statements, and contemporaneous emails to this effect. Burke even admitted to agents in a recorded interview that he ordered the contract.

Finally, expert testimony concerning government contracting procedures is irrelevant in the context framed by Burke. For example, Burke describes numerous contracting authorities and procedures in his motion to dismiss, including an alphabet soup of federal acquisition guidelines. *See* ECF No. 71 at 3-6. Burke fails, however, to draw any connection to those authorities and the Office of Personnel Management, which was the contracting vehicle used by Burke's command in this case. *See* ECF No. 1 at ¶¶ 5-6, 41-43. In any case, testimony concerning the minutiae of federal procurement will not assist the jury in determining whether Burke performed an official act for purposes of 18 U.S.C. § 201 – that is, whether he exercised his government power in a specific and focused way on a matter that was before him. *See* Fed. R. Evid. 401; *McDonnell v. United States*, 136 S. Ct. 2355, 2371-74 (2016) (defining "official act"). Against this lack of probative value, Burke's proffered expert testimony is substantially outweighed by concerns of delay and misleading and confusing the jury on the issues. *See* Fed. R. Evid. 403.

**CONCLUSION**

As shown above, the Court should preclude Burke from calling an expert witness at trial.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar No. 481052 | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| By    /s/<br>Rebecca G. Ross<br>Assistant United States Attorney<br>601 D Street N.W.<br>Washington, DC 20530<br>Office: (202) 252-4490 | /s/<br>Trevor Wilmot<br>Kathryn E. Fifield<br>Trial Attorneys<br>1301 New York Ave. NW<br>Washington, D.C. 20530<br>Office: (202) 514-1412 |

## CERTIFICATE OF SERVICE

Undersigned counsel served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated:   December 20, 2024.

/S/ TREVOR WILMOT
*Trial Attorney*
*U.S. Department of Justice*