**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

---------------------------------------------X
UNITED STATES OF AMERICA

   -against-	Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.
---------------------------------------------X

**DEFENDANT ROBERT BURKE'S REPLY IN SUPPORT OF MOTION TO ADJOURN TRIAL DATE**

Defendant Robert P. Burke, through counsel, submits this reply in support of his motion to adjourn the trial date to May 6, 2025. The United States opposes this motion, arguing that the current schedule provides sufficient time for preparation. However, the volume and complexity of the discovery materials necessitate additional time for thorough review and preparation.

In their Response, the Government claims that Defendant "has had more than enough time to review the discovery in this case."  This assertion defies logic as discovery in this case comprises 910,703 documents totaling 2,620,683 pages. This volume is substantial and requires meticulous review to ensure a comprehensive defense. Assuming an average review speed of 50 pages per hour, which accounts for the complexity and need for detailed analysis, the total review time would be approximately 52,414 hours. With a defense team consisting of two attorneys and one paralegal, each dedicating 8 hours per day solely to document review, the team can collectively review 1,200 pages per day (400 pages per person per day). At this rate, it would take approximately 2,184 days to complete the review, far exceeding the time available before the current trial date.

The Government claims that the discovery is organized and accompanied by a detailed log, but this again does not match the reality.  The discovery in this case is one of

1

the most disorganized masses that undersigned counsel has ever encountered. The Government has produced many documents in duplicate form, often with several different identical copies. Perhaps, had the Government only provided a single copy of each document, the volume would have been much more manageable. While document review software aids in organizing and searching documents, it does not replace the need for human analysis, especially in identifying nuanced legal and factual issues.

In an effort to avoid this motion, Defendant attempted to discuss the matter with the Government to get a pared down list of what documents the Government could potentially introduce. However, the Government has refused all requests to narrow the issues. Similarly, the Government has refused to narrow their list of potential witnesses.

The Government argues that its preparations for trial would be prejudiced by an adjournment. However, the Government's preparations do not constitute prejudice in the legal sense. Prejudice must be substantial and material, affecting the fairness of the trial process. The Government's logistical arrangements, such as issuing subpoenas and arranging witness travel, are routine aspects of trial preparation and can be adjusted without undue hardship. The primary concern should be ensuring a fair trial, which includes allowing the defense adequate time to review discovery and prepare. The inconvenience of rescheduling airplane tickets does not take precedence over the Defendant's right to a fair trial. The requested adjournment serves the interests of justice by allowing the defense sufficient time to prepare, ensuring a fair trial.

The Government's opposition overlooks the practical realities of reviewing such extensive discovery within the current timeframe. The Sixth Amendment guarantees the right to effective assistance of counsel, which includes adequate time for preparation. The current schedule undermines this right given the discovery's volume and complexity.

Courts have recognized that extensive discovery justifies trial adjournments to ensure adequate preparation.

WHEREFORE, Defendant Robert Burke respectfully requests that this Court adjourn the trial date to May 6, 2025.

                                              Respectfully submitted,

                                              Timothy C. Parlatore
                                              Parlatore Law Group, LLP
                                              Counsel for Admiral Robert P. Burke
                                              260 Madison Avenue, 17th Floor
                                              New York, NY 10016