1                     IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA
2

3       United States of America,        )
                                         ) Criminal Action
4                       Plaintiff,       ) No. 24-cr-265
                                         )
5       vs.                              ) STATUS CONFERENCE
                                         )
6       Robert P. Burke,                 ) Washington, DC
        Yongchul Charlie Kim,            ) January 15, 2025
7       Meghan Messenger,                ) Time:  10:02 a.m.
                                         )
8                       Defendants.      )
        _____
9
                       TRANSCRIPT OF STATUS CONFERENCE
10                            HELD BEFORE
                  THE HONORABLE JUDGE TIMOTHY N. McFADDEN
11                     UNITED STATES DISTRICT JUDGE
        _____
12
                          A P P E A R A N C E S
13
        For Plaintiff:        Rebecca G. Ross
14                            UNITED STATES ATTORNEY'S OFFICE
                              610 D Street NW
15                            Washington, DC 20530
                              (202) 252-6937
16                            Email:  Rebecca.Ross2@usdoj.gov

17                            Kathryn E. Fifield
                              Trevor C. Wilmot
18                            DOJ-CRM
                              1301 New York Ave. NW
19                            Suite 1000
                              Washington, DC 20530
20                            (202) 514-1412
                              Email:  Kathryn.fifield@usdoj.gov
21                            Email:  Trevor.wilmot@usdoj.gov

22      For Defendants
          Burke:             Timothy Parlatore
23                            PARLATORE LAW GROUP LLP
                              260 Madison Avenue
24                            17th Floor
                              New York, NY 10016
25                            (212) 679-6312
                              Email: Timothy.parlatore@parlatorelawgroup.com

```
1      Burke:              Antoinette Quinn O'Neill
                           PARLATORE LAW GROUP
2                          15411 W. Waddell Road
                           Suite 102 #1048
3                          Surprise, AZ 85379
                           (202) 871-7480
4                          Email: Toni.oneill@parlatorelawgroup.com

5      Kim:                William A. Burck
                           QUINN EMANUEL URQUHART & SULLIVAN, LLP
6                          1300 I Street, NW
                           Suite 900
7                          Washington, DC 20005
                           (202) 538-8000
8                          Email: Williamburck@quinnemanuel.com

9      Messenger:          Rocco F D'Agostino
                           ROCCO F. D'AGOSTINO, ESQ.
10                         445 Hamilton Ave Ste 605
                           Suite 605
11                         White Plains, NY 10601
                           914-907-8251
12                         Email: Rdagost463@aol.com

13     _____

14     Court Reporter:           Janice E. Dickman, RMR, CRR, CRC
                                 Official Court Reporter
15                               United States Courthouse, Room 6523
                                 333 Constitution Avenue, NW
16                               Washington, DC  20001
                                 202-354-3267

17

18

19

20

21

22

23

24

25
```

```
 1        *  *  *  *  *  *  *P R O C E E D I N G S*  *  *  *  *  *  *I

 2              THE COURTROOM DEPUTY:  Your Honor, this is criminal

 3    case 24-264-1, United States of America versus Robert P. Burke.

 4              Counsel, please come forward to identify yourself for

 5    the record, starting with the government.

 6              MS. ROSS:  Good morning, Your Honor.  Rebecca Ross,

 7    Trevor Wilmot, and Kate Fifield on behalf of the United States.

 8              THE COURT:  Good morning, folks.

 9              MR. PARLATORE:  Good morning.  Tim Parlatore, along

10    with Antoinette O'Neill for Admiral Burke.

11              THE COURT:  Good morning, Mr. Parlatore.  Good

12    morning, ma'am.  Good morning, Mr. Burke.

13              MR. BURCK:  Good morning, Your Honor.  William Burck,

14    from Quinn Emanuel, for defendant Mr. Kim.

15              THE COURT:  Good morning, Mr. Burck.  Good morning,

16    Mr. Kim.

17              MR. D'AGOSTINO:  Good morning, Your Honor.  Rocco

18    D'Agostino for defendant Messenger.

19              THE COURT:  Good morning, Mr. D'Agostino.  Good

20    morning, Ms. Messenger.  Appreciate you all being here.  You

21    didn't need to be here, but you're certainly welcome to be

22    here, but I think the immediate issue is with defendant Burke.

23              All right.  Mr. Parlatore, I'll hear from you.

24              MR. PARLATORE:  Good morning, Your Honor.  As we

25    stated in our motion, we're asking for an adjournment of the
```

1    trial date because the sheer volume of discovery in this case

2    has made, you know, our ability to be prepared by the current

3    trial date at the end of February extraordinarily difficult, if

4    not impossible.

5            We have over 2 million pages of discovery, a lot of

6    which the metadata has been stripped out of, so we have not

7    been able to effectively, you know, use electronic tools to be

8    able to go through.  A lot of these things are duplicates.

9    There are, in some cases, up to 30 copies of the same email.

10   We have asked if we could get a, you know, pared-down, like,

11   list of what exhibits the government intends to introduce.

12           We've asked for a pared-down witness list from the

13   government that would help us to better prepare.  We have not

14   been able to get either from the government and, so, at this

15   stage just our ability to get through the discovery and be able

16   to effectively represent our client on such a short time period

17   is something that is just temporally impossible, Your Honor.

18           THE COURT:  So, Mr. Parlatore, maybe you can share

19   with me what's changed since we set the trial date, back -- was

20   that back in August?  I mean, I haven't heard from the

21   government, obviously, but their opposition suggests that the

22   bulk of this discovery went over a number of months ago.  So I

23   guess I'm surprised to be hearing now that this is not a

24   realistic trial date.

25           MR. PARLATORE:  Your Honor, first of all, as you may

1    recall, during the severance litigation, the early trial date

2    was one that was requested by Mr. Kim and Ms. Messenger and

3    then the defendant asked for the trial dates to be swapped, for

4    Admiral Burke to go first.

5            THE COURT:  I think we had already set the trial

6    date.

7            MR. PARLATORE:  Correct.  You had set the trial date

8    at that time based on that and we were going to try and go

9    through the discovery.  We had some of the discovery at the

10   time, we've since gotten a lot more.  And then just being able

11   to, you know, go through it.  And there's a lot of things that

12   appear to be missing in the discovery, too.  Although, again,

13   it's difficult to tell just by -- because of the sheer volume.

14   It does not appear that we've gotten any of the materials from

15   Admiral Burke's phone.

16           Additionally, in reading through the discovery, it

17   appears there's additional *Brady* and *Giglio* material related to

18   the main government witness that has not been introduced, and

19   we've annotated that in our papers as well, where it appears

20   that she may have testified at a prior -- something called an

21   Article 32 hearing, which is the military's equivalent of a

22   grand jury proceeding, where she was deemed not credible there.

23   We don't have any of the documents related to that yet.  And

24   Admiral Burke's phoned also contains, we believe, *Brady*

25   materials in it that has, you know, screenshots of

1    communications with this witness, that this witness then

2    deleted before giving the conversations to the government.

3              But, again, with 2 million pages of discovery to go

4    through -- I'm not here pounding the table saying I don't have

5    it because it may be buried in the massive mountain, you know,

6    that we now have.  You know, we had expected it to be in a form

7    that was going to be a little bit more easily usable.  Had they

8    de-duplicated -- again, we have several emails where we have 30

9    copies of the same email.

10             So if this were presented in a forum where there

11   weren't all the duplicates, where all the metadata was intact,

12   instead of stripped out, then this would be a much easier hill

13   to climb.  But because of the nature of the way that the

14   discovery was produced, it makes it a much more difficult

15   thing.  And that's why, you know, when, in December, we were

16   going through this stuff and came to the final point of saying,

17   okay, this is going to be very difficult to get done by that

18   time, that's when we made the motion to Your Honor.

19             THE COURT:  All right.  I guess, again, you refer

20   back to 2 million documents.  When did you get these 2 million

21   documents?

22             MR. PARLATORE:  It was a rolling discovery.  We got

23   some -- and I forget the exact dates that we received all of

24   it, but we've received it over the course of several months.

25             THE COURT:  Okay.  All right.  Thank you, sir.  I'll

1    hear from the government.  Ms. Ross?

2              MS. ROSS:  Your Honor, this is the first that the

3    government is hearing of some of defense counsel's complaints.

4    And, quite frankly, they're completely unfounded.  We have

5    turned over everything in our possession, custody, and control

6    relating to the evidence with the exception of a discovery

7    production that we are making on Friday.  That discovery --

8              THE COURT:  How big will that be?

9              MS. ROSS:  That will be a large discovery production.

10   Part of that production will already have materials that

11   defense counsel already has.  That will include all responses

12   that we have received pursuant to the trial subpoena to Next

13   Jump, which defense counsel already has, as well as productions

14   that we have made via email in accordance with our discovery

15   productions in an attempt to get it out as soon as possible.

16             I can explain the rest of that production, if

17   Your Honor will allow me to approach.

18             THE COURT:  Okay.  You're asking to approach

19   ex parte, is that correct?

20             MS. ROSS:  Yes, Your Honor.

21             (Bench discussion:)

22   ████████████████████████████████████

23   ████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████████







15      (Open court:)

16          THE COURT:  Ms. Ross, can you kind of quantify the

17      discovery that you're expecting to turn over this Friday?  And

18      then, also, I'm interested in the timeline.  You suggested in

19      your opposition that the bulk of the discovery had been turned

20      over six months ago.  Maybe you can quantify that.

21          MS. ROSS:  Yes, Your Honor, the production that we

22      plan on making this Friday will consist of approximately

23      337,966 pages.

24          THE COURT:  Okay, 337,000 pages, turning over this

25      Friday?

1          MS. ROSS:  Yes, Your Honor.

2          THE COURT:  And when did you turn over the roughly

3     2 million documents -- or, pages, I'm sorry, that Mr. Parlatore

4     has pointed to?

5          MS. ROSS:  Your Honor, we have made rolling

6     productions since indictment, but the discovery in this case

7     was produced almost immediately after indictment and that was

8     the vast majority of the discovery.

9          THE COURT:  So can you just give me some -- kind of a

10    timeline there?  What do you -- I'm trying to understand how

11    long the defense has actually had this 2 million pages that

12    he's wading through now.

13         MS. ROSS:  The case was indicted last May and the

14    vast majority of the discovery was produced in June.

15         THE COURT:  And so what was -- do you have a sense of

16    approximately how many pages were -- have been turned over

17    since June?

18         MS. ROSS:  I don't, Your Honor.  I'm sorry.

19         THE COURT:  Okay.  And then can you speak to --

20    you've referred to prejudice, and particularly your witnesses.

21    Do you want to give any -- kind of put any flesh on the bones

22    there?

23         MS. ROSS:  Sure, Your Honor.  The government has been

24    preparing for trial in February, and so we have been

25    coordinating with witnesses, planning witness travel.  Some of

1    our witnesses will be coming from overseas.  We do plan on

2    calling multiple witnesses who will be flying in.  We also plan

3    on calling witnesses with busy work schedules and their own

4    travel schedules.  They have all been informed that this trial

5    is set for February.  And, as such, they have all cleared their

6    schedules, made sure they're available and started to plan

7    their travel, including those witnesses who are overseas.

8            THE COURT:  All right.

9            MS. ROSS:  In addition, Your Honor, I understand that

10   the defendant's position is that this is a large amount of

11   discovery, but he has already told this Court that he didn't

12   anticipate that being a problem prior to this -- prior to the

13   trials being set.  Additionally, Your Honor, we have provided

14   that discovery in a kind of load-ready format, which does make

15   it easy to de-duplicate records.  So the fact that he says that

16   he has to go through and de-duplicate records, that's not a

17   hard thing to do.

18           Additionally, Your Honor, when he asked us for

19   exhibits -- this was last year, when we were not in a position

20   to do that, but we'll aid in keeping this trial date and keep

21   things moving and aid in his review, we will be happy to send

22   over those exhibits.

23           Additionally, if he is asking for evidence related to

24   defendant Burke's phone, we have turned that over.  We would be

25   happy to pinpoint where that is in the discovery productions.

1    He never asked us to do that, but that is something that we

2    could do.

3              Additionally, he said that he thinks there is

4    discovery missing.  Again, he hasn't -- we have turned over

5    everything related to the witness that defense counsel was

6    referring to that is in our possession, custody, and control,

7    so he has all of that.  Most of that was turned over via email,

8    so it is easy to find.  He has that.  But again, if he wants us

9    to pinpoint it, the Bates-stamped version, we would be happy to

10   do that as well.

11             All of that to say, Your Honor, is that the defense

12   counsel's worries or his reasons for continuing this trial can

13   easily be assuaged by, you know, actions that we can take to

14   help him locate the discovery that he claims he cannot find.

15   And certainly when we had a status last year about the trial

16   date, everyone was in agreement that there were a lot of

17   duplicate records, which makes the discovery seem a lot more

18   voluminous.

19             The government, when turning over discovery, does not

20   de-dup those records in the first instance.  Again, technology

21   is not fail proof.  But certainly that is a very easy thing to

22   do in the format that the government has provided defense

23   counsel.

24             So his reasons for continuing this trial and why he

25   needs more time to review that discovery simply are not grounds

 1    to continue the trial here.

 2          THE COURT:  All right.  And, I mean, I've got to say,

 3    hundreds of thousands of pages, you know, coming on defense

 4    this week, that alone sounds -- you know, regardless of what

 5    Mr. Parlatore had before and knew about before, you're

 6    presumably only turning these over because you believe they're

 7    relevant.  He, regardless of what -- how you see them, I think,

 8    he turns them over -- if you turn them over, I imagine he feels

 9    like he has an obligation to his client to review them.  I

10    mean, how is that not itself justification for a continuance at

11    this point?

12          MS. ROSS:  I think, for reasons I explained ex parte,

13    Your Honor, the government is not planning on using -- there

14    is -- the evidence that Mr. Parlatore has already received from

15    the government, there are exhibits that we plan on using from

16    discovery he already has, which is included in part of this

17    large discovery production on Friday.  The vast majority of

18    this discovery production, for reasons I told Your Honor, we

19    are not planning on using in our case-in-chief against

20    defendant Burke in any way and do not find it -- and do not

21    believe it will be helpful in any way to the trial against

22    Mr. Burke.

23          THE COURT:  So, I hear what you're saying, but it

24    kind of -- why are you turning it over?

25          MS. ROSS:  It does relate to the company in this

1    case, it does relate to the trial, it is part of the discovery

2    that we have -- you know, have in our possession and custody

3    and control and we're turning it over out of an abundance of

4    caution, Your Honor.

5             THE COURT:  I think that all makes a lot of sense.

6    But, you see, from his perspective, doesn't he have to go

7    through it for just those reasons?  Right?

8             MS. ROSS:  Yes, Your Honor.

9             THE COURT:  All right.  Thank you, Ms. Ross.

10             Mr. Bill Burck, am I correct that your client is open

11    to a continuance, if we stall your trial date?

12             MR. BURCK:  Yes, Your Honor.

13             THE COURT:  I recall you were interested in doing

14    this earlier anyway.

15             MR. BURCK:  Yes, Your Honor, although, as the Court

16    will recall, we also were fine with the trial date ultimately.

17    Whatever the Court prefers to do, we are fine having ours

18    pushed until later.  We wouldn't want it, Your Honor, too much

19    later.  Of course, it depends on the Court's schedule, but the

20    summer is pretty open for us.

21             THE COURT:  That is tricky.  The government is

22    keeping me pretty busy.  So, well, we can talk, but the

23    likelihood that -- I mean, yeah, I just -- I think we're

24    probably talking about mid-August, at the earliest, and that's

25    the likely -- again, the likelihood that we can get a bunch of

1   D.C. attorneys all available in late August.  I mean, does that

2   change your perspective, if we're looking at, probably, a fall

3   trial date?

4           MR. BURCK:  No, Your Honor, that's -- we will work

5   with the Court's schedule, of course, we'll confer with our

6   client.  We don't -- I don't think we need to set a trial date

7   for us today, unless the Court wants to.

8           THE COURT:  I do want to.

9           MR. BURCK:  You do.  Then, Your Honor, I think

10  whatever is most convenient for the Court will work for us.  I

11  know that our trial team -- I can't speak for Mr. D'Agostino,

12  but I know our trial is fine from June through, say, October.

13  So anytime that timeframe will work for our trial team, and I

14  believe for the client, my client.  So whatever works for the

15  Court will be okay.

16          THE COURT:  All right.  Mr. D'Agostino, as to

17  Ms. Messenger?

18          MR. D'AGOSTINO:  Same response.

19          THE COURT:  Mr. Parlatore, you're looking to take

20  your codefendant's date, May 6th?

21          MR. PARLATORE:  Yes, Your Honor.  I figured that you

22  were already available that time and the government's witnesses

23  were already booked for that time and it just made sense.

24          THE COURT:  I'm doing this reluctantly.  I really do

25  not like continuing trials.  And I think the government makes

1    good arguments, but, just -- I take Mr. Parlatore's concern

2    about just the pure volume of documents, and I think especially

3    that there are hundreds of thousands of documents that he

4    doesn't even have in his possession, I don't think it's really

5    fair to say, in light of that, that his request is

6    unreasonable.

7            So I'm going to grant his motion to continue.  And in

8    a couple minutes we'll look at rescheduling the other

9    defendants.

10           Ms. Ross, as to -- it looks like I've got about three

11   weeks, thereabout, set aside for defendant Burke.  Does that --

12   I'm sorry, for the codefendants.  Does three weeks sound about

13   right to you for defendant Burke?

14           MS. ROSS:  Yes, it does, Your Honor.

15           THE COURT:  Mr. Parlatore, does that make sense to

16   you as well?

17           MR. PARLATORE:  Yes, Your Honor.

18           THE COURT:  I'm vacating the trial date as to

19   Mr. Burke.  We are rescheduling it for 9 a.m. on May 6th.

20   Let's also move the pretrial conference date.  April 11th?

21   Friday, April 11th, at 10 a.m., does that work for you,

22   Mr. Parlatore?

23           MR. PARLATORE:  One moment, Your Honor.

24           (Pause.)

25           MR. PARLATORE:  April 11th is good, Your Honor.

 1          THE COURT:  Okay.  So I'm rescheduling his pretrial

 2     conference to 10 a.m. on Friday, April 11th.

 3          I think -- I'm not quite sure where we are in the

 4     briefing schedule.  What I would be inclined to do is just move

 5     Mr. -- or, defendant Burke's briefing schedule, to the extent

 6     we still have outstanding dates, to what we currently have for

 7     his codefendants.

 8          MS. ROSS:  It would be the government's preference,

 9     Your Honor, if we could keep the dates.  We actually only have

10     replies left, and the replies are due Friday.  We're prepared

11     to file them on Friday.

12          Additionally, Your Honor, due on Friday are the

13     parties' joint proposed jury instructions and voir dire.  The

14     government has sent the government's proposal to defense

15     counsel.  Because it is Friday, it would be our preference just

16     to hold that Friday date, since everything is sort of ready to

17     go at this point.

18          THE COURT:  Okay.  Mr. Parlatore?

19          MR. PARLATORE:  If I could get an extra week, just

20     because of scheduling?  We can get it done by Friday, but, you

21     know, considering that we have a little bit more time, if we

22     could get an extra week.

23          THE COURT:  Do you have replies, or are you just

24     talking about --

25          MR. PARLATORE:  For the replies and jury

 1  instructions, yes.

 2          THE COURT:  I'm happy to extend it a week, but

 3  otherwise -- it sounds like we're basically there on your side

 4  and -- I mean, I'm not expecting there's going to be a need for

 5  any additional motions based on this discovery, but if you

 6  think otherwise, you should be, I guess, seeking leave to file

 7  additional motions quickly and do not wait until the last

 8  moment.

 9          MR. PARLATORE:  Yes, Your Honor.

10          THE COURT:  All right.  Let's look for a time

11  schedule now for Mr. Kim and Ms. Messenger.

12          I'm available starting August 18th.  Why don't I just

13  do hands.  Are any attorneys not available, or your clients,

14  for this -- the codefendant matter in late August?

15          (Counsel shake heads.)

16          THE COURT:  It looks like it's going to work.  If we

17  set it for Monday, August 18th -- you all are really not the

18  D.C. lawyers that I would expect should be off at a beachie

19  destination.  But, good for you, I won't be either.

20          All right.  As to Mr. Kim and Ms. Messenger, I'm

21  continuing their trial date to Monday, August 18th, at 9 a.m.

22          Let's look for a new pretrial conference date.

23          10 a.m. on July 25th, does that work for the

24  government?

25          MS. ROSS:  Yes, Your Honor.

1         THE COURT:  Attorney Burck, does that work for you?

2         MR. BURCK:  Yes, Your Honor.

3         THE COURT:  And Mr. D'Agostino?

4         MR. D'AGOSTINO:  Yes, Your Honor.

5         THE COURT:  All right.  So we'll reset the pretrial

6    conference as to Mr. Kim and Ms. Messenger for 10 a.m. on July

7    25th.

8         I'm inclined to keep the other dates as we have them.

9         Do you have a motion, Ms. Ross?

10        MS. ROSS:  Yes, Your Honor.  One quick housekeeping

11   matter before then.  Defendants Kim and Messenger have also

12   filed motions and they are on similar timeframes with defendant

13   Burke's.  We would just ask that you extend that deadline as

14   well one week, so we can --

15        THE COURT:  Yep.  Absolutely.

16        MS. ROSS:  Okay.  Thank you, Your Honor.  And then,

17   also, the government would ask to toll the speedy trial -- to

18   toll the defendant's right to a speedy trial under the Speedy

19   Trial Act.  Given the amount of discovery in this case, as well

20   as additional discovery, we think that the right to a speedy

21   trial here is appropriately tolled to give counsel adequate

22   time to review discovery and prepare for trial.

23        THE COURT:  And you're seeking to toll the speedy

24   trial date as to all three defendants to their respective trial

25   dates?

1          MS. ROSS:  Yes, Your Honor, all three defendants.

2     Thank you.

3               THE COURT:  Mr. Parlatore, any objection?

4               MR. PARLATORE:  No, Your Honor.  The Request was by

5     us, so I agree.

6               THE COURT:  I think that's the appropriate position.

7               Mr. Burck?

8               MR. BURCK:  No, Your Honor.

9               THE COURT:  And Mr. D'Agostino?

10              MR. D'AGOSTINO:  No, Your Honor.

11              THE COURT:  I agree with the government that the

12    speedy trial clock as to all three defendants should be tolled

13    to their respective trial dates in light of defendant Burke's

14    request, the acquisition -- or, the agreement, acquiescence, by

15    his codefendants and the significant discovery that has gone

16    over and, indeed, continues to go over.

17              And I assume, Ms. Ross, I take it this would be to

18    all three defendants that this new tranche of documents is

19    coming out?

20              MS. ROSS:  Yes, Your Honor, it is.

21              THE COURT:  So I think all the defendants are

22    continuing to receive significant discovery and so it's

23    appropriate to give their attorneys the opportunity to

24    adequately prepare for trial.

25              Ms. Ross, anything further for the government?

1          MS. ROSS:  Nothing else, Your Honor.  Thank you so

2    much.

3          THE COURT:  Mr. Parlatore?

4          MR. PARLATORE:  No, Your Honor.  Thank you.

5          THE COURT:  Mr. Burck?

6          MR. BURCK:  No, Your Honor.  Thank you.

7          THE COURT:  Mr. D'Agostino?

8          MR. D'AGOSTINO:  No, Your Honor.

9          THE COURT:  Thanks, folks.

10                          *   *   *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              CERTIFICATE OF OFFICIAL COURT REPORTER

2

3        I, JANICE DICKMAN, do hereby certify that the above and

4    foregoing constitutes a true and accurate transcript of my

5    stenographic notes and is a full, true and complete transcript

6    of the proceedings to the best of my ability.

7                       Dated this 24th day of January, 2025

8

9

10                       _____

11                       Janice E. Dickman, CRR, CMR, CCR
                         Official Court Reporter
12                       Room 6523
                         333 Constitution Avenue, N.W.
13                       Washington, D.C.  20001

14

15

16

17

18

19

20

21

22

23

24

25