UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (1) (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT**

The Defendant's Motion in Opposition to the United States' Motion *in Limine* to Exclude Certain Evidence and Argument, ECF No. 90, fails to recognize that all arguments and evidence that invite the jury to nullify are improper and must be excluded. For the reasons discussed in the Government's Motion *in Limine*, ECF No. 65, and discussed further below, this Court should exclude any such evidence and argument.

**DISCUSSION**

**A. Jury Nullification**

The Defendant argues that he must be allowed to present a "comprehensive view" of his "character and circumstances, which are directly relevant to the charges." ECF No. 90 at 5. But, a comprehensive view of the Defendant's character is not directly relevant to the charged offenses. First and foremost, the Defendant has failed to indicate what this evidence is and how any such evidence would be relevant to the charges here. Indeed, the Defendant cannot do so because legal precedent is clear—evidence that only supports a jury nullification argument or verdict has no relevance to guilt or innocence and must be excluded. *See United States v. Gorham,* 523 F.2d 1088, 1097-98 (D.C. Cir. 1975), *supplemented*, 536 F.2d 410 (D.C. Cir. 1976). While neglecting

1

this legal precedent, the Defendant asserts in conclusory fashion that excluding evidence that "provides context to the Defendant's actions would undermine the fairness of the trial." ECF No. 90 at 5. While the Defendant and the Government agree that the jury should be allowed to consider "all relevant factors," the Defendant neglects the operative word: "relevant." Evidence that encourages jury nullification is not relevant and must be excluded. *See* ECF No. 65 at 2-4.

### B. The Defendant's Military Service

The Defendant is correct—the Defendant's military service is relevant to the charges here. The Government intends to introduce *relevant* evidence and argument relating to the Defendant's military service. The Government does not seek to exclude the Defendant from doing the same. However, just because the Defendant's military service is clearly relevant to prove elements of the charged offenses does not mean that all evidence and arguments about the Defendant's military service are relevant and admissible—a fact that the Defendant has clearly overlooked. The Defendant asserts that evidence and argument relating to his "exemplary military career" are "crucial for the jury to consider" because it "provides a strong foundation" that Burke never would have engaged in criminal conduct. *See* ECF No. 90 at 3. He also maintains that his service record indicates that he has acted with "integrity and adherence to ethical standards, which directly undermines the possibility that he acted illegally in this instance." *Id.* These arguments are not allowed.[1] This is precisely the type of improper propensity argument that must be excluded under Federal Rule of Evidence 404(a)(1) and firmly established legal precedent. *See* ECF No. 65 at 4-6. Beyond these improper propensity arguments, the Defendant does not, and cannot, identify a reason why evidence that the Defendant performed his duties responsibly and ethically on specific

---

[1] Indeed, the United States submits that if the Defendant offers general evidence of, for example, his ethical conduct, as he suggests, *see* ECF No. 90 at 3, then this opens the door to the Government's introduction of evidence countering that narrative.

2

occasions is relevant and admissible. Any such arguments and evidence should be excluded. *See id.*

### C. The Government's Charging Decision

In arguing that he should be allowed to address the Government's charging decisions to "demonstrate potential bias and lack of thoroughness," the Defendant does not cite to a single legal authority that permits him to do so. *See* ECF No. 90 at 3-5. Because no such authority exists, the Defendant makes several baseless accusations that have no bearing here. The Defendant has not filed a motion seeking to dismiss the Indictment based on any allegations of Government misconduct because it is clear, any such motion would be meritless. Furthermore, it is the judge, not the jury, who decides if any misconduct exists. *United States v. Washington,* 705 F.2d 489, 495 (D.C. Cir. 1983). The Government's charging decisions are not relevant, and the Defendant should be precluded from introducing evidence or making arguments regarding any charging decisions before the jury. *See* ECF No. 65 at 7-8.

### D. Punishment and Collateral Consequences

The Defendant asserts that references to punishment are "generally inadmissible," but fails to provide any legal precedent indicating the situations when such evidence is admissible. *See* ECF No. 9 at 5. Again, without citing to any legal authority, the Defendant argues in purely hypothetical fashion that evidence of the Defendant's potential punishment and collateral consequences "may be necessary" and "may be relevant" to provide "context." *Id.* The Defendant, yet again, fails to provide specifics, nor could he. The collateral consequences are plainly inadmissible absent an evidentiary foundation that he considered them before engaging in the alleged conduct. He provides no information to indicate or support the hypothetical necessity and relevance of his potential punishment and collateral consequences during trial. No such situations and no legal

precedent exist—a defendant's potential punishment and collateral consequences are inadmissible. *See* ECF No. 65 at 6-7.

## CONCLUSION

For the reasons discussed above, and in the Government Motion *in Limine* to Exclude Certain Evidence and Arguments, *see* ECF No. 65, the Defendant should not be allowed to admit evidence or make arguments that invite jury nullification, relate to good character and specific instances of good conduct, and reference any potential punishment, collateral consequences, and the Government's charging decisions.

Respectfully submitted,

Edward R. Martin, Jr.
UNITED STATES ATTORNEY

By:    */s/ Rebecca G. Ross*
        Rebecca G. Ross
        Assistant United States Attorneys
        601 D Street N.W.
        Washington, DC 20530

        Trevor Wilmot
        Kathryn E. Fifield
        Trial Attorneys
        1301 New York Ave. NW
        Washington, D.C. 20530