UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------X
UNITED STATES OF AMERICA,

      -against-                                 Case No.: 1:24-cr-00265-TNM

ROBERT BURKE, et. al.
------------------------------------------------X

## DEFENDANT ROBERT BURKE'S REPLY IN SUPPORT OF MOTION TO DISMISS INDICTMENT OR TO STRIKE PREJUDICIAL SURPLUSAGE

Defendant Robert Burke, through undersigned counsel, submits this reply in further support of his Motion to Dismiss the Indictment or to Strike Prejudicial Surplusage. The Government's Opposition fails to adequately address the deficiencies in the indictment and misstates the applicable legal standards. For the reasons stated below, the Court should dismiss the indictment or, at a minimum, strike the prejudicial surplusage.

The Government's opposition largely repeats what is already in the indictment while failing to address the very specific structural flaw identified by the Defendant. In *United States v. Dennis*, 21-cr-679 (JEB) (D. D.C. Dec 06, 2022), the court emphasized the necessity for an indictment to contain sufficient detail to inform the defendant of the charges and allow for a meaningful defense. Similarly, *United States v. Miller*, 605 F.Supp.3d 63 (D. D.C. 2022), underscores the requirement for an indictment to include sufficient factual allegations to make a prima facie case of criminal conduct.

### I. The Indictment Fails to Allege an "Official Act"

The Government contends that the question of whether Burke's conduct constitutes an "official act" is a factual matter for the jury. However, the indictment's allegations do not meet the legal definition of an "official act" as established in *McDonnell*

*v. United States*, 579 U.S. 550 (2016). The Supreme Court clarified that an "official act" requires a formal exercise of governmental power on a specific and focused question or matter. Burke's alleged actions, such as influencing a contract, do not constitute the requisite "official act" because he lacked the authority to approve the contracts in question.

The Government's opposition brief seems to acknowledge that Admiral Burke lacked the authority to approve the contract, effectively changing their theory of the case.

Interestingly, rather than address the actual allegations which formed the structural basis of the bribery count in the indictment, the Government instead refers to claims that were not relied upon. On page 5 of the Response, the Government claims, "[h]ere, the Indictment sufficiently alleges each element of the bribery statute…" going on to quote from paragraphs 23, 24, and 25 of the indictment. Yet, the indictment specifically excluded these paragraphs from the bribery count: "Paragraphs 1 through 18, 27 through 44, and 47 are reealleged and incorporated herein." *Indictment* ¶50.

To be clear, the indictment alleges that the *quid pro quo* was "in return for BURKE ordering a United States Government contract for Company A." *Indictment* ¶51. As outlined in Defendant's motion, and not contested by the Government, Admiral Burke lacked the authority to order a United States Government contract for Company A. For this reason, the bribery count in the Indictment is facially insufficient and must be dismissed.

The Government's reliance on cases like *United States v. Miserendino, 283 F. Supp. 3d 489, 492-93 (E.D. Va. 2017)* and others to argue that whether an act is "official" is a jury question is misplaced. The indictment must first allege facts that, if proven, would legally constitute an official act. Here, it does not. The Government's argument that

2

Burke exerted pressure on another official to perform an "official act" is insufficient, as mere influence does not meet the statutory requirement.

**II. The Conspiracy Count Lacks Specific Allegations**

The Government argues that the conspiracy count is sufficiently pled, citing various alleged overt acts. However, beyond the bald, unsupported assertion that there was an agreement, the indictment fails to allege any specific facts demonstrating that Defendant Burke did enter into an agreement or had the requisite intent to commit bribery.

At best, the alleged overt acts show that Kim and Messenger were conspiring to use their relationship with Admiral Burke to gain further business. But what is missing is the connective tissue to establish that Burke was also a knowing participant in the conspiracy. The Indictment and the Government's Response fail to explain how this connection can be established.

The alleged statements and actions are circumstantial at best and do not establish a clear agreement or corrupt intent. The reliance on vague and conclusory statements, such as Burke's supposed "order" to Person 2, does not satisfy the requirement for specificity in pleading a conspiracy charge. Like the failure to allege facts sufficient to establish an agreement, the Indictment also fails to properly allege an "order" to Person 2.

In the military context, an "order" is a directive issued by a member of the armed forces that a subordinate is duty-bound to obey. The distinction between an order and a suggestion or impression lies in the specificity and clarity of the directive, as well as the presumption of lawfulness attached to it. Orders must be explicit and directive, leaving no room for discretion, whereas suggestions or impressions allow for interpretation and

3

choice. The legal framework governing military orders is primarily found in the 10 U.S.C. § 892 Art. 92, which outlines the consequences of failing to obey lawful orders.

### III. The Indictment Does Not Establish a Conflict of Interest

The Government claims that Burke's actions constituted a conflict of interest under 18 U.S.C. § 208(a). However, the indictment does not demonstrate that Burke's participation in the contracting process was personal and substantial, nor does it show that his actions had a direct and predictable effect on his financial interests. The mere existence of discussions about future employment does not amount to a conflict under the statute.

### IV. The Concealment of Material Facts Claim is Insufficient

The Government asserts that Burke's concealment of employment discussions was material and done with intent to deceive. However, the indictment fails to specify how this alleged concealment was material to any particular matter within the jurisdiction of a federal agency. The absence of specific allegations regarding materiality and intent to deceive warrants dismissal of this charge. There is nothing in the Indictment that specifies from who and what was concealed which was required under what law or regulation to be disclosed.

### V. Motion to Strike Surplusage

The Government's response to the motion to strike surplusage is addressed in a separate brief. Nevertheless, the inclusion of non-official acts in the indictment serves no legitimate prosecutorial purpose and only seeks to unfairly prejudice the jury. The allegations of promoting Company A, seeking information about contracts, and making introductions are insufficient under *McDonnell* and should be excluded..

**Conclusion**

For the foregoing reasons, the indictment should be dismissed in its entirety, or, in the alternative, the Court should strike the prejudicial surplusage to ensure a fair trial.

Respectfully submitted,

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
Counsel for Admiral Burke
260 Madison Ave., 17th Floor
New York, NY 10016
