UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                  Case No.: 1:24-cr-00265-TNM

ROBERT BURKE, et. al.
------------------------------------------------X

## DEFENDANT ROBERT BURKE'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION IN LIMINE

**INTRODUCTION**

Defendant Admiral Robert P. Burke, by and through undersigned counsel, respectfully submits this reply to the Government's opposition to his Motion *in Limine*.

**ARGUMENT**

    **1. Specificity and Prematurity**

The Government contends that Admiral Burke's motion is nonspecific and premature. However, as has previously been addressed with the Court, the Defendant is hamstrung in his preparation of this motion as the Government has produced approximately two and a half million pages of discovery and has refused requests to identify what portions they intend to introduce at trial.

However, the motion clearly identifies categories of evidence that are irrelevant and prejudicial, such as evidence related to co-defendants' conduct, speculative testimony regarding intent, and non-official acts. Given the Government's refusal to provide any information as to what the intend to introduce at trial, to the extent that the Court wishes to address this as evidence comes up during the Government's trial presentation, Defendant is prepared to argue orally at that time.

## 2. Relevance and Prejudice of Co-Defendants' Conduct

The Government claims that evidence of co-defendants' conduct is necessary to prove conspiracy. However, since Admiral Burke's trial has been severed, evidence solely related to co-defendants Kim and Messenger is irrelevant to the charges against him and risks confusing the jury. The Government's reliance on circumstantial evidence should not override the need for direct evidence linking Admiral Burke to the alleged conspiracy. In *Banks v. District of Columbia*, 551 A.2d 1304 (D.C. 1988), the court highlighted the purpose of motions *in limine* in preventing the introduction of potentially prejudicial evidence without drawing attention to it in front of a jury.

The Government seeks to introduce evidence related to the conduct of co-defendants Kim and Messenger, asserting its relevance to proving the conspiracy charge against Admiral Burke. However, given that Admiral Burke's trial has been severed, the introduction of such evidence is both irrelevant and prejudicial. The legal standards for admissibility of co-defendants' conduct in a severed trial, particularly in conspiracy cases, require that any statements made by co-conspirators must be in furtherance of the conspiracy and directly linked to the defendant on trial.

In *United States v. Darnel*, 22-cr-096(CKK)(D.D.C. September 5, 2023), the court emphasized that for co-conspirator statements to be admissible under Rule 801(d)(2)(E), the court must find by a preponderance of the evidence that a conspiracy existed, the defendant and declarant were involved, and the statement was made in furtherance of the conspiracy.

## 3. Circumstantial Evidence and Conspiracy

The Government argues against limiting evidence of the alleged conspiracy that is not "directly linked" to Burke's actions and knowledge. But, as above, the Government should not be permitted to put in irrelevant evidence without first establishing Admiral Burke's knowing participation in the alleged conspiracy.

The Federal Rules of Evidence, particularly Rule 401, require that evidence must have a tendency to make a fact more or less probable than it would be without the evidence and must be of consequence in determining the action. If evidence merely suggests association or acquaintance without direct linkage to the alleged conspiracy, then it may not be relevant and could be prejudicial. The risk of prejudice is particularly high if the evidence does not clearly demonstrate Burke's knowing participation in the conspiracy.

In conclusion, the defense respectfully requests that the court carefully evaluate the relevance and potential prejudice of evidence that is not directly linked to Burke's actions and knowledge. The risk of confusion and unfair prejudice should be weighed against the probative value of such evidence in determining its admissibility.

4. **Speculative Testimony Regarding Intent**

The Government argues that testimony from co-defendants Kim and Messenger about their perceptions and beliefs relating to Burke's state of mind is admissible if based on personal interactions. However, such testimony must be scrutinized to ensure it is not speculative and genuinely based on personal knowledge. The Federal Rules of Evidence, particularly Rule 701, require that lay opinion testimony be based on the witness's perception and assist the jury in understanding the evidence or determining a fact in issue. In *United States v. Hampton*, 718 F.3d 978 (D.C. Cir. 2013), the court emphasized that lay opinion testimony must be based on the witness's perception and assist the jury in understanding the evidence or determining a fact in issue.

Here, we aren't even talking about the lay opinion of a witness, but rather the hearsay statements of co-defendants. The foundational requirements to admit such an opinion cannot be satisfied through truncated, out of context, hearsay statements.

3

Even if circumstantial evidence is admissible, it must still be relevant and not unduly prejudicial. Testimony about Burke's intent from co-defendants, who may have their own biases or motivations, could be prejudicial and should be carefully evaluated for its probative value versus its potential to unfairly prejudice the jury. In *United States v. Williams*, 827 F.3d 1134 (D.C. Cir. 2016), the court ruled that speculative testimony undermines the integrity of the judicial process.

For the foregoing reasons, Admiral Burke respectfully requests that the Court exclude speculative testimony regarding his intent, as it is not based on personal knowledge, is unduly prejudicial, and violates the prohibition on testimony regarding a defendant's mental state.

5. **Character Evidence**

The Government agrees that character evidence is inadmissible.

6. **Non-Official Acts**

Admiral Burke's motion seeks to exclude evidence of non-official acts that are irrelevant to the charges and prejudicial. The issue of non-official acts was fully briefed in the separate motions to strike prejudicial surplusage (Docket #61, 71) and need not be repeated herein, but is incorporated by reference.

7. **404(b) Evidence and Lack of Notice**

The Government admits that it has only provided notice of its intent to introduce evidence related to Admiral Burke's attempt to conceal his relationship with Person-3. Defendant has already addressed this notice separately.  Docket #85.

To the extent the Government intends to introduce any other 404(b) evidence, it should be excluded due to lack of notice, as required by the Federal Rules of Evidence.

**CONCLUSION**

For the foregoing reasons, Admiral Burke respectfully requests that the Court grant his Motion *in Limine* and exclude the irrelevant and prejudicial evidence identified therein.

Respectfully submitted,

*/s/ Timothy C. Parlatore*

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
*Counsel for Admiral Burke*
260 Madison Avenue, 17th Floor
New York, New York 10016
