UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (TNM) |
| v. | : | |
| | : | |
| YONGCHUL "CHARLIE" KIM, and | : | |
| | : | |
| MEGHAN MESSENGER, | : | |
| | : | |
| Defendants. | : | |

**REPLY TO DEFENDANTS KIM AND MESSENGER'S
OBJECTION TO THE JOINT PROPOSED JURY INSTRUCTIONS
FILED BY THE UNITED STATES AND DEFENDANT BURKE**

In connection with the May 2025 trial of Defendant Burke, the Government and Burke jointly proposed jury instructions that state three elements to the crime of accepting a bribe, in violation of 18 U.S.C. § 201(b)(2). The third element is that "[t]he Defendant acted corruptly, that is, he intended that, in exchange for the thing of value, he would be influenced in the performance of an official act." ECF Nos. 102, 102-1 at 12. The instruction further proposed defining "corruptly" as "having an improper, wrongful motive or purpose . . . ordinarily a hope or an expectation of either prohibited financial gain or other benefit to oneself . . ." *Id*. Burke agreed to the legal elements of § 201(b)(2) and seeks to underscore the importance of "a *quid pro quo* arrangement" in defining "corruptly." *Id*. at 12, 22.

But Defendants Kim and Messenger, who are not part of the May trial, nevertheless objected to the instruction.[1] Boiled down, their remarkable and unsupported claim is that § 201(b) requires

---

[1] Kim and Messenger lack standing to challenge proposed jury instructions for Defendant Burke's trial. Kim and Messenger are charged under a different prong of § 201(b) that has different legal

1

the Government to prove that they possessed two mental states: an intent to offer a *quid pro quo* plus a corrupt state of mind, which they claim means acting with "consciousness of wrongdoing." ECF No. 115 at 2-3. Their goal is crystal clear: Kim and Messenger want the jury instructed – as a matter of law – that they cannot be convicted of bribery if they acted in good faith when offering a bribe to Defendant Burke. The law does not allow such an instruction.

First, it is settled that § 201(b) has only one mental state element – the specific intent to engage in a *quid pro quo*. In other words, one acts "corruptly" under § 201(b)(1) when one intends to offer a thing of value *in exchange* for an official act. Kim and Messenger assert this is no longer the law of the land following *Snyder v. United States*, 603 U.S. 1 (2024), but that case examined corruption in the context of § 666 gratuities, not § 201(b) bribery. And the two times that *Snyder* mentioned § 201(b), in *dicta*, the reference was to subsection (b)(2) that criminalizes accepting a bribe, and not the crime with which Kim and Messenger are charged – which is offering a bribe under subsection (b)(2).

Second, "corruptly" for purposes of § 201(b) does not mean acting with "consciousness of wrongdoing," which amounts to a *mens rea* of willfulness. But because they can find absolutely no support for this claim under § 201 jurisprudence, Kim and Messenger look to the obstruction statutes. Whatever sense there may be in defining "corruptly" as akin willfulness in obstruction cases, the definition is not appropriate where, as here, the charged conduct is inherently corrupt. Because "American law generally treats bribes as inherently corrupt and unlawful," *Snyder*, 603 U.S. at 5, there is no need to reach to obstruction statutes and deviate from the well-established definition of "corruptly" in the jointly proposed instruction, which was modeled on an instruction

---

elements than the bribery charge against Burke. The Government nevertheless responds to their motion because the definition of "corruptly" is the same for both prongs.

given by a Court in this District in a recent bribery case. The Court should overrule Kim and Messenger's objection.

I. **The Law Does Not Require Proving Two Separate Mental States to Convict Kim and Messenger of Offering a Bribe Under § 201(b)(1)(A).**

Under § 201(b)(1)(A), the crime of offering a bribe is committed when a person "directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . with intent – to influence any official act." Defendants Kim and Messenger claim the statute requires the Government to prove they possessed two separate mental states – that they offered a thing of value in exchange for an official act and did so corruptly. ECF No. 115 at 1-3. To do otherwise, they assert, would read the word "corruptly" out of § 201. *See id*. This is wrong. Far from reading the word out of the statute, "corruptly" for purposes of § 201(b) has been defined by courts to mean intending to engage in a *quid pro quo*.

As a court in this District recently found, "the Supreme Court explained that 'corruptly' means '*quid pro quo* corruption," i.e., a specific intent to 'exchange a thing of value for' an action" whether it is an official action or violation of a lawful duty. *United States v. Paitsel*, Crim. No. 19-156-2 (CKK), 2023 U.S. Dist. LEXIS 28597, at *12 (D.D.C. Feb. 21, 2023) (affirming sufficiency of the evidence that the defendant acted corruptly under § 201 (citing *McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016)). Indeed, in *McDonnell*, the Supreme Court held that "[s]ection 201 prohibits *quid pro quo* corruption – the exchange of a thing of value for an 'official act.'" *McDonnell*, 136 S. Ct. at 2372. The holding that the intent element of § 201 bribery is based on a prohibited "this for that" exchange follows the Supreme Court's earlier precedent and is settled law. *See, e.g., United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) ("[F]or bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act") (emphasis in original); *Clark v. United States*, 102 U.S. 322 (1880) ("The

3

voluntary payment of money to an officer, with the corrupt motive of securing the official action of another officer, constitutes bribery . . ."); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) ("[T]he unlawful purpose required under § 201 is an intent to obtain an illegal benefit. A briber payer must intend to secure a benefit from the bribe taker and vice versa"), *vacated on other grounds by Fischer v. United States*, 144 S. Ct. 2176 (2023); *United States v. Brewster*, 506 F.2d 62, 82 (D.C. Cir. 1974) ("We have laid emphasis under the bribery section on 'corruptly. . . in return for being influenced' as defining the requisite intent, incorporating a concept of the bribe being the prime mover or producer of the official act"); *United States v. Alfisi*, 308 F.3d 144, 149 (2d Cir. 2002) ("The 'corrupt' intent necessary to a bribery conviction is in the nature of a *quid pro quo* requirement"); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) ("Under § 201 'corrupt intent' is the intent to receive a specific benefit in return for the payment"); *United States v. Bonito*, 57 F.3d 167, 171 (2d Cir. 1995) (affirming trial court instruction that "[a] person acts corruptly, for example, when he gives or offers to give something of value intending to influence or reward a government agent in connection with his official duties."); *see also* 7 Cir. Fed. Crim. Jury Instr. 201(b)(1)(A) (2023 ed.); 3d Cir. Mod. Crim. Jury Inst. 6.18.201B1 & 2 & cmt. (2021 ed.) (*citing* Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 1A Federal Jury Practice and Instructions § 27.03 & .06).

"[C]orruptly *does not* mean," Judge Kollar-Kotelly stated in *Paitsel*, "acting with a 'bad or evil purpose.'" *Paitsel*, 2023 U.S. Dist. LEXIS 28597, at *12 (citation omitted) (emphasis existing). That being the case, there is no additional mental state to bribery in addition to the specific intent to enter a *quid pro quo*. As it follows, the joint proposed jury instruction is legally correct – the Government must prove beyond a reasonable doubt that Defendant Burke "acted corruptly, that is, he intended that, in exchange for the thing of value, he would be influenced in the performance of

an official act." ECF No. 102-1 at 13. Indeed, the joint proposed instruction closely tracks an instruction given by another court in this District in a recent bribery case. *See id*. at 12 (citing *United States v. DeMoya*, Crim. No. 19-158 (RBW), Doc. 232 at 32 (D.D.C. June 5, 2023)).

Defendants Kim and Messenger do not attempt to grapple with any of the authority above. Instead, they cherry-pick two sentences from *Snyder v. United States*, 603 U.S. 1 (2024), the significance of which they attempt to punch up by adding emphasis to the word "and." ECF No. 115 at 3. Specifically, they claim it is "clear" that there are two separate mental states for § 201 bribery because the Supreme Court in *Snyder* wrote: 1) "bribery requires that the official have a corrupt state of mind *and* accept (or agree to accept) the payment intending to be influenced in the official act," and 2) § 201(b) requires "the corrupt state of mind *and* the intent to be influenced in the official act." ECF No. 115 at 3 (emphasis added to Defendants' brief) (citing *Snyder*, 603 U.S. at 11).

Their reliance on *Snyder* falls flat. *Snyder* was not a § 201(b) bribery case; it did not purport to modify, distinguish, or break from its precedent concerning § 201. *See generally Snyder*, 603 U.S. at 1-20. Rather, in *Snyder*, the Supreme Court invalidated use of another separate statute, 18 U.S.C. § 666, to charge state and local officials with accepting gratuities.[2] *See id*. at 5, 19-20. It was only in *dicta*, while explaining why § 666 did not apply to gratuities, that the Supreme wrote the two sentences referencing § 201(b) quoted above, and *Snyder* decision shows that Kim and Messenger are misreading the context of those sentences here. *See id*. at 11.

Further undermining the usefulness of looking to *Snyder* here, the sentences Kim and Messenger cite are related to § 201(b)(2) – accepting a bribe – rather than the crime that Kim and

---

[2] Gratuities are after-the-fact rewards, while bribery punishes a prior agreement to make payment in exchange for an official act. It makes sense, therefore, that the *mens rea* of providing a prohibited gratuity would differ from the *mens rea* of offering a bribe.

5

Messenger were charged with, § 201(b)(1). *See id*. at 11 and n.2 (citing § 201(b)(2)(A) and discussing the proof required to convict a public official accepted a bribe). This matters because convicting the public official (here, Burke) of accepting a bribe requires proof beyond what the Government must marshal to convict the bribe payer (here, Kim and Messenger).

To convict the official, the Government must prove that he agreed to the *quid pro quo*. *See United States v. McDonough*, 727 F.3d 143, 152 (1st Cir. 2013) (citing *United States v. Brewster*, 408 U.S. 501, 525 (1972)).

In contrast, the "taking of bribes, [has] no bearing on the defendant's liability for offering one." *United States v. O'Donovan*, 2025 U.S. App. LEXIS 951, at *25-27 (1st Cir. Jan. 15, 2025) ("The federal bribery statute criminalizes the offering and taking of bribes, but only the latter requires the parties to reach a *quid pro quo* agreement" and comparing § 201(b)(1) with (b)(2)); *accord United States v. Ring*, 706 F.3d 460, 467 (D.C. Cir. 2013) ("In the context of a briber payor . . . the offer of the bribe is the violation of the statute"); *United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1177 (9th Cir. 2024) ("When the defendant is the briber-giver, . . . '[t]he crime of offering a bribe is completed when a defendant expresses an ability and a desire to pay the bribe'"); *United States v. Suhl*, 885 F.3d 1106, 1113 (8th Cir. 2018) ("A payor defendant completes the crime[] of honest-services . . . bribery as soon as he gives or offers payment in exchange for an official act . . . ."). Viewed through this lens, the sentences from *Snyder* upon which Kim and Messenger rely are utterly inapposite to them.

In sum, Kim and Messenger fail to establish that there are two separate mental states required to convict them of offering a bribe to Defendant Burke in violation of § 201(b)(1)(A). The proposed third element to the joint proposed instruction concerning §201(b)(2) is correct.

## II. "Corruptly" Under § 201(b) Does Not Mean to Act with "Consciousness of Wrongdoing"

Defendants Kim and Messenger ask the Court to require the Government to prove both the improper, unlawful *quid pro quo*, and that they acted with "consciousness of wrongdoing." This language is derived from the obstruction statutes and not applicable to bribery. The Court should instead apply the definition in the proposed instruction. *See* ECF No. 112-1 at 13; *accord DeMoya*, Crim. No. 19-158 (RBW), Doc. 232 at 33 (defining "corruptly").

In asserting that their definition of "corruptly" is the correct one for bribery, Kim and Messenger cite a litany of cases that concerned different statutes than § 201. *See United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (false statements and obstruction of justice in violation of 18 U.S.C. §§ 1001 and 1512(c)); *Arthur Andersen, LLP v. United States*, 554 U.S. 696 (2005) (obstruction of justice in violation of 18 U.S.C. § 1512); *United States v. Plume*, 110 F.4th 1130, 1133 (8th Cir. 2024) (witness tampering and assault). They fail to acknowledge that "corruptly" has different meanings depending on the criminal statute. *See United States v. Robertson*, 103 F.4th 1, 24 (D.C. Cir. 2023) (discussing different definitions of "corruptly" as applied to different statutes). Indeed, the D.C. Circuit recently held that where the charged conduct is inherently corrupt, the term "corruptly" required no further showing of motive beyond the intent to commit the illegal act. *Compare id*. at 12-14 ("where obstructive actions are not inherently corrupt, the requirement to act 'corruptly' separates innocent from illegal behavior . . . . [t]hus under circumstances where a defendant's conduct is not inherently corrupt . . . 'corruptly' can be proved by examining the defendant's purpose") *with id*. at 24 ("in bribery and tax cases, the expectation of a benefit is inherent in the crime in a way that it is not in the obstruction context"). The Supreme Court has also held that bribery is inherently corrupt. *Snyder*, 603 U.S. at 5 ("American law generally treats bribes as inherently corrupt and unlawful'").

The bribery cases to which Kim and Messenger cite to support their proposed instruction are also unavailing. In *United States v. West*, 746 F. Supp. 2d 932, 935 (N.D. Ill. 2010), the district court distinguished the bribery and gratuities statutes to determine what evidence the defendant was allowed to present. In the analysis, the district court recognized, consistent with the proposal in this case, that the bribery statute requires "a corrupt intent to influence an official act." *Id.* at 934-36. The court went on to note that some courts "differ on how to articulate the standard for acting 'corruptly' under 18 U.S.C. §201(b)," but did not rule on or opine about which definition was proper. *See West*, 746 Supp at 935 n.4. The Defendants also claim that *United States v. Ng Lap Seng*, 934 F.3d 110, 142 n.32 (2d Cir. 2019), supports their definition of "corruptly," but this is misleading and is belied by a closer reading of the case. *Ng Lap Seng* involved a defendant charged with theft or bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666. Importantly, the Second Circuit recognized that a "public official acts corruptly, whenever he "accept[s] or demand[s] a personal benefit *intending to be improperly influenced* in [his] official duties." *Id.* at 143-44 (citing *United States v. Rooney*, 37 F.3d 847, 853 (2nd Cir. 1994) (brackets and emphasis in original). This language is wholly consistent with the Government's proposed jury instruction.

**III.    Conclusion**

There is no good faith defense to bribery. A bribe payor's offer of a *quid pro quo* – an intent to exchange of a thing of value for an official act – is inherently corrupt. Section 201(b) does not require the Government to prove, on top of proving the *quid pro quo*, that the bribe payor also acted willfully. In this way, "corruptly" under § 201(b) bribery differs fundamentally from other uses of the term, including in relation to § 666 gratuities. Were it otherwise, "knowing winks and nods" would provide an impenetrable defense to § 201(b). *See Evans v. United States*, 504 U.S. 255, 274

(1992) (rejecting an interpretation of bribery that would cause "the law's effect could be frustrated by knowing winks and nods"). The Court should overrule the objection.

                                      Respectfully submitted,

                                      EDWARD R. MARTIN, JR.
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481866

By:          /s/
                                      Rebecca G. Ross
                                      Assistant United States Attorney
                                      601 D Street N.W.
                                      Washington, DC 20530
                                      Office: (202) 252-4490

                                      Antoinette T. Bacon
                                      Supervisory Official for the Criminal Division
                                      U.S. Department of Justice

                                      Kathryn E. Fifield
                                      Trevor Wilmot
                                      Trial Attorneys
                                      Public Integrity Section
                                      1301 New York Ave. NW
                                      Washington, D.C. 20530
                                      Office: (202) 514-1412