UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ROBERT P. BURKE,** <br><br> Defendant. | Case No. 1:24-cr-00265-1 (TNM) |

**ORDER**

On April 10, 2025, the Court held a pretrial conference to resolve a number of outstanding motions and limine. On consideration of the parties' briefs, the oral arguments, and the relevant law, and for the reasons stated on the record at the pretrial conference, it is hereby

**ORDERED** that the Government's [69] Motion to Admit Out-of-Court Statements is **GRANTED IN PART.** The Government is permitted to introduce co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) because it has proved the existence of a conspiracy by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987). Admissible statements fall into the following categories: (a) communications between Kim, Messenger, and Company A personnel related to the Navy contract deal with Burke; (b) communications between Kim, Messenger, and Burke; and (c) communications between Kim, Messenger, and Company A investors referencing the Navy contract deal with Burke— provided, of course, the statements were made "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Court will entertain objections to individual pieces of evidence at trial.

**ORDERED** that the Government's [68] Motion to Introduce 404(b) Evidence is **GRANTED.** In short, the transcript of the conversation between Burke and Person 3 is

probative of Burke's motive, intent, and absence of mistake. Fed. R. Evid. 404(b). Thus the evidence is not being offered solely to prove character. *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002). More, its probative value is not substantially outweighed by a risk of undue prejudice. Fed. R. Evid. 403.

**ORDERED** that the Defendant's [72] Motion to Suppress is **DENIED.** The alleged omissions from the search warrant affidavit were not "material to the issue of probable cause" for the warrant issued in February of 2023. *United States v. Richardson*, 861 F.2d 291, 293 (D.C. Cir. 1988). Because the February warrant was supported by probable cause, the subsequent September warrant need not be suppressed under the Fruit of the Poisonous Tree doctrine.

**ORDERED** that the Government's [65] Motion to Exclude Certain Evidence and Argument is **GRANTED IN PART AND DENIED IN PART.** Burke will not be permitted to make jury nullification arguments. Nor will he be allowed to reference his potential sentence or the Government's charging decisions in this case or other cases. However, Burke will be permitted to introduce evidence related to his military service, his family status, and his reputation for honesty as further detailed in the Court's oral ruling.

**ORDERED** that the Defendant's [73] Motion in Limine is **DENIED**, except for where the motion correctly states the law as to Rule 404(b) evidence.

**ORDERED** that the Government's [149] Motion to Exclude Improper Impeachment Evidence and Limit Cross-Examination is **GRANTED IN PART AND DENIED IN PART.** Burke is permitted to inquire into the subject matter of the court proceedings in which Person 3 was involved, as such questions go to the heart of Person 3's credibility. *See United States v. Barnhart*, 599 F.3d 737, 747 (7th Cir. 2010). However, Burke will not be able to inquire about

aspects of the Navy Inspector General report that do not relate to Person 3's credibility. *See United States v. Lafayette*, 983 F.2d 1102, 1006 (D.C. Cir. 1993). Nor is he permitted to introduce any of these documents as extrinsic evidence. Finally, the defense will have leeway to impeach Person 3 on grounds of bias but should refrain from turning cross-examination into a mini-trial.

**SO ORDERED**.

Dated: April 10, 2025						TREVOR N. McFADDEN, U.S.D.J.