```
 1  TARA K. McGRATH
    United States Attorney
 2  PETER KO, CBN 191994
    Assistant U.S. Attorney
 3  Federal Office Building
    880 Front Street, Room 6293
 4  San Diego, California 92101-8893
    Telephone: (619) 546-7359
 5  Email: peter.ko2@usdoj.gov

 6  Attorneys for United States of America

 7                 UNITED STATES DISTRICT COURT

 8                 SOUTHERN DISTRICT OF CALIFORNIA

 9  UNITED STATES OF AMERICA    ) No. 17CR623-JLS
                                )
10                              ) BRIEF OF THE UNITED STATES IN
        v.                      ) RESPONSE TO DECEMBER 20, 2023,
11                              ) ORDER
    ENRICO DEGUZMAN (2),        )
12  DONALD HORNBECK (3),        )
    STEPHEN SHEDD (7),          )
13  ROBERT GORSUCH (9),         )
                                )
14           Defendants.        )
                                )
15  _____)
```

The court asked the parties to explain the reasons for allowing the defendants pending sentencing—Sanchez, Shedd, DeGuzman, Hornbeck, and Gorsuch—to withdraw their guilty pleas and for dismissal of their felony charges. The court also asked why these defendants should be treated differently than others who previously pleaded guilty in cases involving Leonard Francis.

1. While all the cases derive from involvement with Francis, these defendants were charged with or admitted participating in the same specific bribery conspiracy as the

1

trial defendants and Francis: a cadre of officers running the Seventh Fleet or the ship housing the Seventh Fleet's command staff who received meals, hotels, gifts, and other benefits from Francis for doing things to help him and his company. The proposed dismissal of Shedd and misdemeanor pleas for Sanchez, DeGuzman, Hornbeck, and Gorsuch are driven by two main considerations. First, these defendants accepted responsibility for their crimes and cooperated, some extensively. Yet because of serious issues specified below in the prosecution of the trial defendants that they had nothing to do with, they inequitably face much harsher outcomes than their immediate co-conspirators who did not accept responsibility, did not cooperate, and opted for trial. The proposed resolutions put them in the same or, for Shedd, a slightly better position as the trial defendants.

 2. Second, as stated before (Tr. 9/6/23 at 4), we do not agree with all the allegations made by the trial defendants; in fact, several are untrue and contrary to facts and evidence. For example, the accusation that prosecutors coached and suborned perjury from witnesses, see *Napue v. Illinois*, 360 U.S. 264 (1959), is false and relies on distorting and omitting facts and evidence. ECF 1279 explains how for the allegations about Shedd. Other *Napue* claims from the new trial motions can be similarly refuted upon request. Another example is the motions claimed the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing Francis may have had child sexual

2

abuse material on a hard drive. ECF 1156 at 14. The trial defendants knew about the files well before trial started. They talked about them at length at a November 2021 hearing. Tr. 11/18/21 at 5-27. A third example is the motions said the prosecution violated *Brady* by not disclosing Francis's housing arrangements on medical furlough. ECF 1156 at 12-15. Yet the court ruled before trial that, except for a couple aspects of his furlough which were disclosed, Francis's housing and medical arrangements on furlough were not *Brady* material and denied motions seeking that information. Tr. 9/2/21 at 17-18; Tr. 7/22/21 at 11.

Nonetheless, while nothing suggests the defendants pending sentencing or other defendants in Francis-related cases who pleaded guilty did not commit the charged crimes (they admitted the charges are true), also as stated before, we acknowledge certain issues affected the prosecution of this case. Not all were of the same nature, but combined they affected our determination about whether the case should proceed forward against the trial defendants and the defendants pending sentencing. The issues were:

- The court's misconduct finding concerning the disclosure of Ynah's statements to agents.

- The non-disclosure of Agent DeLaPena's factual mistakes in the *Rafaraci* complaint. DeLaPena's errors in the complaint did not appear intentional or reckless (*i.e.*, that he knew it was highly likely the statements were incorrect but still swore

3

they were true, see *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998)), but the better course was to disclose, at least out of caution.

- The information received after trial from Francis's investigator about how and where the "Covington hard drives" were acquired considering earlier representations about their origin, as well as other incorrect representations or opaque statements by the prosecution during the case.

- The handling and treatment of Francis.

- Our admission into evidence at trial of about a third of the emails. About 20 were offered as business records under Fed. R. Evid. 803(6), but after review we were concerned that they do not qualify. About 80 came from the Covington hard drives and, after review, we were concerned they were not sufficiently authenticated, particularly after the court excluded the drives for an insufficient showing of authenticity.

- The numerous attempts to elicit what the defense called "summary" testimony, though in many cases the more appropriate objections would have been lack of foundation, the witness lacked personal knowledge, or questions called for hearsay.

A defendant must establish a fair and just reason to withdraw a plea after it is accepted. Fed. R. Evid. 11(d)(2)(B); *United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 n.5 (9th Cir. 1998). Adequate reasons could include a deficient plea colloquy, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the plea was entered.

4

*United States v. Minasyan*, 4 F.4th 770, 778-79 (9th Cir. 2021). *United States v. Showalter*, 569 F.3d 1150, 1157-58 (9th Cir. 2009), and other decisions explain new evidence is enough for withdrawal if it plausibly could have motivated a reasonable person in the defendant's position to not plead guilty had they known about the evidence.

Under these standards, we think plea withdrawal for the defendants pending sentencing would be warranted based on issues above. Withdrawal of the pleas no doubt would be followed by attempts to seek dismissal or other relief based on some or all the issues raised in the new trial motions, regardless of merit. As indicated before (Tr. 9/6/23 at 4-5), what is necessary for the United States to respond to those contentions affects our ability to go forward.

3. Because of these considerations, the joint proposal instead is for all the defendants pending sentencing but Shedd to plead guilty to and be sentenced for a misdemeanor crime, like the trial defendants. The felony charges against these defendants and Shedd then would be dismissed with prejudice.

Dismissal may occur even after a guilty plea, before sentencing, with leave of court. Fed. R. Crim. P. 48(a); *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009). (The fair and just standard for withdrawing a plea under Rule 11 need not be satisfied before charges may be dismissed under Rule 48. Dismissal moots the plea. See *United States v. Romero*, 360 F.3d

1248, 1251-53 (10th Cir. 2004). If it must, though, we think the fair and just standard could be met for reasons above.)

The leave requirement "was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). The main purpose is "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977). These defendants are joining the dismissal motion which "obviate[s] any concern that the prosecution [seeks] to dismiss . . . for purposes of harassment." *United States v. Gonzalez*, 58 F.3d 459, 464 (9th Cir. 1995).

Some decisions interpreting the leave requirement focus "fundamental[ly]" on whether dismissal is sought in good faith: "when the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *Hayden*, 860 F.2d at 1487-88. *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988), and *United States v. Salinas*, 693 F.2d 352-53 (5th Cir. 1982)—cited by *Wallace*, 848 F.2d at 1468— indicate good faith means the reasons for dismissal are true, and dismissal is not a pretext to gain a tactical advantage on the defendant. No prosecutor fabricates the concessions above. And the proposed misdemeanor resolutions despite earlier guilty

6

pleas to felonies belie that dismissal achieves anything tactically against these defendants.

The narrow reason for requiring leave means that "[w]here a defendant consents to the government's move to dismiss, it is not clear that the district court has any discretion to deny the government's motion." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007-08 (9th Cir. 2000); *Gonzalez*, 58 F.3d at 461. But circuit law has "consistently declined to reach the issue" and instead said "that, even if a district court does have discretion to deny an uncontested motion, it could do so only if the motion were clearly contrary to manifest public interest." *Id.* (citations and internal quotation marks omitted). *United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983), offers as examples "the acceptance of a bribe by the prosecutor or the desire to attend a social event instead of appearing in court." *Weber*'s examples come from *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981) (en banc), which adds a prosecutor dismissing "'because he personally dislikes the victim of the crime.'"

*Weber*, 721 F.2d at 288, and *Gonzalez*, by contrast, hold that a prosecutor requesting dismissal "based on broad considerations of justice" like this case is not only *not* contrary to public interest, "'it is the *duty* of the United States Attorney.'" 58 F.3d at 462. Such a concern "held in good faith[] is a proper and appropriate reason for dismissing an

7

indictment." *Id.* at 463. For that reason, dismissing the charges in this case is appropriate, and leave should be granted.

    4.   The court asked if others previously sentenced in the Francis-related cases also are affected by the trial issues and expressed concern the proposed dispositions will lead to sentence disparities, specifically noting Jesus Cantu's 30-month sentence in February 2023. (Cantu was sentenced a month before the trial defendants' first new trial motion, ECF 1156, that led to the government's full review of the trial.)

    The United States is committed to ensuring all the defendants receive any redress that is owed them for the issues above. This brief addresses the defendants pending sentencing because their cases remain open before the court, and we already determined their circumstances warrant relief. Our review of other cases to determine if other defendants were affected by the issues above and merit relief is ongoing.

    DATED:    April 16, 2024

                                         Respectfully submitted,

                                         TARA K. McGRATH
                                         United States Attorney

                                         s/Peter Ko

                                         PETER KO
                                         Assistant U.S. Attorney