UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

——————————————————————
UNITED STATES OF AMERICA,            )
                                     ) Case No. 13-CR-04287-JLS
                Plaintiff,           )
                                     )
        v.                           ) Motion Hearing
                                     )
JOSE LUIS SANCHEZ,                   )
                                     )
                Defendant.           )
——————————————————————)

                                       May 21, 2024

——————————————————————
UNITED STATES OF AMERICA,            )
                                     ) Case No. 17-CR-00623-JLS
                Plaintiff,           )
                                     )
        v.                           )
                                     ) Motion Hearing
ENRICO DE GUZMAN, DONALD             )
GAYLE HORNBECK, ROBERT               )
GORSUCH,                             )
                Defendants.          )  **CERTIFIED**
——————————————————————)  **TRANSCRIPT**


            REPORTER'S TRANSCRIPT OF PROCEEDINGS
                 PAGES 1 THROUGH 53

        BEFORE THE HONORABLE JANIS L. SAMMARTINO
             UNITED STATES DISTRICT JUDGE


    APPEARANCES:

    For Plaintiff:   UNITED STATES ATTORNEY'S OFFICE
                     880 Front Street, Suite 6293
                     San Diego, California  92101-8807
                     BY:  PETER KO, AUSA
                     BY:  FRED SHEPPARD, AUSA

Reported By:  Stephanie Whitehead, RDR, CRR
District Court Clerk's Office, Reported stenographically

```
 1   APPEARANCES (Cont'd):

 2   For Defendant          FREEDMAN BOYD HOLLANDER & GOLDBERG
     Sanchez                20 First Plaza Center NW, Suite 700
 3                          Albuquerque, New Mexico 87102
                            BY:  VINCENT J. WARD, ESQ.
 4

 5   For Defendant          ARENDSEN BRADDOCK LLP
     DeGuzman               535 North Highway 101, Suite A
 6                          Solana Beach, California 92075-1175
                            BY:  HAMILTON E. ARENDSEN, ESQ.
 7

 8   For Defendant          LAW OFFICES OF BENJAMIN J. CHEEKS APC
     Hornbeck               600 West Broadway, Suite 700
 9                          San Diego, California 92101
                            BY:  BENJAMIN J. CHEEKS, ESQ.
10

11   For Defendant          LAW OFFICES OF FREDERICK M. CARROLL
     Gorsuch                427 C Street, Suite 400
12                          San Diego, California 92101
                            BY:  FREDERICK M. CARROLL, ESQ.
13

14
     For Defendant          THE LAW OFFICE OF DAVID S. WILSON APC
15   Shedd                  105 West F Street, Third Floor
                            San Diego, California 92101
16                          BY:  DAVID S. WILSON, ESQ

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | <u>TUESDAY, MAY 21, 2024; 9:59 A.M.</u> |
| 2 | *     *     * |
| 3 | THE CLERK:  Matter number 1, 13-cr-04287, United |
| 4 | States of America v. Jose Luis Sanchez, and matter number 2, |
| 5 | 17-cr-00623, United States of America v. Defendant Number 2, |
| 6 | Enrico DeGuzman; Defendant Number 3, Donald Gayle Hornbeck; |
| 7 | Defendant Number 7, Steven Shedd; and Defendant Number 9, |
| 8 | Robert Gorsuch for motion hearing. |
| 9 | THE COURT:  Good morning, everyone.  Appearances, |
| 10 | please, starting with matter number 1 on behalf of Mr. Sanchez. |
| 11 | MR. WARD:  Good morning, your Honor.  Vincent Ward on |
| 12 | behalf of Mr. Sanchez.  And Mr. Sanchez is in the courtroom |
| 13 | right behind me. |
| 14 | DEFENDANT SANCHEZ:  Good morning. |
| 15 | THE COURT:  Thank you.  Good morning, sir. |
| 16 | On behalf of the government on that matter. |
| 17 | MR. KO:  Good morning, your Honor.  Peter Ko and Fred |
| 18 | Sheppard for the United States. |
| 19 | THE COURT:  Thank you.  Good morning. |
| 20 | Item number two.  On behalf of Mr. DeGuzman? |
| 21 | MR. ARENDSEN:  Good morning, your Honor.  Hamilton |
| 22 | Arendsen.  And Mr. DeGuzman is present before the Court on |
| 23 | bond. |
| 24 | DEFENDANT DE GUZMAN:  Good morning, your Honor. |
| 25 | THE COURT:  Thank you.  Good morning. |

1          On behalf of Mr. Hornbeck?

2          MR. CHEEKS:  Good morning, your Honor.  Benjamin

3 Cheeks on behalf of Mr. Hornbeck.  He is present right behind

4 me out on bond.

5          THE COURT:  Okay.  Thank you.

6          On behalf of Mr. Shedd?

7          MR. WILSON:  Good morning, your Honor.  David Wilson.

8 Mr. Shedd is present and on bond.

9          DEFENDANT SHEDD:  Good morning, your Honor.

10          THE COURT:  Thank you.  Good morning, Mr. Shedd.

11          On behalf of Mr. Gorsuch?

12          MR. CARROLL:  Good morning, your Honor.  Frederick

13 Carroll for Mr. Gorsuch who is present before the Court on

14 bond.

15          THE COURT:  Okay.  Thank you.

16          And the government is represented by both of you

17 gentlemen again?

18          MR. KO:  Yes, ma'am.

19          THE COURT:  Okay.  Thank you.  Please be seated,

20 everyone.

21          We are here today for the continued hearing on the

22 joint motions to withdraw the guilty pleas of Defendants

23 Hornbeck, Gorsuch, DeGuzman, and Sanchez, and the government's

24 unopposed motion to dismiss the indictment against Steven

25 Shedd, which includes a request to strike documents numbered

1 1270, 1273, and 1274.

2 At the prior hearing on December 20, 2023, the Court

3 requested a legal and factual basis for withdrawals of the

4 guilty pleas with briefing and supporting declarations. In

5 addition, the Court requested a review of each defendant in the

6 global conspiracy to assure the Court of the propriety of the

7 current joint recommendations. The parties were asked to focus

8 on the particular evidence that calls into question the guilty

9 pleas.

10 The Court further noted that public trust and

11 confidence in the criminal justice system must be considered,

12 and the community must be assured that what happened during the

13 trial in this case will not happen again. The information now

14 submitted provides the Court with a bare minimum necessary to

15 resolve the matters before it. The Court requested to know how

16 prosecutorial misconduct impacted the balance of the case and

17 the defendants before the Court today. This misconduct was

18 partially uncovered by the defense during the trial of select

19 codefendants, and to the government's credit, with the new

20 legal team in place the government disclosed significant

21 misconduct after the trial.

22 The situation that the defendants and the Court find

23 themselves in today is extremely unfortunate and is all of the

24 government's making. There is no satisfactory resolution. The

25 broader case, generally referred to as the Navy bribery

1     scandal, which has been reported to be the largest bribery

2     conspiracy in naval history, is without question a tragic

3     chapter for the Navy and an embarrassment to the government.

4     This case has been in the courts for over 12 years and has

5     included multiple indictments and over 30 defendants.  Many

6     defendants have pleaded guilty at many different points

7     throughout this time span, and custodial sentences have ranged

8     from 6 months to 12 years.  Many, if not most, of those

9     sentences have been completed.

10          As mentioned, one group of defendants went to a trial

11    which lasted approximately four months.  During trial the

12    government's misconduct started the unraveling of the case.

13    The end result was that four of the trial defendants who were

14    convicted of felony offenses had their jury verdicts set aside

15    and ultimately received misdemeanor plea offers.  The

16    defendants who cooperated with the Government and entered

17    guilty pleas before trial are requesting the same disposition

18    today, with the exception of Defendant Shedd who stands to

19    benefit from the government's motion to dismiss.

20          All of the defendants before me today accepted

21    responsibility and significantly cooperated with the

22    government.  Nothing suggests that any of these defendants did

23    not commit the crimes they pled guilty to; however, significant

24    issues or changed circumstances have arisen since the

25    defendants' guilty pleas were entered.  These changed

1    circumstances include Leonard Francis not testifying at trial

2    and the misdemeanor dispositions of the other defendants caused

3    by the following circumstances:

4         1) The Court's finding of prosecutorial misconduct

5    concerning a nondisclosure of Ynah's statements to agents;

6         2) The nondisclosure of Agent De La Pena's factual

7    mistakes in the *Rafaraci* case;

8         3) Incorrect representations by the prosecution and

9    false testimony regarding the origin of certain evidence which

10   became known as the Covington hard drives;

11        4) The handling and treatment of Leonard Francis;

12        5) The admission of documents as business records

13   which did not qualify as such at trial; and

14        6) Numerous attempts to elicit summary witness

15   testimony during trial.

16        The government has not responded to the Court's

17   questions about other defendants not before the Court and,

18   perhaps, the government will choose to remain silent.  The lack

19   of transparency to the community, both civilian and military,

20   is troublesome.  Many unanswered questions remain which creates

21   speculation, misunderstanding, and mistrust.

22        Judges do their best to eliminate the inequities that

23   can occur in our criminal justice system, but there are limits

24   to a Court's legal authority to do so.  It should be the goal

25   of every court and attorney to act in a manner which helps our

| | |
|---|---|
| 1 | public have confidence in the judicial system and in the rule |
| 2 | of law.  Sadly, many missed the mark in this case. |
| 3 | Nevertheless, under the generous applicable legal standards, |
| 4 | the Court believes the record before it is sufficient to tip |
| 5 | the scales in favor of the dispositions requested, but just |
| 6 | barely. |
| 7 | With regard to the government's motion to dismiss the |
| 8 | indictment against Defendant Shedd, the doctrine of separation |
| 9 | of powers constrains the Court's power to deny an uncontested |
| 10 | motion to dismiss.  The Court may do so only in extremely |
| 11 | limited circumstances, specifically when the prosecutors' |
| 12 | actions clearly indicate bad faith or betrayal of the public |
| 13 | interest.  Here, the government maintains that dismissal is |
| 14 | appropriate in light of Defendant Shedd's public testimony |
| 15 | against peers of similar or greater culpability and is the only |
| 16 | realistic way to differentiate his effort to mitigate his |
| 17 | wrongs.  The Court cannot conclude that this representation is |
| 18 | in bad faith or contrary to the public interest, so the Court |
| 19 | must accept the government's motion.  Accordingly, the |
| 20 | government's motion to dismiss the indictment against Defendant |
| 21 | Shedd is granted.  However, the Court will not strike any |
| 22 | documents or pleadings filed in this case. |
| 23 | The Court has more discretion in determining whether a |
| 24 | fair and just reason exists to permit the withdrawal of a |
| 25 | guilty plea.  However.  This standard is to be liberally |

1    construed.  The defendants need not demonstrate that their

2    pleas were invalid, or that new evidence exonerates them, or

3    that there is a reasonable probability that they would not have

4    been convicted had their cases gone to trial.  It is sufficient

5    that there was relevant evidence or changed circumstances in

6    the defendants' favor that could at least plausibly have

7    motivated a reasonable person in the defendants' position not

8    to have pled guilty had they known about the evidence or

9    changed circumstances prior to pleading.  Under this generous

10   standard, in light of the changed circumstances previously

11   mentioned, the Court will grant the joint motions to withdraw

12   the guilty pleas of Defendants DeGuzman, Hornbeck, Gorsuch, and

13   Sanchez.

14          Having done this, the Court will accept the request

15   for arraignment on the superseding misdemeanor informations,

16   consistent with the binding plea agreements.  While not a

17   perfect resolution, it is accepted in an effort to minimize

18   disparities in this case.

19          So with that, I'm prepared to proceed.  And I will

20   start with number one on calendar, which is Mr. Sanchez.

21   Please come to the podium.

22          Please go ahead, Adrianna.

23          THE CLERK:  Jose Luis Sanchez, is that your true name?

24          DEFENDANT SANCHEZ:  Yes, sir -- yes, ma'am.

25          THE CLERK:  You're informed that a misdemeanor

1    information has been filed charging you with Title 18 United

2    States Code Section 1905, disclosing information.

3          Counsel, have you received a copy and do you waive

4    further reading?

5          MR. WARD:  We've received a copy.  We waive reading.

6          THE CLERK:  Mr. Sanchez, you are further informed that

7    you have the right to be represented by counsel at all stages

8    of the proceedings before the Court.  You have the right to

9    remain silent.  You have the right to a trial by the Court, and

10   you have the right to confront and cross-examine any witnesses

11   who testify against you, and you have the right to have

12   witnesses subpoenaed to testify on your behalf.

13         Mr. Sanchez, how do you plead to Count 1 of the

14   misdemeanor information, guilty or not guilty?

15         DEFENDANT SANCHEZ:  Guilty, ma'am.

16         THE CLERK:  Thank you.

17         THE COURT:  Okay.  Swear him in.

18         THE CLERK:  Please raise your right hand.

19         (Defendant Sanchez sworn)

20         THE COURT:  Okay.  Mr. Sanchez, do you understand you

21   were just sworn under penalty of perjury, and if you don't give

22   truthful answers to my questions this morning, you could face

23   the additional charge of perjury, or giving false statements

24   under oath?

25         DEFENDANT SANCHEZ:  Yes, ma'am.

```
1              THE COURT:  What is your full name?

2              DEFENDANT SANCHEZ:  Jose Luis Sanchez, your Honor.

3              THE COURT:  And where were you born, sir?

4              DEFENDANT SANCHEZ:  I was born in Albuquerque,

5    New Mexico.

6              THE COURT:  I'm sorry?

7              DEFENDANT SANCHEZ:  Albuquerque, New Mexico.

8              THE COURT:  Okay.  Pull that mic up; you're tall sir.

9              Okay.  And how old are you?

10             DEFENDANT SANCHEZ:  51.

11             THE COURT:  And how far did you go in school?

12             DEFENDANT SANCHEZ:  Got my master's degree from naval

13   postgraduate school.

14             THE COURT:  Okay.  Have you had a chance to look at

15   the one-page information that's been filed in this matter?

16             DEFENDANT SANCHEZ:  Yes, ma'am.

17             THE COURT:  Okay.  And I'm told that you wish to

18   change your plea to guilty this morning; is that correct?

19             DEFENDANT SANCHEZ:  Yes, ma'am.

20             THE COURT:  Okay.  I've been given a copy of the plea

21   agreement.  It hasn't been executed, but I'm assuming an

22   executed copy is lodged with the Court?

23             MR. WARD:  We've provided an executed copy to Counsel,

24   your Honor.  I'm not sure that it's been lodged yet.

25             THE CLERK:  I have it.
```

```
 1              THE COURT:  Okay.  Do you have it?  So let me have

 2    that, please.  Thank you.

 3              Your initials have been placed in the lower corner of

 4    each page?

 5              DEFENDANT SANCHEZ:  Yes, ma'am.

 6              THE COURT:  And you've signed the final copy of it at

 7    the bottom?

 8              DEFENDANT SANCHEZ:  Yes, your Honor, I did.

 9              THE COURT:  Okay.  By virtue of doing that, that tells

10    me, sir, that you've had a complete --

11              Here, Adrianna.

12              You've had a full and complete opportunity to discuss

13    with your lawyer any questions you might have had about this

14    document.

15              DEFENDANT SANCHEZ:  No, your Honor.

16              THE COURT:  You have had that opportunity?

17              DEFENDANT SANCHEZ:  I have, your Honor.

18              THE COURT:  Okay.  Do you have any other questions

19    before we go any farther, of your lawyer or of me?

20              DEFENDANT SANCHEZ:  No, I don't, your Honor.

21              THE COURT:  Have you been treated recently for any

22    mental illness or addiction to narcotics drugs?

23              DEFENDANT SANCHEZ:  No, I have not your Honor.

24              THE COURT:  Have you consumed any medication, drugs or

25    alcohol within the last 72 hours?
```

1        DEFENDANT SANCHEZ:  No, I have not, your Honor.

2        THE COURT:  Has anyone made any threats to you or to

3    someone near and dear to you to cause you to enter this plea

4    agreement?

5        DEFENDANT SANCHEZ:  No, your Honor.

6        THE COURT:  Are you pleading guilty of your own free

7    will because you are, in fact, guilty of this charge?

8        DEFENDANT SANCHEZ:  Yes, your Honor.

9        THE COURT:  Has anybody made you promises that's

10   causing you to change your plea to guilty to this information

11   today, other than the promises contained in the plea agreement?

12       DEFENDANT SANCHEZ:  No, your Honor.

13       THE COURT:  Are you a United States citizen?

14       DEFENDANT SANCHEZ:  Yes, your Honor.

15       THE COURT:  Do you -- are you currently on probation,

16   parole, or supervision from any other court?

17       DEFENDANT SANCHEZ:  No, your Honor.

18       THE COURT:  Do you have any state charges pending

19   against you?

20       DEFENDANT SANCHEZ:  No, your Honor.

21       THE COURT:  By pleading guilty you give up a number of

22   constitutional rights, including the right to a speedy, public

23   jury trial, the right to confront and cross-examine witnesses,

24   the right to remain silent or to testify at trial, if you

25   desire, and the right to subpoena documents and witnesses in

1    defense of the charges.

2            Do you understand each of these rights?

3            DEFENDANT SANCHEZ:  Yes, your Honor.

4            THE COURT:  And do you wish to give each of these

5    rights up?

6            DEFENDANT SANCHEZ:  Yes, your Honor.

7            THE COURT:  Do you understand that you have the right

8    to counsel at all stages in a criminal case, and if you said

9    you were not guilty, sir, your attorney would represent you

10   throughout this case, and he would honor the decision of not

11   guilty.

12           Do you understand that?

13           DEFENDANT SANCHEZ:  Yes, your Honor.

14           THE COURT:  Are you satisfied with your attorney, his

15   representation, and the advice given to you in this case by

16   your attorney?

17           DEFENDANT SANCHEZ:  Yes, your Honor.

18           THE COURT:  Sir, do you understand that you're charged

19   with a violation of Title 18, United States Code Section 1905,

20   disclosing information?  It's a misdemeanor, and it's alleged

21   that this occurred on or about September the 14th, 2009.

22           Do you understand the nature of that charge, sir?

23           DEFENDANT SANCHEZ:  Yes, your Honor.

24           THE COURT:  Do you understand that if you went to

25   trial, the government would have to prove every element of the

1    offense beyond a reasonable doubt?

2          DEFENDANT SANCHEZ:  Yes, your Honor.

3          THE COURT:  Mr. Ko, for the record would you state the

4    elements of the offense, sir.

5          MR. KO:  One, the defendant was an employee of the

6    U.S. Navy; two, he disclosed information that came to him in

7    the course of his employment; and three, the information

8    concerned or related to the processes or operations of the

9    Navy.

10          THE COURT:  Okay.  Sir, do you understand the

11    government would have to prove each of those elements beyond a

12    reasonable doubt if you went to trial?

13          DEFENDANT SANCHEZ:  Yes, your Honor.

14          THE COURT:  There's a maximum penalty for this

15    offense, sir, and that maximum penalty is one year in prison, a

16    $100,000 fine, a mandatory special assessment of $25, and a

17    term of supervision of up to one year.

18          Do you understand that maximum penalty?

19          DEFENDANT SANCHEZ:  Yes, your Honor.

20          THE COURT:  Counsel, would you please provide the

21    factual basis for your client's plea?  It's in the plea

22    agreement starting at the bottom of page 2.

23          MR. WARD:  Your Honor, if I could just grab my

24    computer.

25          THE COURT:  Okay.  Counsel's got one.

1            MR. WARD:  Your Honor, on or about September 14, 2009,

2  while outside the United States and an employee of the United

3  States Navy, defendant disclosed to Leonard Francis, charged

4  elsewhere, information about U.S. Navy processes and operations

5  that came to defendant in the course of his employment; that

6  is, classified U.S. Navy ship and submarine schedules.

7            THE COURT:  Sir, do you agree with what your lawyer

8  just said happened in this case?

9            DEFENDANT SANCHEZ:  Yes, your Honor.

10            THE COURT:  Mr. Ko, are you satisfied with the factual

11  basis?

12            MR. KO:  Yes, ma'am.

13            THE COURT:  Sir, the Court will impose a sentence

14  based on the factors set forth in Title 18 United States Code

15  Section 3553A; however, in imposing a sentence, I will consult

16  the sentencing guidelines and take them into account in

17  deciding in your case.

18            Have you discussed the sentencing factors and

19  guidelines with your attorney?

20            DEFENDANT SANCHEZ:  Yes, your Honor.

21            THE COURT:  Do you understand that the guidelines are

22  advisory and not mandatory?

23            DEFENDANT SANCHEZ:  Yes, your Honor.

24            THE COURT:  The Court is bound by your plea agreement

25  here --

| | |
|---|---|
| 1 | MR. KO:  It's page 6, paragraphs (e) and (f). |
| 2 | THE COURT:  Yes, I've found it. |
| 3 | There's a waiver of appeal.  There's the binding |
| 4 | plea -- I just want to confirm.  Thank you. |
| 5 | Counsel, have you advised your client of the terms of |
| 6 | the plea agreement, the charges against him, and the |
| 7 | consequences of this plea? |
| 8 | MR. WARD:  I have, your Honor. |
| 9 | THE COURT:  Are you aware of any defenses he's giving |
| 10 | up or violations of his constitutional rights? |
| 11 | MR. WARD:  No, your Honor. |
| 12 | THE COURT:  Do you join in the plea, sir? |
| 13 | MR. WARD:  Absolutely, your Honor. |
| 14 | THE COURT:  Okay.  Mr. Sanchez, how do you plead to |
| 15 | the one-count information before this Court, guilty or not |
| 16 | guilty? |
| 17 | DEFENDANT SANCHEZ:  Guilty, your Honor. |
| 18 | THE COURT:  The Court will accept your plea.  I find |
| 19 | it to be free, voluntary, and competently entered.  You |
| 20 | understand the plea agreement, the charge against you, and the |
| 21 | consequences.  There is a factual basis for the plea, and you |
| 22 | have knowingly and intelligently waived your rights. |
| 23 | The request is for immediate sentencing, correct? |
| 24 | DEFENDANT SANCHEZ:  Yes, your Honor. |
| 25 | THE COURT:  Correct, Counsel? |

```
 1              MR. WARD:  Correct, your Honor.

 2              THE COURT:  Okay.  Counsel, is there anything you

 3    would like to say, sir?

 4              MR. WARD:  Your Honor, I know this has been a long

 5    time coming.

 6              THE COURT:  Very long.

 7              MR. WARD:  Mr. Sanchez was in this courtroom, you

 8    know, 11 years ago when all of this started.  So we appreciate

 9    your Honor's attention to the case and consideration of the

10    arguments that were presented also from the government.  I know

11    that Mr. Sanchez is deeply remorseful for what happened, and we

12    appreciate your time, your Honor.  Thank you.

13              THE COURT:  Okay.  Mr. Sanchez, is there anything you

14    would like to say, sir, before sentence is imposed?

15              DEFENDANT SANCHEZ:  No, your Honor.

16              THE COURT:  Okay.  Mr. Ko, on behalf of the

17    government, sir?

18              MR. KO:  We submit.

19              THE COURT:  Okay.  I believe we have an offense level

20    of 6, minus 2 for acceptance, which takes us to an offense

21    level 4, Criminal History Category I, a zero to 4 range.  And

22    the request is for no time, no supervision.

23              Am I correct, Mr. Ko?

24              MR. KO:  Yes, ma'am.

25              THE COURT:  Okay.  No supervision.  $100 fine.
```

1    Special assessment of $25 -- go ahead.

2            MR. KO:  We're going to move to remit the penalty

3    assessment.

4            THE COURT:  Okay.  Move to remit the penalty

5    assessment.  So not the $25, just the $100 fine.  No

6    supervision, no time.

7            Have I covered everything?

8            MR. KO:  Yes, ma'am.

9            THE CLERK:  There are remaining counts, your Honor.

10           THE COURT:  Okay.  Let me just ask this:  You can pay

11   the $100 fine forthwith, I'm assuming?

12           DEFENDANT SANCHEZ:  Yes, your Honor.

13           THE COURT:  Okay.  So I don't need to set a payment

14   schedule.

15           Mr. Ko, there's some underlying counts that need to be

16   dismissed if you choose to do that at the end of today's

17   hearing, that's fine, but I think this is a separate

18   indictment, at least with regard to him.

19           MR. KO:  Correct.  Yes, ma'am.  We'd move to dismiss

20   him from the indictment with prejudice.

21           THE COURT:  Okay.  That motion to dismiss with

22   prejudice is granted.  Okay.  Thank you.

23           DEFENDANT SANCHEZ:  Thank you, your Honor.

24           THE CLERK:  Your Honor, if the bond could be

25   exonerated and release of the passport.

```
1              THE COURT:  Oh, thank you.  Thank you.

2          Your client is on bond.

3              MR. WARD:  It's been so long ago, your Honor.

4              THE COURT:  My clerk is telling me he's on bond.  What

5      do you think, Mr. Ko?

6              MR. WARD:  Yeah, that's right.  I apologize.  I

7      thought at some point there he was released on recognizance,

8      but if it's bond, then that sounds accurate to me, your Honor.

9      And I apologize, it's just been a very long time ago.

10             THE COURT:  No, that's all right.  It's been a long,

11     long time.

12             MR. WARD:  Yeah, that's right.  His family is actually

13     the one who posted bond for him.

14             THE COURT:  Okay.  Well, I'm going to exonerate the

15     bond at this point, and I'm going to order release of his

16     passport to him.

17         Is there anything else?

18             THE CLERK:  Appeal rights, your Honor?

19             THE COURT:  Appeal rights have been waived, haven't

20     they?

21             MR. WARD:  They have.  I believe it's in there.

22             THE COURT:  Let me just find that in here.  Yes

23     page 7.  You understand you've waived appeal rights on this

24     matter, Mr. Sanchez?

25             DEFENDANT SANCHEZ:  Yes, your Honor.
```

```
1              THE COURT:  Okay.  Okay.  Thank you.

2              Anything else?  Mr. Ko?  Counsel?

3              MR. WARD:  Thank you.

4              MR. KO:  To be clear, that was the sentence, correct?

5    $100 fine, essentially?

6              THE COURT:  $100 fine is the sentence.  There is no

7    time in custody, no supervision, a $100 fine.  The government

8    moved to remit the penalty assessment.

9              MR. KO:  Thank you.

10             THE COURT:  You're welcome.

11             MR. WARD:  Thank you, your Honor.

12             THE COURT:  Okay.  If Mr. DeGuzman and his counsel

13   would come forward.

14             MR. ARENDSEN:  Good morning again, your Honor.

15             DEFENDANT DE GUZMAN:  Good morning, your Honor.

16             THE COURT:  Good morning.

17             Please go ahead on the information that's been filed.

18             THE CLERK:  Enrico DeGuzman, is that your true name?

19             DEFENDANT DE GUZMAN:  Yes.

20             THE CLERK:  You're informed that a misdemeanor

21   information has been filed charging you with Title 18, United

22   States Code Section 1905, disclosing information.

23             DEFENDANT DE GUZMAN:  Yes, ma'am.

24             THE COURT:  Counsel, have you received a copy, and do

25   you waive further reading?
```

1          MR. WARD:  Yes, and so waived.

2          THE CLERK:  Mr. DeGuzman, you are further informed

3     that you have the right to be represented by counsel at all

4     stages of the proceedings before the Court.  You have the right

5     to remain silent; you have a right to a trial by the court; you

6     have the right to confront and cross-examine any witnesses who

7     testify against you; and you have the right to have witnesses

8     subpoenaed to testify on your behalf.

9          Mr. DeGuzman, how do you plead to Count 1 of the

10    misdemeanor information, guilty --

11         MR. ARENDSEN:  We'll enter a not guilty plea just for

12    the next few minutes, your Honor.

13         THE CLERK:  Please raise your right hand.

14         (Defendant DeGuzman sworn)

15         THE COURT:  Mr. DeGuzman, do you understand you were

16    just sworn under penalty of perjury, and if you fail to give me

17    truthful answers to my questions this morning you could face

18    the additional charge of perjury, or giving false statements

19    under oath?

20         DEFENDANT DE GUZMAN:  Yes, ma'am.

21         THE COURT:  What is your full name?

22         DEFENDANT DE GUZMAN:  Enrico Gonzaga DeGuzman.

23         THE COURT:  Where were you born, sir?

24         DEFENDANT DE GUZMAN:  I was born in Olongapo in the

25    Philippines.

1          THE COURT:  How old are you?

2          DEFENDANT DE GUZMAN:  I'm 66.

3          THE COURT:  And how far did you go in school?

4          DEFENDANT DE GUZMAN:  Two master's degrees.

5          THE COURT:  Have you had a chance to see the one-count

6     information that's been filed that you were just arraigned on,

7     sir?

8          DEFENDANT DE GUZMAN:  Yes, your Honor.

9          THE COURT:  Your attorney tells me that you wish to

10    enter a guilty plea this morning to that one-count information;

11    is that true?

12         DEFENDANT DE GUZMAN:  Yes, your Honor.

13         THE COURT:  And I have a copy of your plea agreement,

14    sir, and it appears in the lower right-hand corner, you've

15    placed your initials on each page.

16         DEFENDANT DE GUZMAN:  Yes, your Honor.

17         THE COURT:  Are those in fact your initials?

18         DEFENDANT DE GUZMAN:  Yes, your Honor.

19         THE COURT:  And on the last page, the bottom signature

20    appears to be your signature.  Is that your signature?

21         DEFENDANT DE GUZMAN:  Yes, your Honor.

22         THE COURT:  This document tells me that you've had a

23    full and complete opportunity to ask your counsel all your

24    questions; is that true?

25         DEFENDANT DE GUZMAN:  Yes, ma'am.

1          THE COURT:  Before we go any further, are there any

2  questions you want to ask me or your attorney?

3          DEFENDANT DE GUZMAN:  No, your Honor.

4          THE COURT:  Have you been treated for any mental

5  illness or addiction to narcotic drugs?

6          DEFENDANT DE GUZMAN:  No, ma'am.

7          THE COURT:  Have you consumed any medication, drugs,

8  or alcohol within the last 72 hours?

9          DEFENDANT DE GUZMAN:  No, your Honor.

10          THE COURT:  Has anybody made any threats to you or

11  anyone near or dear to you to cause you to change your plea?

12          DEFENDANT DE GUZMAN:  No, your Honor.

13          THE COURT:  Are you pleading guilty, Mr. DeGuzman, of

14  your own free will because you're guilty of this charge?

15          DEFENDANT DE GUZMAN:  Yes, your Honor.

16          THE COURT:  Has anybody promised you anything other

17  than the promises contained in your plea agreement to cause you

18  to change your plea?

19          DEFENDANT DE GUZMAN:  No, your Honor.

20          THE COURT:  Are you a United States citizen?

21          DEFENDANT DE GUZMAN:  Yes, ma'am.

22          THE COURT:  Are you currently on probation, parole, or

23  supervision from another court?

24          DEFENDANT DE GUZMAN:  No, ma'am.

25          THE COURT:  Do you have any state court charges

1    pending against you?

2         DEFENDANT DE GUZMAN:  No, your Honor.

3         THE COURT:  By pleading guilty, you give up a number

4    of constitutional rights, including the right to a speedy

5    public jury trial, the right to confront and cross-examine

6    witnesses, the right to remain silent or testify, if you would

7    choose to do so, and the right to subpoena documents and

8    witnesses in defense of the charge.

9         Do you understand these rights?

10        DEFENDANT DE GUZMAN:  Yes, your Honor.

11        THE COURT:  And do you wish to give these rights up?

12        DEFENDANT DE GUZMAN:  Yes, your Honor.

13        THE COURT:  Do you understand that you have the right

14   to an attorney at all stages of these proceedings, and if you

15   elect to stand on a not guilty plea, your counsel would honor

16   that and defend you throughout this case?

17        DEFENDANT DE GUZMAN:  Yes, your Honor.

18        THE COURT:  Are you satisfied with your attorney, his

19   representation, and the advice he's given you in this case?

20        DEFENDANT DE GUZMAN:  Yes, your Honor.

21        THE COURT:  Do you understand, Mr. DeGuzman, you're

22   charged with a violation of Title 18, United States Code

23   Section 1905, disclosing information, and this occurred on or

24   about June the 5th of 2007?

25        Do you understand the nature of that charge, sir?

1    DEFENDANT DE GUZMAN:  Yes, your Honor.

2    THE COURT:  Do you understand that if you went to

3    trial, the government would have to prove every element of that

4    offense beyond a reasonable doubt?

5    DEFENDANT DE GUZMAN:  Yes, your Honor.

6    THE COURT:  Would the government state for the record

7    the elements, please.

8    MR. KO:  First, he was an employee of the U.S. Navy;

9    second, he disclosed information that came to him in the course

10   of his employment; third, the information concerned or related

11   to the processes or operations of the Navy.

12   THE COURT:  Thank you.

13   Do you understand the government would have to prove

14   all of that beyond a reasonable doubt if you went to trial?

15   DEFENDANT DE GUZMAN:  Yes, your Honor.

16   THE COURT:  There's a maximum penalty for this

17   offense, sir, and that maximum penalty is a year in prison, a

18   $100,000 fine, a special assessment -- a mandatory special

19   assessment of $25, and a term of supervision of up to one year.

20   Do you understand the maximum penalty?

21   DEFENDANT DE GUZMAN:  Yes, your Honor.

22   THE COURT:  Counsel, would you please provide the

23   factual basis for your client's plea.

24   MR. ARENDSEN:  Yes, your Honor.  On or about

25   June 5th of 2007, while outside the United States and an

1    employee of the U.S. Navy, the defendant disclosed to Leonard

2    Francis, charged elsewhere, information about U.S. Navy

3    processes and operations that came to the defendant in the

4    course of his employment; that is, internal Navy correspondence

5    regarding the USS Peleliu.

6              THE COURT:  Mr. DeGuzman, do you agree with what your

7    lawyer said happened in this case?

8              DEFENDANT DE GUZMAN:  Yes, your Honor.

9              THE COURT:  Mr. Ko, is the government satisfied with

10   the factual basis?

11             MR. KO:  Yes, ma'am.

12             THE COURT:  The Court will impose a sentence, sir,

13   based on the factors set forth in Title 18 United States Code

14   Section 3553A; however, in imposing sentence, I will consult

15   the sentencing guidelines and take them into account in

16   deciding your sentence.

17             Have you discussed the guidelines and the sentencing

18   factors with your attorney?

19             DEFENDANT DE GUZMAN:  Yes, your Honor.

20             THE COURT:  Do you understand that the Court could

21   impose a sentence that's more severe or less severe that than

22   the guidelines?

23             DEFENDANT DE GUZMAN:  Yes, your Honor.

24             THE COURT:  The plea agreement is binding, though,

25   sir.  And you understand that, I'm certain.  Don't you?

```
1          DEFENDANT DE GUZMAN:  Yes, your Honor.
2          THE COURT:  Okay.  Counsel, have you advised your
3     client of the terms of the plea agreement, the charges against
4     him and the consequences of this plea?
5          MR. ARENDSEN:  I have, your Honor.
6          THE COURT:  Are you aware of any defenses he's giving
7     up or violations of his constitutional rights?
8          MR. ARENDSEN:  No, your Honor.
9          THE COURT:  Okay.  Mr. DeGuzman you understand you've
10    given up your right to appeal this matter in the plea
11    agreement?
12         DEFENDANT DE GUZMAN:  Yes, your Honor.
13         THE COURT:  Mr. DeGuzman, how do you plead to the
14    one-count information before this Court, guilty or not guilty?
15         DEFENDANT DE GUZMAN:  Guilty, ma'am.
16         THE COURT:  I will accept your plea.  I find that you
17    are freely, voluntarily, and competently entered your plea, you
18    understand the plea agreement, the charges against you, and the
19    consequences of the plea.  There is a factual basis for
20    acceptance of your plea, and you have knowingly and
21    intelligently waived your rights.  Your request is for
22    immediate sentencing, Counsel?
23         MR. ARENDSEN:  It is, your Honor.
24         THE COURT:  Is there anything you'd like to tell the
25    Court, sir?
```

```
 1              MR. ARENDSEN:  From my perspective, your Honor, just
 2    thank you for your consideration and thank you to my colleagues
 3    across the aisle for working with us to get a resolution in
 4    this case, and quite -- quite a unique case, to say the least.
 5    And Mr. DeGuzman may have something very brief.
 6              THE COURT:  Okay.  Mr. DeGuzman, you have the right to
 7    say anything you'd like to tell me.  Go ahead, sir.
 8              DEFENDANT DE GUZMAN:  Your Honor, I regret to have to
 9    put through all this pain, everyone that's gone through this
10    pain.  I regret working with Leonard Francis.  And I'm very
11    sorry for all the pain I caused my family, and all the actions
12    that have caused you to be here for 11 years or 12 years.
13              THE COURT:  Well, I've had many other cases, but I
14    appreciate that.
15              DEFENDANT DE GUZMAN:  I pray to God that you'd be
16    given King Solomon's wisdom, and the faith, compassion, and
17    mercy of Mother Mary.
18              THE COURT:  Thank you, sir.  I appreciate those
19    comments.
20              Mr. Ko?
21              MR. KO:  We'll submit.
22              THE COURT:  Okay.  Well, this is an offense level 6
23    with a minus 2 for acceptance and a range of imprisonment of
24    zero to six months.  As I've indicated, the plea agreement is a
25    binding one, and so there is no time imposed, no supervision.
```

| | |
|---|---|
| 1 | There will be a $100 fine.  I assume it can be payable |
| 2 | forthwith, Counsel? |
| 3 | MR. ARENDSEN:  Yes, your Honor. |
| 4 | THE COURT:  And is the government going to move to |
| 5 | remit the penalty assessment? |
| 6 | MR. KO:  Yes, ma'am. |
| 7 | THE COURT:  And so there's no penalty assessment |
| 8 | imposed. |
| 9 | Is your client on bond? |
| 10 | MR. ARENDSEN:  He is, but I believe he was released on |
| 11 | his own recognizance.  I don't believe that he had to pay any |
| 12 | type of financial bond, and he does still have his passport. |
| 13 | So I think we're -- I would ask that any bond be exonerated |
| 14 | but, again, he does have his passport already. |
| 15 | THE COURT:  So he has his passport.  That's a good |
| 16 | thing.  And if there is a bond, it will be exonerated. |
| 17 | MR. ARENDSEN:  Thank you very much, your Honor. |
| 18 | THE COURT:  Okay.  And, Mr. Ko, remaining counts |
| 19 | you're going to dismiss at the conclusion of this, or are you |
| 20 | going to do them as we go? |
| 21 | MR. KO:  We'll dismiss now against this defendant with |
| 22 | prejudice. |
| 23 | THE COURT:  Okay.  The dismissal with prejudice |
| 24 | against this defendant is granted. |
| 25 | MR. ARENDSEN:  Thank you, your Honor. |

1          DEFENDANT DE GUZMAN:  Thank you very much, your Honor.

2          THE COURT:  Thank you, sir.

3          Mr. Hornbeck.

4          Go ahead, Adrianna.

5          THE CLERK:  Donald Gayle Hornbeck, is that your true

6     name?

7          DEFENDANT HORNBECK:  Yes, ma'am.

8          THE CLERK:  You are informed that a misdemeanor

9     information has been filed charging you with Title 18 United

10    States Code Section 1905, disclosing information.  Counsel,

11    have you received a copy and do you waive further reading?

12         MR. CHEEKS:  Yes, ma'am.

13         THE CLERK:  Mr. Hornbeck you are further informed that

14    you have the right to be represented by counsel at all stages

15    of the proceedings before the Court; you have the right to

16    remain silent; you have the right to a trial by the Court; you

17    have the right to confront and cross-examine any witness who

18    testifies against you; and you have the right to have witnesses

19    subpoenaed to testify on your behalf.

20         Mr. Hornbeck, how do you plead to Count 1 of the

21    misdemeanor information, guilty or not guilty?

22         DEFENDANT HORNBECK:  Guilty.

23         THE CLERK:  Please raise your right hand.

24         (Defendant Hornbeck sworn)

25         THE COURT:  Sir, do you understand you were just sworn

1  under penalty of perjury, and if you fail to give me truthful

2  answers to my questions this morning, you could face the

3  additional charge of perjury, or false statements under oath.

4        Do you understand that?

5        DEFENDANT HORNBECK:  Yes, your Honor.

6        THE COURT:  What is your full name?

7        DEFENDANT HORNBECK:  Donald Gayle Hornbeck.

8        THE COURT:  And where were you born, sir?

9        DEFENDANT HORNBECK:  Indianapolis, Indiana.

10        THE COURT:  And how old are you?

11        DEFENDANT HORNBECK:  64.

12        THE COURT:  And how far did you go in school?

13        DEFENDANT HORNBECK:  Four master's degrees.

14        THE COURT:  Have you had an opportunity to look at the

15  one-count information that's been filed?

16        DEFENDANT HORNBECK:  Yes, your Honor.

17        THE COURT:  And your counsel tells me you'd like to

18  change your plea to guilty to that today.

19        DEFENDANT HORNBECK:  Yes, your Honor.

20        THE COURT:  I have been given a copy of your plea

21  agreement, sir.  And it appears to me in the lower right-hand

22  corner of each page you've placed your initials, and on the

23  back page the final signature is yours.  Are they your initials

24  and signature?

25        DEFENDANT HORNBECK:  Yes, your Honor.

| | |
|---|---|
| 1 | THE COURT:  What this document tells me, sir, is |
| 2 | you've had a full and complete opportunity to speak with |
| 3 | Mr. Cheeks and ask him any questions you wanted to ask him. |
| 4 | Is that correct? |
| 5 | DEFENDANT HORNBECK:  Yes, your Honor. |
| 6 | THE COURT:  Before we go any further do you have any |
| 7 | questions you'd like to ask the Court or your attorney? |
| 8 | DEFENDANT HORNBECK:  No, your Honor. |
| 9 | THE COURT:  Have you been treated recently for any |
| 10 | mental illness or addiction to narcotic drugs? |
| 11 | DEFENDANT HORNBECK:  No, your Honor. |
| 12 | THE COURT:  Have you taken any medication, drugs, or |
| 13 | alcohol within the last 72 hours? |
| 14 | DEFENDANT HORNBECK:  No, your Honor. |
| 15 | THE COURT:  Has anybody threatened you, Mr. Hornbeck, |
| 16 | or someone near or dear to you to cause you to change your plea |
| 17 | this morning? |
| 18 | DEFENDANT HORNBECK:  No, your Honor. |
| 19 | THE COURT:  Are you pleading guilty of your own free |
| 20 | will because you are in fact guilty of this charge? |
| 21 | DEFENDANT HORNBECK:  Yes, your Honor. |
| 22 | THE COURT:  Has anybody promised you anything other |
| 23 | than the promises contained in the plea agreement to cause to |
| 24 | you change your plea? |
| 25 | DEFENDANT HORNBECK:  No, your Honor. |

```
 1              THE COURT:  Are you a United States citizen?
 2              DEFENDANT HORNBECK:  Yes, your Honor.
 3              THE COURT:  And are you currently on probation,
 4      parole, or supervision from another court?
 5              DEFENDANT HORNBECK:  No, your Honor.
 6              THE COURT:  Do you have any state court charges
 7      pending against you?
 8              DEFENDANT HORNBECK:  No, your Honor.
 9              THE COURT:  By pleading guilty, you give up a number
10      of constitutional rights, including the right to a speedy,
11      public jury trial, the right to confront and cross-examine
12      witnesses, the right to remain silent or to testify, if you
13      desire, and the right to subpoena documents and witnesses to
14      defend the charge.
15              Do you understand these rights?
16              DEFENDANT HORNBECK:  Yes, your Honor.
17              THE COURT:  And do you wish to give each of these
18      rights up?
19              DEFENDANT HORNBECK:  Yes, your Honor.
20              THE COURT:  Do you understand that if you said this
21      morning you were not guilty, Mr. Cheeks would accept that
22      decision and defend you throughout this case?  You understand
23      that?
24              DEFENDANT HORNBECK:  Yes, your Honor.
25              THE COURT:  Are you satisfied with his representation
```

1    and advice given to you in this case?

2            DEFENDANT HORNBECK:  Yes, your Honor.

3            THE COURT:  Do you understand, sir, that you are

4    charged with a violation of Title 18, United States Code

5    Section 1905, disclosing information?  It's alleged that this

6    happened on or about May the 20th of 2007.

7            Do you understand the general nature of that charge,

8    sir?

9            DEFENDANT HORNBECK:  Yes, your Honor.

10           THE COURT:  Do you understand that if you proceeded to

11   trial, the government would have to prove every element of that

12   offense beyond a reasonable doubt?

13           DEFENDANT HORNBECK:  Yes, your Honor.

14           THE COURT:  Mr. Ko, would you state the elements of

15   the offense that you would prove if we went to trial on this.

16           MR. KO:  First, he was an employee of the U.S. Navy;

17   second, he disclosed information that came to him in the course

18   of his employment; and third, the information concerned or

19   related to the processes or operations of the Navy.

20           THE COURT:  Do you understand that all of that would

21   have to be proven beyond a reasonable doubt if you went to

22   trial?

23           DEFENDANT HORNBECK:  Yes, your Honor.

24           THE COURT:  There's a maximum penalty for this

25   offense, and it includes one year in prison, a maximum fine of

1    $100,000, a mandatory special assessment of $25, and a term of

2    supervision of up to one year.

3         Do you understand that maximum penalty?

4         DEFENDANT HORNBECK:  Yes, your Honor.

5         THE COURT:  Mr. Cheeks, would you state for the record

6    the factual basis for your client's plea.

7         MR. CHEEKS:  Yes, your Honor.  On or about May 20,

8    2007, while outside of the United States and an employee of the

9    U.S. Navy, Mr. Hornbeck disclosed to Leonard Francis, charged

10   elsewhere, information about U.S. Navy's processes and

11   operations that came to Mr. Hornbeck in the course of his

12   employment.  That is, Carrier Task Force 70's continued

13   intention to visit Port Kelang, Malaysia, later in the year.

14        THE COURT:  Mr. Hornbeck, do you agree with what your

15   lawyer just said happened in this case?

16        DEFENDANT HORNBECK:  Yes, your Honor.

17        THE COURT:  Is the government satisfied with the

18   factual basis?

19        MR. KO:  Yes, ma'am.

20        THE COURT:  The Court will impose a sentence based on

21   the factors set forth in Title 18, United States Code

22   Section 3553A; however, in imposing sentence, the Court will

23   consult the sentencing guidelines and take them into account in

24   deciding your sentence.

25        Have you discussed the sentencing factors and the

```
1    guidelines with your attorney?

2               DEFENDANT HORNBECK:  Yes, your Honor.

3               THE COURT:  Do you understand that the guidelines are

4    advisory and not mandatory?

5               DEFENDANT HORNBECK:  Yes, your Honor.

6               THE COURT:  Okay.  In your plea agreement, sir, do you

7    understand you've given up your right to appeal or attack this

8    judgment or whatever sentence the Court imposes?

9               DEFENDANT HORNBECK:  Yes, your Honor.

10              THE COURT:  Counsel, have you advised your client of

11   the terms of the plea agreement, the charges against him, and

12   the consequences of this plea?

13              MR. CHEEKS:  Yes, your Honor.

14              THE COURT:  Are you aware of any defenses he's giving

15   up or violations of his constitutional rights?

16              MR. CHEEKS:  No, your Honor.

17              THE COURT:  Do you join in the plea, sir?

18              MR. CHEEKS:  Yes, your Honor.

19              THE COURT:  Mr. Hornbeck, how do you plead to the

20   one-count information before this Court, sir, guilty or not

21   guilty?

22              DEFENDANT HORNBECK:  Guilty, your Honor.

23              THE COURT:  I will accept your plea.  I find that you

24   have freely, voluntarily, and competently entered your plea;

25   you understand the plea agreement, the charges against you, and
```

1    the consequences of this plea; there is a factual basis for the

2    plea; and you have knowingly and intelligently waived your

3    rights.

4              Mr. Cheeks, you're requesting immediate sentencing,

5    sir?

6              MR. CHEEKS:  Yes, your Honor.

7              THE COURT:  And go ahead if there's anything you'd

8    like to say.

9              MR. CHEEKS:  Your Honor, I'd just like to thank the

10   Court for your careful consideration of this very difficult

11   case for such a long period of time, and to also thank the

12   prosecutors that are sitting to my left for helping come to a

13   fair resolution in this case.

14             THE COURT:  Okay.  Thank you.

15             Mr. Hornbeck, is there anything you'd like to say,

16   sir?

17             DEFENDANT HORNBECK:  I'd like to thank you for your

18   time, your Honor, and also my deepest regrets and apologies to

19   the Navy and this country.

20             THE COURT:  Okay.  Thank you.  That's appreciated,

21   sir.

22             Mr. Ko?

23             MR. KO:  We submit.

24             THE COURT:  Well, the base offense level is a 6.  With

25   acceptance of responsibility and minus 2, it goes down to 4.

| | |
|---|---|
| 1 | This is a binding plea agreement, so no time will be imposed, |
| 2 | no supervision, the $100 fine payable forthwith. |
| 3 | MR. KO:  Move to remit the penalty assessment. |
| 4 | THE COURT:  The penalty assessment is waived by the |
| 5 | government. |
| 6 | Are we holding your client's passport? |
| 7 | MR. CHEEKS:  Yes, we do need the passport. |
| 8 | THE COURT:  So his passport is now released.  And is |
| 9 | he on bond? |
| 10 | MR. CHEEKS:  He is on bond, yes. |
| 11 | THE COURT:  Bond will be exonerated, sir. |
| 12 | Mr. Ko, with regard to the balance of the charges with |
| 13 | regard to Mr. Hornbeck? |
| 14 | MR. KO:  Yes, we move to dismiss the indictment |
| 15 | against him with prejudice. |
| 16 | THE COURT:  The dismissal with prejudice is granted. |
| 17 | MR. CHEEKS:  Thank you, your Honor. |
| 18 | MR. KO:  I assume appeal is waived? |
| 19 | THE COURT:  Oh, I asked him if he acknowledged that. |
| 20 | Let me ask again. |
| 21 | Mr. Hornbeck, do you understand that appeal of this |
| 22 | matter, both the judgment in the criminal case and the sentence |
| 23 | that was imposed are waived -- |
| 24 | DEFENDANT HORNBECK:  Yes, your Honor. |
| 25 | THE COURT:  -- in the plea agreement? |

```
 1              DEFENDANT HORNBECK:  Yes, your Honor.

 2              THE COURT:  Okay.  Thank you, sir.

 3              MR. CHEEKS:  Thank you, your Honor.

 4              THE COURT:  Thank you, Mr. Cheeks.

 5              Mr. Gorsuch.

 6              THE CLERK:  Robert Gorsuch, is that your true name?

 7              DEFENDANT GORSUCH:  Yes.

 8              THE CLERK:  You are informed that a misdemeanor

 9      information has been filed charging you with Title 18 United

10      States Code Section 1905, disclosing information.

11              Counsel, have you received a copy and do you waive

12      further reading?

13              MR. CARROLL:  Yes as to both.

14              THE CLERK:  Mr. Gorsuch, you are further informed that

15      you have the right to be represented by counsel at all stages

16      of the proceedings before the Court; you have the right to

17      remain silent; you have the right to a trial by the Court; you

18      have the right to confront and cross-examine any witnesses who

19      testify against you; and you have the right to have witnesses

20      subpoenaed to testify on your behalf.

21              Mr. Gorsuch, how do you plead to Count 1 of the

22      misdemeanor information, guilty or not guilty?

23              DEFENDANT GORSUCH:  Guilty.

24              THE CLERK:  Please raise your right hand.

25              (Defendant Gorsuch sworn)
```

```
1          THE COURT:  Sir, do you understand you were just sworn
2     under penalty of perjury, and if you fail to give truthful
3     answers to my questions this morning, you could face the
4     additional charge of perjury, or giving false statements under
5     oath?
6          DEFENDANT GORSUCH:  Yes, your Honor.
7          THE COURT:  What is your full name, sir?
8          DEFENDANT GORSUCH:  Robert Patrick Gorsuch.
9          THE COURT:  And where were you born, sir?
10         DEFENDANT GORSUCH:  Staten Island, New York.
11         THE COURT:  And how old are you?
12         DEFENDANT GORSUCH:  57.
13         THE COURT:  And how far did you go in school?
14         DEFENDANT GORSUCH:  Bachelor's degree.
15         THE COURT:  Have you had a chance to see the
16    information that's been filed and that we're talking about this
17    morning?
18         DEFENDANT GORSUCH:  Yes, ma'am.
19         THE COURT:  Okay.  I'm told that you wish to enter a
20    guilty plea to this charge; is that correct?
21         DEFENDANT GORSUCH:  Yes, ma'am.
22         THE COURT:  I've been given a copy, Mr. Gorsuch, of
23    your plea agreement.  And it appears to me in lower right-hand
24    corner of every page you've placed your initials, and on the
25    final page, the bottom signature appears to be yours.
```

1    Did you in fact initial these pages and sign this

2    document?

3    DEFENDANT GORSUCH:  Yes, your Honor.

4    THE COURT:  Did you have a full and complete

5    opportunity to review every provision of it with your attorney?

6    DEFENDANT GORSUCH:  Yes, your Honor.

7    THE COURT:  Do you have any additional questions that

8    you'd like to ask your attorney or me before we go any further?

9    DEFENDANT GORSUCH:  No, your Honor.

10    THE COURT:  Have you been treated recently for any

11    mental illness or addition to narcotic drugs?

12    DEFENDANT GORSUCH:  No, your Honor.

13    THE COURT:  Have you consumed any medication, drugs,

14    or alcohol within the last 72 hours?

15    DEFENDANT GORSUCH:  No, your Honor.

16    THE COURT:  Has anybody threatened you or someone near

17    or dear to you to cause you to change your plea?

18    DEFENDANT GORSUCH:  No, your Honor.

19    THE COURT:  Are you pleading guilty, Mr. Gorsuch, of

20    your own free will because you are, in fact, guilty of this

21    charge?

22    DEFENDANT GORSUCH:  Yes, your Honor.

23    THE COURT:  Has anybody promised you anything other

24    than what's been promised in the plea agreement?

25    DEFENDANT GORSUCH:  No, your Honor.

```
1              THE COURT:  Are you a United States citizen?
2              DEFENDANT GORSUCH:  Yes, your Honor.
3              THE COURT:  Are you currently on probation, parole, or
4     supervision from another court?
5              DEFENDANT GORSUCH:  No, your Honor.
6              THE COURT:  Do you have any state court charges
7     pending against you?
8              DEFENDANT GORSUCH:  No, your Honor.
9              THE COURT:  By pleading guilty, you're giving up a
10    number of constitutional rights, including the right to a
11    speedy, public jury trial, the right to confront and
12    cross-examine witnesses, the right to testify or remain silent,
13    whichever you might choose to do, and the right to subpoena
14    documents and witnesses to defend the charge.
15             Do you understand these rights?
16             DEFENDANT GORSUCH:  Yes, ma'am.
17             THE COURT:  Do you wish to give these rights up?
18             DEFENDANT GORSUCH:  Yes, ma'am.
19             THE COURT:  Do you understand you have the right to an
20    attorney at every stage in a criminal proceeding, and if you
21    said this morning you were not guilty, your attorney would
22    accept that decision and defend you throughout this case?
23             DEFENDANT GORSUCH:  Yes, your Honor.
24             THE COURT:  Do you understand that?
25             DEFENDANT GORSUCH:  I do, yes, ma'am.
```

| | |
|---|---|
| 1 | THE COURT: Are you satisfied with your counsel, his |
| 2 | representation, and the advice given you in this case by your |
| 3 | attorney? |
| 4 | DEFENDANT GORSUCH: Yes, ma'am, I am. |
| 5 | THE COURT: Do you understand, sir, you're charged |
| 6 | with a violation of Title 18 United States Code Section 1905, |
| 7 | disclosing information. It's alleged that this happened in |
| 8 | October of 2007. |
| 9 | Do you understand the general nature of what's alleged |
| 10 | here? |
| 11 | DEFENDANT GORSUCH: Yes, ma'am. |
| 12 | THE COURT: Do you understand if you went to trial the |
| 13 | government would have to prove the elements of this offense |
| 14 | beyond a reasonable doubt? |
| 15 | DEFENDANT GORSUCH: Yes, I do, your Honor. |
| 16 | THE COURT: Mr. Ko, would you state the elements, sir. |
| 17 | MR. KO: First, Mr. Gorsuch was an employee of the |
| 18 | U.S. Navy; second, he disclosed information that came to him in |
| 19 | the course of his employment; third, the information concerned |
| 20 | or related to the processes or operations of the Navy. |
| 21 | THE COURT: Do you understand each one of those |
| 22 | elements would have to be established beyond a reasonable doubt |
| 23 | if you went to trial? |
| 24 | DEFENDANT GORSUCH: Yes, your Honor. |
| 25 | THE COURT: There's a maximum penalty for this |

| | |
|---|---|
| 1 | offense.  The maximum penalty is a year in prison, $100,000 |
| 2 | fine, a mandatory special assessment of $25, and a term of |
| 3 | supervision of up to a year? |
| 4 | Do you understand that? |
| 5 | DEFENDANT GORSUCH:  Yes, ma'am. |
| 6 | THE COURT:  Counsel, would you state for the record |
| 7 | the factual basis for your client's plea. |
| 8 | MR. CARROLL:  On or about October 2007, while outside |
| 9 | the United States and an employee of the United States Navy, |
| 10 | defendant disclosed to Leonard Francis information about United |
| 11 | States Navy processes and operations that came to defendant in |
| 12 | the course of his employment; that is, classified ship |
| 13 | schedules for the U.S. Navy Seventh Fleet. |
| 14 | THE COURT:  Sir, do you agree with what your lawyer |
| 15 | just said happened in this case? |
| 16 | DEFENDANT GORSUCH:  Yes, your Honor. |
| 17 | THE COURT:  Is the government satisfied with the |
| 18 | factual basis? |
| 19 | MR. KO:  Yes, ma'am. |
| 20 | THE COURT:  The Court will impose a sentence based on |
| 21 | the factors set forth in Title 18, United States Code |
| 22 | Section 3553A; however, in imposing sentence, I will consult |
| 23 | the guidelines and take them into account. |
| 24 | Have you discussed the factors and guidelines with |
| 25 | your attorney? |

<pre>
 1            DEFENDANT GORSUCH:  Yes, your Honor.

 2            THE COURT:  And do you understand they're advisory,

 3   not mandatory?

 4            DEFENDANT GORSUCH:  I do, your Honor.

 5            THE COURT:  We've already discussed and you know that

 6   your plea agreement is binding on the Court.

 7            Do you understand that you've given up your right to

 8   appeal both the judgment in this case and any sentence that's

 9   imposed?

10            DEFENDANT GORSUCH:  Yes, your Honor.

11            THE COURT:  Counsel, have you advised your client of

12   the terms of the plea agreement, the charges against him, and

13   the consequences of this plea?

14            MR. CARROLL:  Yes, your Honor.

15            THE COURT:  Are you aware of any defenses he's giving

16   up or violations of his constitutional rights?

17            MR. CARROLL:  No, your Honor.

18            THE COURT:  Do you join the plea?

19            MR. CARROLL:  I do, your Honor.

20            THE COURT:  Mr. Gorsuch, how do you plead to the

21   one-count information before this Court, guilty or not guilty?

22            DEFENDANT GORSUCH:  Guilty, your Honor.

23            THE COURT:  I will accept your plea.  I find that you

24   have freely, voluntarily, and competently entered your plea;

25   you understand the plea agreement, the charges against you, and
</pre>

1    the consequences of your plea; there is a factual basis for the

2    plea, and you have knowingly and intelligently waived your

3    rights.

4            You're requesting immediate sentencing?

5            MR. CARROLL:  Yes, your Honor.

6            THE COURT:  Would you like to say anything, Counsel?

7            MR. CARROLL:  With thanks to the Court and counsel, I

8    would posit that the Court has heard plenty from us at this

9    point, and I will submit.

10           THE COURT:  Okay.  Mr. Gorsuch, anything you'd like it

11   say, sir, before sentence is imposed?

12           DEFENDANT GORSUCH:  No, your Honor.  Thank you.

13           THE COURT:  Okay.  Mr. Ko?

14           MR. KO:  We submit.

15           THE COURT:  Okay.  Well, the base offense level for

16   what occurred here is a six, there's a minus two for acceptance

17   of responsibility with a zero to six-month range.  So no time

18   is imposed, no supervision, a $100 fine.  The government --

19           MR. KO:  Move to remit.

20           THE COURT:  -- with regard to the assessment?

21           MR. KO:  Yes, ma'am.  We move to remit.

22           THE COURT:  So the special assessment is waived by the

23   government.

24           Do you have your passport, sir?

25           DEFENDANT GORSUCH:  They have it, your Honor.

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | THE COURT:  Okay.  So we need to release your passport               |
| 2  | to you.  Is he on bond, Counsel?                                     |
| 3  | MR. CARROLL:  He is, your Honor.                                     |
| 4  | THE COURT:  Okay.  So the bond will now be exonerated.              |
| 5  | With regard to additional counts, Mr. Ko?                           |
| 6  | MR. KO:  We move to dismiss him from the indictment                 |
| 7  | with prejudice.                                                     |
| 8  | THE COURT:  The dismissal with prejudice is granted.               |
| 9  | Thank you.                                                          |
| 10 | DEFENDANT GORSUCH:  Thank you, your Honor.                         |
| 11 | THE CLERK:  Your Honor, the fine is forthwith?                     |
| 12 | THE COURT:  The fine is forthwith.  He can do that,               |
| 13 | Mr. Carroll?                                                        |
| 14 | MR. CARROLL:  Yes, your Honor.  Thank you.                         |
| 15 | THE COURT:  Very good.  Thank you.                                 |
| 16 | So is there anything else from anybody this morning?              |
| 17 | MR. KO:  No, ma'am.                                                |
| 18 | THE COURT:  Mr. Cheeks?                                            |
| 19 | Go ahead, come on.  Whatever people want to say.                  |
| 20 | MR. CHEEKS:  Your Honor, with regard to Mr. Hornbeck              |
| 21 | not having a felony conviction, he has a couple concerns that I    |
| 22 | don't know if the Court has any control over either of them.      |
| 23 | The first is that when he was arrested, he was swabbed            |
| 24 | for his DNA, and he has concerns about his DNA being in the       |
| 25 | database.  I don't know if you have any authority to have that    |

1    removed.

2              He says the Marshals said they would.

3              THE COURT:  I'm sorry, the Marshals what?

4              DEFENDANT HORNBECK:  The Marshals said that they would

5    remove it from the database.  But so far it hasn't happened for

6    anybody that I know of.

7              THE COURT:  Okay.

8              MR. CHEEKS:  The second issue --

9              THE COURT:  So he'd like his DNA removed from the

10   database and what else?

11             MR. CHEEKS:  The second thing is he has concerns about

12   his ability to have his Second Amendment rights protected, even

13   though he doesn't have a felony conviction.  He does live in

14   Indiana, and he would like to purchase a firearm for his own

15   protection, and he has had issues with regards to others

16   similarly situated not being able to purchase firearms.

17             THE COURT:  Because of the misdemeanor?

18             DEFENDANT HORNBECK:  Yes.

19             MR. CHEEKS:  Correct.

20             THE COURT:  Well, let me see if the government has

21   anything to say.  Let's start with the DNA.

22             Do you know anything about the DNA, Mr. Ko?

23             MR. KO:  I do not.  I'm happy to inquire of the

24   Marshal's Service about what's required.

25             DEFENDANT HORNBECK:  Thank you.

```
1              THE COURT:  Okay.  With regard to the Second Amendment
2    issue, the Second Amendment is such a fluid situation these
3    days.  It's hard for me to know exactly what the state -- what
4    the state of affairs would be in his state where he's going to
5    go.
6              Mr. Ko, do you have anything to add to that, sir?
7              MR. KO:  No, ma'am.
8              THE COURT:  I mean, if there's a problem, Mr. Cheeks,
9    you know you can file something and bring it to the Court.  But
10   on both these issues, it's going to be something we're going to
11   have to pay a little bit of attention.  I'm going to have to
12   look into it a little bit.
13             MR. CHEEKS:  Understood, your Honor.  There's one more
14   issue.
15             THE COURT:  Certainly.
16             DEFENDANT HORNBECK:  Yes, ma'am.  As you may recall,
17   you have signed allowing me to go to my home in the United
18   Kingdom in the past.  Every time I would come back into the
19   country, they would stop me.  So I don't know if -- there's
20   something in the Department of State database that stops me
21   coming back into the country.  I don't know why --
22             THE COURT:  But you get back.
23             DEFENDANT HORNBECK:  I came back, but I don't know why
24   they didn't stop me going out.  But they stopped me coming back
25   in, and I just want to make sure that's coordinated with the
```

1    State Department so I'm not detained.

2         THE COURT:  Okay.  I'll ask the government, but that

3    may be something that's --

4         DEFENDANT HORNBECK:  Yes, ma'am.

5         THE COURT:  -- beyond what we can handle right now.

6         Mr. Ko?

7         MR. KO:  I don't have any information about this.  My

8    understanding is that there is a grievance process, though, for

9    people traveling.  So I assume he can pursue that.

10        THE COURT:  So there may be a process.  I'm not

11   familiar with it, sir.  And, again, if there's something that's

12   needed from this Court that I have authority over and control

13   over -- because I don't.  People think judges have control over

14   everything, but we don't.  And so you can -- Mr. Cheeks knows

15   how to bring things before me, and he certainly will.  But I

16   don't think there's anything we can do, but we appreciate

17   knowing that, sir.

18        DEFENDANT HORNBECK:  Okay.  Thank you again for your

19   time, your Honor.

20        MR. CHEEKS:  Thank you very much, your Honor.

21        THE COURT:  Okay.  Thank you.

22        Anybody else?  Thank you, Mr. Wilson.

23        MR. WILSON:  Good morning, your Honor.

24        THE COURT:  Good morning.  I can hear you better from

25   here than those mics.

1            Thank you, Mr. Wilson.

2            MR. WILSON:  Your Honor, this is tangential.  I wanted

3  to request a sidebar with government counsel.

4            THE COURT:  Okay.  When you say "sidebar," other

5  counsel -- I mean, I don't know what we're doing right now.

6  There's not much left to do.

7            MR. WILSON:  Your Honor, if the other defendants'

8  counsel would like to attend, I have no problem with that.

9            THE COURT:  Just other counsel and government counsel.

10  Okay.

11            (Sidebar reported; not transcribed herein.)

12            THE COURT:  I'm going to take a 10-minute break and

13  I'll be back.  Thank you.

14            (Recess taken from 11:05 a.m. until 11:08 a.m.)

15            THE COURT:  I'm going to ask everybody that was at

16  sidebar with me to come back to sidebar with me.

17            (Sidebar reported; not transcribed herein.)

18            THE COURT:  Is there anyone else who has any matter

19  that they would like to take up or address with the Court?

20            MR. WILSON:  Your Honor, as the motion to dismiss

21  against Mr. Shedd was granted, we'd just ask to exonerate the

22  bond and have his passport returned.

23            THE COURT:  Okay.  The motion to exonerate the bond is

24  granted.  His passport will be returned.

25            Any charges to be dismissed with regard to Mr. Shedd?

1    MR. KO:  They're already dismissed by the motion to

2    dismiss, I think.

3    THE COURT:  Okay.  I've already covered everything in

4    its global sense?  Okay.  Thank you.

5    Anything else from anybody?  Okay.  We'll be in

6    recess.  Thank you.

7    MR. WILSON:  Thank you, your Honor.

8    MR. ARENDSEN:  Thank you, your Honor.

9    MR. CHEEKS:  Thank you, your Honor.

10    MR. KO:  Thank you, your Honor.

11    (Proceedings concluded at 11:12 a.m.)

12

13    *C E R T I F I C A T E*

14    I, Stephanie Whitehead, certify that I am a

15    duly qualified and acting Official Court Reporter for

16    the United States District Court; that the foregoing is

17    a true and accurate transcript of the proceedings as

18    taken by me in the above-entitled matter on May 21,

19    2024; and that the format used complies with the rules

20    and requirements of the United States Judicial

21    Conference.

22    Dated:  May 28, 2024

23

24    *s/ STEPHANIE WHITEHEAD*
     Stephanie Whitehead, CSR 10093
25    U.S. Official Court Reporter