UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT P. BURKE,<br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S SUPPLEMENT TO THEIR JOINT MOTION TO COMPEL (ECF 114)**

Defendants Yongchul "Charlie" Kim and Meghan Messenger ("Movants") respectfully submit this brief supplement to their Joint Motion to Compel, ECF No. 114. Specifically, Movants write to (a) provide the Court with further factual information that came to light after Movants filed their reply, and (b) request that the Court compel the government to produce a sealed October 14, 2022, court order from *United States v. Newland*, 3:17-cr-00623 (S.D. Cal.), concerning DCIS Special Agent Trey DeLaPena. The government revealed the existence of the order to Movants on June 20, 2025, but has refused to produce a copy of it.

**I. Special Agent Sebastian Gardner's Trial Testimony Confirms that the Government Has an Obligation to Search DoD's Files for Discoverable Material.**

In the Motion to Compel, Movants argued that the government's discovery obligations extend to files maintained by the Department of Defense ("DoD") because the government has access to and control over DoD's files. *See* ECF No. 114-1 at 10−11; ECF No. 133 at 7. During Adm. Robert Burke's trial, which occurred after Movants filed their reply, FBI Special Agent Sebastian Gardner confirmed that the government can access records maintained by DoD, testifying that the investigative team "ha[d] partners from DCIS and NCIS . . . [who are] able to request records from the Department of Defense and Navy." ECF No. 172 (May 7, 2025 PM

1

Transcript of R. Burke Trial) at 105:11−14. Special Agent Gardner further explained that having investigators from these agencies "really smooths things out because they're able to work within their agencies to get those records easier than me as a member of the Department of Justice," *id.* at 105:14−17, and confirmed that the investigative team had obtained an assortment of evidence directly from the Navy, which included "[p]ersonnel records, travel records, training records, . . . official communications," contracting records, and records concerning policies and procedures, *id.* at 105:19−106:1.

As Movants argued in their motion briefing, the government's close relationship with DoD, its receipt and production of voluminous DoD materials, and its ability to obtain records from DoD components upon request demonstrate that the government has access to and control over records maintained by DoD. ECF No. 133 at 7. These points were confirmed by Special Agent Gardner's trial testimony. The Court should therefore order the government to (i) re-review all material within its possession, custody, or control for discoverable material, including the files of the DoD and other executive agencies that are part of the prosecution team, and (ii) produce all discoverable material that has not yet been disclosed.

II.     **The Court Should Compel the Government to Produce an October 14, 2022 Sealed Court Order Concerning Special Agent DeLaPena.**

In a June 20, 2025 filing, the government attached a DoD Office of Inspector General, Office of Professional Responsibility report (the "DoD-OIG-OPR Report") regarding Special Agent DeLaPena's conduct in *United States v. Rafaraci*, 1:21-cr-00610 (D.D.C.), and *United States v. Newland*, 3:17-cr-00623 (S.D. Cal.). ECF No. 201-1. The DoD-OIG-OPR Report quoted a portion of ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

2

███████████████ *Id.* at 2−3. The DoD-OIG-OPR Report also noted that ████████

████████████████████████████████████████████████████████████ *Id.* at 9.

On June 24, 2025, Mr. Kim's counsel emailed the government, requesting that they produce the October 14, 2022 court order. Ex. A at 2. The government did not respond. Two weeks later, Mr. Kim's counsel asked again whether the government expected to produce the order. *Id.* at 1. The government responded the same day, declining to produce the order because it was under seal and "not in [the government's] possession, custody, or control." *Id.*

The Court should compel the government to produce the October 14, 2022 court order because it is accessible to the government and within its control. The court order is *Brady/Giglio* material—████████████████████████████████ *See* ECF No. 201-1 at 2−3; *Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within th[e] . . . [*Brady*] rule" against suppression (citation omitted)). The government's possession and production of the DoD-OIG-OPR Report further shows that the government has access to and control over files maintained by DoD and its components, including OIG OPR. Because the October 14, 2022 order ████████████████████ ████ ECF No. 201-1 at 9, it is within the government's possession, custody, and/or control and must be produced to Movants. Regardless, "[t]he government has 'an affirmative duty to search possible sources of exculpatory information,' which includes searching 'closely aligned' agencies' files," such as DoD OIG. ECF No. 133 at 6 (quoting *United States v. Safavian*, 233 F.R.D. 12, 17 (D.D.C. 2005)).

Even if the government declines to call Special Agent DeLaPena to testify as a government witness in Movants' trial—just as the government declined to call Special Agent DeLaPena in Adm. Burke's trial—Special Agent DeLaPena was one of the lead case agents on this investigation. It cannot be disputed that Special Agent DeLaPena interviewed key witnesses, authored interview memoranda, and decided which investigative steps to take (and which not to take), including as to what records on Person 3's cell phone to image and search. Information that tends to ███████████████████████████ is relevant to the accuracy of government witness interview memoranda that he wrote (or approved) and the integrity of the government's investigation. This information is potentially the subject of cross-examination of government witnesses and must be produced to Movants.

The government should want to obtain the *Newland* court order to comply with its discovery obligations. The government's refusal to obtain the order from Special Agent DeLaPena's OPR file and produce obviously discoverable material only underscores Movants' argument that the government is overlooking its discovery obligations, which is particularly prejudicial to Movants on the eve of trial. For these reasons, the Court should compel the government to re-review its records and produce the October 14, 2022 order.

Respectfully submitted,

DATED July 14, 2025                             */s/ William A. Burck*

William A. Burck

Reed Brodsky (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
rbrodsky@gibsondunn.com

Rocco F. D'Agostino
(Bar No. NY0592)
445 Hamilton Ave., Suite 605
White Plains, NY 10601
Tel: (914) 682-1993
Rdagost463@aol.com

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No.: 979677)
Avi Perry (DC Bar No.: 90023480)
John (Fritz) Scanlon (DC Bar No.: 983169)
Rachel G. Frank (DC Bar No.: 1659649)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
fritzscanlon@quinnemanuel.com
rachelfrank@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Supplement was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                              /s/ *William A. Burck*
                                            William A. Burck (DC Bar No.: 979677)

Dated: July 14, 2025