UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 24-CR-265 (2)(3) (TNM) |
| v. : | |
| : | |
| YONGCHUL "CHARLIE" KIM, and : | |
| MEGHAN MESSENGER, : | |
| : | |
| Defendants. : | |

### UNITED STATES' OPPOSITION TO DISCLOSURE OF SECTION 2703(d) APPLICATION

Defendants have moved to compel disclosure of an application pursuant to 18 U.S.C. § 2703(d), which provided the basis for a May 27, 2025, order directing Apple, Inc. to produce records and information relating to Defendants' email accounts ("2703(d) order"). ECF No. 208. Because Defendants' motion states no basis for production of the application in criminal discovery, and because it misconstrues precedent about limited unsealing of closed cases, it should be denied.

Nevertheless, out of an abundance of caution, the government will file an *ex parte* sealed supplement submitting the Section 2703(d) application for *in camera* review and providing further grounds for denying Defendants' motion. Should the Court conclude that any portion of the application must be disclosed to Defendants, the government requests the opportunity to propose redactions.

### I.     Background

In May 2025, the government submitted an application pursuant to Section 2703(d) of the Stored Communications Act, seeking information and subscriber information from Apple, Inc. On May 27, 2025, a District of Columbia Magistrate Judge issued an order, attached as Exhibit A

1

to this filing, concluding that the government had "offered specific and articulable facts showing that there were reasonable grounds to believe that records and subscriber information in Apple, Inc.'s possession were relevant and material to an ongoing criminal investigation."[1]  The 2703(d) order directed Apple, Inc. to produce records and particular subscriber information for charlieykim@gmail.com and mmessenger@nextjump.com for the period October 1, 2023, to December 31, 2024.[2]  Apple, Inc. notified Defendants of the request.  The government provided Defendants with a copy of the 2703(d) order.  The government produced the 2703(d) order, but declined to produce the application, explaining that it was not authored by an agent (meaning that, as discussed below, it is not the *Jencks* material for any witness).  Defendants moved to compel.

## II.   The 2703(d) application is not within any category of discoverable material

Defendants argue that the 2703(d) application is discoverable because it is material to the preparation of their defense.  Fed. R. Crim. P. 16(a)(1)(E)(i).  To prevail on their motion under this provision, Defendants must point to at least "a strong indication that [the requested information] will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'"  *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (citations omitted).  There must be some indication that the pretrial disclosure of the disputed evidence would enable Defendants to "significantly to alter the quantum of proof in [their] favor."  *Id.*

---

[1] The application and all relevant attachments are included with the government's *ex parte* sealed supplement.

[2] Apple, Inc.'s production pursuant to the 2703(d) order was recently received and will be produced to Defendants.

2

Defendants have not (and likely cannot) explain how the application would alter the quantum of proof at trial, but attempt to meet their burden by requesting the opportunity to "review[ ] the government's factual and legal justifications . . . evaluat[e] whether a suppression motion is warranted . . . understand[ ] the scope of the government's theory, and . . . identify[ ] any inconsistencies or *Brady* material."  ECF No. 208 at 5.  Defendants are not generally entitled to "review" and "evaluate" government investigative techniques.  *See, e.g.*, *United States v. Apodaca*, 287 F. Supp. 3d 21, 41 (D.C. 2017) (declining to allow Rule 16 discovery on the government's minimization procedures used during wiretaps).  Defendants' request boils down to curiosity about the government's ongoing investigation.  *See* ECF No. 208 at 7-8 (expressing concerns that the 2703(d) order covers a period after indictment and relates to a "new uncharged bribery scheme").  That is not a basis for discovery under Rule 16.

There is no other basis for the application's disclosure.  The application was written by government counsel and is not *Jencks* material for any trial witness.  *See* 18 U.S.C. 3500(b) (providing that the government must produce any statement in its possession by a witness that relates to the subject matter of a witness's testimony).  The government has complied and will continue to comply with its obligations to produce *Brady* and *Giglio* material.  The Court's *in camera* review will undoubtedly confirm that the application is not within any category of discoverable material.

**III.    Defendants misconstrue D.C. Circuit precedent regarding closed cases**

Defendants contend that the application is a judicial record "subject to presumptive disclosure" under *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1123 (D.C. Cir. 2020).  ECF No. 208 at 3.  But public access to closed case criminal

3

dockets—as contemplated in *Leopold*—is not the same as discovery in an ongoing criminal case. The process for limited unsealing and public docketing begins after the government has closed the case. *Matter of Leopold*, No. 13-MC-00712 (BAH), 2020 WL 7481037, at *2 (D.D.C. Dec. 17, 2020) ("The burden rests on the government alone to determine when a matter is closed and may be unsealed, including when a matter contains grand jury material that should remain sealed."). This case is not closed. Rather, the application relates to an "ongoing criminal investigation." Ex. A. The government's *ex parte* supplement will provide more information to the Court on this point.

### IV.     Defendants' "concerns" about the 2703(d) order are unwarranted

Though not tied to any request for relief, Defendants raise "concerns" about the 2703(d) order's timing with respect to trial and potential to result in "troves" of privileged and discoverable information. Defendants' concern will be allayed when they receive the small production of subscriber and account information obtained pursuant to the 2703(d) order. Because none of the 2703(d) materials contain the content of any communication, there are no privilege issues to navigate. *United States v. Suggs*, 531 F. Supp. 2d 13, 23 n.16 (D.D.C. 2008) (clarifying that attorney client privilege protects the "substance of the communications").

### V.     Conclusion

For the reasons set forth in this filing and in the *ex parte* supplement, the government respectfully requests that Defendants' motion to compel disclosure of the Section 2703(d) application be denied.

//

//

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        UNITED STATES ATTORNEY

By       /s/
        Rebecca G. Ross (NY Bar No. 5590666)
        Brian P. Kelly (DC Bar No. 983689)
        Joshua S. Rothstein (NY Bar. No. 4453759)
        Assistant United States Attorneys
        601 D Street NW
        Washington, DC 20530
        Office: (202) 252-4490