UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 24–265 (2)(3) (TNM) |
| | : | |
| YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER, | : | |
| | : | |
| Defendants. | : | |

UNITED STATES' OPPOSITION
TO DEFENDANTS' SUPPLEMENT TO THEIR
JOINT MOTION TO COMPEL (ECF 217)

Defendants filed a joint supplemental motion to compel the government to (1) "re-review" and produce material from the Department of Defense ("DOD") and other unnamed agencies; and (2) obtain and produce a sealed court order related to a witness who will not be in the government's case-in-chief. *See* ECF No. 217. Defendants' request to send the government on a fishing expedition through federal agencies has no legal basis. The sealed court order is not discoverable.[1] Defendants' motion should be denied.

**I.   Defendants have no legal basis to send the government to "re-review" the files of the entire DOD and other unnamed agencies.**

In a series of filings, Defendants maintain that the government must review the records of the United States' largest agency, including all branches of the military, to search for discoverable material. *See* ECF Nos. 114, 142, 217. Without any specific requests (or even categories of information sought) it's not clear what the government should be searching for. Even if this were practical or feasible, the government has no legal obligation to do it.

---

[1] The order was sealed by District Judge Janis L. Sammartino. *See United States v. Newland et al.*, 17-cr-623 (S.D. Cal.) (Sammartino, J.), ECF No. 985 (government's request to seal pleadings referring to sealed filings in the *Rafaraci* case).

The government's duty to search for and produce information is not unbounded. The required inquiry in the D.C. Circuit is (1) the materiality of the requested information, and (2) that it is in the government's possession. *United States v. Haldeman*, 559 F.2d 31, 73 & n.71 (D.C. Cir. 1976); s*ee also United States v. Trump*, 753 F.Supp.3d 17, 27-28 (D.C. 2024) (citing *Haldeman* to reason that a defendant must carry his burden for materiality of requested materials before ascertaining where the government must search for them). Whether information is within the government's control is a fact-specific analysis of whether the other components of government are "closely aligned with the prosecution." *United States v. Libby*, 429 F.Supp.2d 1, 6 (D.D.C. 2006).

> 1. *Defendants have not identified material information purportedly in DOD's files (or the files of any other unnamed agency).*

Rather than address materiality, Defendants list their discovery grievances as evidence that the government must have missed something and should be ordered to conduct a sweeping search. ECF No. 133 at 4 (listing purported discovery issues and asserting that "the government's repeated failures warrant relief"). The one category of specific information from DOD files Defendants can identify as potentially missing from discovery (Person 3's personnel files) was produced months ago. *Id.* at 4.

Defendants insist they cannot be more specific because they do not know what might exist. *Id.* at 1. They request that the Court use its discretion to order the government to "go look" for discoverable material at the DOD and unnamed other executive agencies. This type of sweeping request has been consistently denied by D.C. courts, as well as courts in other Circuits. *See, e.g.*, *United States v. Lafayette*, 983 F.2d 1102, 1106-07 (D.C. Cir. 1993) (affirming a district court's decision that unsupported statements of belief were not sufficient to grant review of requested personnel files); *Trump*, 753 F.Supp.3d at 27 (declining to grant requests that the government

2

search for or produce unspecified information in generic requests, and only analyzing the materiality of specifically-identified categories of information); *Libby*, 429 F.Supp.2d at 16 (concluding that documents covering a sweeping time period were not material, and that requests must be limited to particular dates close in proximity to relevant events); *United States v. George*, 786 F.Supp. 56, 54 (D.D.C. 1992) (denying a defendant's broad discovery request where "[d]efendant asks the court to be permitted to search for a needle in a haystack of the country's most classified secrets, without the slightest indication of what the needle might be and how it might be material to his defense"); *see also United States v. Navarro*, 737 F.2d 625, 630-32 (7th Cir. 1984) (concluding there was no error in denying a defendant the opportunity to review an INS file for unspecified discoverable material) (citing cases); *United States v. Chalmers*, 410 F.Supp.2d 278, 289-90 (S.D.N.Y. 2006) (denying defendant's motion to compel the prosecution to search the files of any agency that investigated or oversaw a program at issue in a fraud and terrorist financing prosecution).

    2. *The prosecution team does not include the entirety of Department of Defense.*

As discussed in the government's initial filing on this issue, *see* ECF No. 130, the DOD is a massive agency. It is the biggest agency in the United States government.[2] The government has already produced materials from several sub-component agencies within the DOD (including Navy Criminal Investigative Service (NCIS), Defense Criminal Investigative Service (DCIS), and DOD Office of Inspector General (OIG)). These materials are—by Defendants' own description, *see* ECF No. 133 at 7—"voluminous."

Defendants' most recent filing cites Special Agent Gardner's testimony at the trial of

---

[2] The website for the DOD explains that "[t]he Department of Defense is America's largest government agency" and lists the components of the DOD including the branches of the U.S. military. *See* https://www.defense.gov/About/.

3

Robert Burke in May 2025 as further evidence that the DOD must be on the prosecution team. ECF No. 217 at 1-2 (citing Special Agent Gardner's testimony that the investigators had partners who were able to request records from the DOD and Navy, and that "really smooth[ed] things out"). But Special Agent Gardner's testimony merely confirms that the investigative team was able to retrieve records from certain DOD components, including the Navy, without needing to subpoena the documents. This does not put the entire DOD on the prosecution team. *Trump*, 753 F.Supp.3d at 49 (concluding that the DOD was not on the prosecution team of a case where it had provided documents requested by the investigative team).

II.     **The sealed court order is not discoverable.**

Defendants moved *in limine* for broad latitude to introduce evidence and cross examine Special Agent Trey De La Pena about alleged misconduct in two previous investigations (*United States v. Rafaraci*, 21-cr-610 (D.D.C.), and *United States v. Newland et al.*, 17-cr-623 (S.D. Cal.)). ECF No. 176 at 22. In its opposition, the government explained the limited evidentiary value of the information and attached a report from the DOD OIG Office of Professional Responsibility (DOD OIG OPR) concluding that there were no credible allegations of misconduct by the agent related to these two cases. ECF 201 at 21-25, Ex. A. The DOD OIG OPR report summarized events and court filings in the two cases, including a sealed order of a court issued on October 14, 2022. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Defendants insist that the government must now provide them a copy of the sealed court order.

Defendants argue that the sealed order is in the government's possession because it was

4

summarized as part of the larger court record in a report prepared by the DOD OIG OPR. ECF No. 217 at 2-3. Therefore, the reasoning goes, the DOD OIG OPR must have a copy in its files, and the government must be able to access and produce it. Defendant's argument is flawed.

Even assuming for the sake of argument that the sealed order is in DOD OIG OPR's possession, it is still not material. The government is not calling Special Agent De La Pena in its case-in-chief.[3] Defendants have the facts underlying the misconduct allegations. Defendants have the report summarizing the sealed order's findings, as well as the outcome of the proceedings. Having another court's application of law to facts in the context of another case—where Special Agent De La Pena was, unlike here, in the government's case-in-chief—does not alter the quantum of proof in this case. *United States v. Lloyd*, 992 F.2d 348 (D.D.C. 1993) (to be material, evidence must "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal"). Even if Defendants had a legal basis to call Special Agent De La Pena just to impeach him, the sealed order does not advance that goal.

/

/

/

/

/

---

[3] Defendants have begun the process for subpoenaing him as a defense witness. But—as discussed in previous filings, *see* ECF No. 201 at 20-25, and as will surely be the subject of more briefing—even if they do ultimately call him as a witness, Defendants have limited ability to admit evidence of the previous unrelated events at trial. Any relief based on Special Agent De La Pena's involvement in the investigatory phase of this case was properly brought in other proceedings (*e.g.*, motion to suppress), and is not relevant evidence to put before the jury during the Defendants' trial for bribery and conspiracy.

### III. Conclusion

For the reasons previously briefed and discussed above, Defendants' motion to compel review of DOD files and production of the sealed order must be denied. As has always been the case, the Defendants are free to petition District Judge Janis L. Sammartino to unseal the document and provide it to them.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By     /s/
Rebecca G. Ross (NY Bar No. 5590666)
Brian P. Kelly (DC Bar No. 983689)
Joshua S. Rothstein (NY Bar. No. 4453759)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490