UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT P. BURKE,<br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S
REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE OF
SECTION 2703(d) APPLICATION AND SUPPORTING DOCUMENTS**

The government's opposition confirms what Movants suspected: the government has no legitimate basis for withholding the 2703(d) application. The government's arguments either misstate controlling law or create logical inconsistencies that undermine its position. More troubling, the government's flippant dismissal of Movants' concerns about post-indictment surveillance as mere "curiosity about the government's ongoing investigation," ECF No. 221 at 3, reveals a disregard for Movants' constitutional rights. When the government conducts post-indictment surveillance of defendants, their requests for the factual basis underlying such surveillance are not curiosity—they are essential to their constitutional right to prepare a defense. The Court should grant Movants' motion.

**I.      THE APPLICATION IS DISCOVERABLE UNDER RULE 16.**

The government is incorrect that Movants have not met the materiality standard set forth in Fed. R. Crim. P. 16. Contrary to the government's argument, that standard is not whether the application would "alter the quantum of proof" at trial, *see* ECF No. 221 at 2, but rather whether the information "plays[s] an important role in uncovering admissible evidence, aid[s] witness preparation, corroborat[es] testimony, or assist[s] impeachment or rebuttal." *United States v.*

1

*Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (citation omitted). As courts have noted, it is "not a heavy burden." *Id.* (citation omitted)

Movants have easily met this standard with regard to the 2703(d) application. To obtain the 2703(d) Order, the government offered "specific and articulable facts" suggesting that information in Movants' Apple accounts was "relevant and material to an ongoing criminal investigation." ECF No. 221 at 2. At a minimum, the 2703(d) application, which includes information obtained from people or documents, lays out potential sources of admissible evidence. Additionally, the application likely previews evidence the government may wish to introduce at trial, helping Movants shape their defense. To the extent that the government's "specific and articulable facts" relate to Movants or other potential witnesses, this information may also help Movants and witnesses prepare for potential lines of cross-examination. Finally, without seeing the application, it is impossible to rule out that it contains material which corroborates or undercuts potential witness testimony. All told, the application is material to Movants' defense, and the government must produce it. *See Lloyd*, 992 F.2d at 351.

## II. THE GOVERNMENT CONCEDES THE APPLICATION IS A JUDICIAL RECORD AND HAS WAIVED ANY CONFIDENTIALITY CLAIM.

The government concedes that it voluntarily produced the 2703(d) Order to Movants despite it being filed under seal, yet claims the application—filed with the same court—is too sensitive to disclose. The government offers no explanation for this inconsistency. Both documents are judicial records subject to presumptive access, as the government also necessarily concedes pursuant to *In re Leopold*, 964 F.3d 1121 (D.C. Cir. 2020). While the government argues *Leopold* does not require disclosure during the pendency of this case, it has no answer as to why its voluntarily production of the sealed 2703(d) Order did not waive any confidentiality claims the government otherwise may have had over the 2703(d) application. Moreover, the government

2

ignores Movants' argument that the government should produce the 2703(d) application because the government failed to make any showing to the magistrate judge that its interest in secrecy outweighs the public's interest in disclosure.  *See* ECF No. 208 at 4-5.  If the government actually had such an interest, it would have sought and obtained a nondisclosure order under 18 U.S.C. § 2705(b), a step that is routinely undertaken by the government when seeking Section 2703(d) orders.  The government did no such thing.  The Court should reject its belated attempt to make such a showing now.

### III. THE GOVERNMENT WRONGLY DISMISSES MOVANTS' TIMING AND PRIVILEGE CONCERNS.

The government's arguments in its opposition do not assuage Movants' timing-related concerns.  The government does not even address Movants' argument that the 2703(d) Order is problematic "*especially* if it is a precursor to a search warrant"—an investigatory step that would "result in huge troves of discoverable information being gathered and produced on the eve of trial." ECF No. 208 at 8 (emphasis added).  Even if the government's production of 2703(d) materials is "small," at this point, the government cannot avoid dumping it on, and burdening, Movants during this critical time before trial.  Indeed, the government waited to produce the 2703(d) materials until today, July 24, 2025, despite having received the records on June 10, 2025—more than six weeks ago. (*See* Ex. 1 (certification from Apple custodian stating that the records were produced to the government on June 10, 2025).)

The government's opposition also misses Movants' privilege point entirely.  As stated in Movants' Motion, the 2703(d) Order covers a period that captures "huge amounts of privileged material." ECF No. 208 at 8.  Given the risk that the government invades Movants' attorney-client privilege, which is not *de minimis* since the government has not informed Movants that it is taking

3

measures to avoid inadvertently invading the privilege, Movants reserve their rights to move to exclude evidence obtained pursuant to any related search warrant(s).

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court order the government to produce the Section 2703(d) application and any supporting documents, or in the alternative, conduct an *in camera* review and order redacted or conditioned disclosure as appropriate.

Respectfully submitted,

DATED July 24, 2025

/s/ *William A. Burck*
William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| GIBSON, DUNN & CRUTCHER LLP | Avi Perry (DC Bar No. 90023480) |
| 200 Park Avenue | John (Fritz) Scanlon (DC Bar No. 983169) |
| New York, New York 10166 | Rachel G. Frank (DC Bar No. 1659649) |
| Tel : (212) 351-5334 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 1300 I Street NW, Suite 900 |
| *Counsel for Defendant Meghan Messenger* | Washington, D.C.  20005 |
| | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| | williamburck@quinnemanuel.com |
| | aviperry@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Reply was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                         */s/ William A. Burck*
                                         William A. Burck (DC Bar No. 979677)

Dated: July 24, 2025