UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER, <br><br> Defendants. | Case No. 1:24-cr-00265 (2) (3) (TNM) |

## ORDER

On July 25, 2025, the Court held a pretrial conference to resolve a number of outstanding motions. On consideration of the parties' briefs, the oral arguments, and the relevant law, and for the reasons stated on the record at the pretrial conference, it is hereby

**ORDERED** that the Government's [180] Notice of Intent Regarding Use of Evidence Under Fed. R. Evid 404(b) is **DENIED AS MOOT**. The Government must provide advance notice if it intends to introduce at trial the two emails included in its [237] Additional Notice of Intent Regarding Use of Evidence Under Fed. R. Evid 404(b).

**ORDERED** that the Government's [177] Motion to Exclude Certain Evidence and Arguments is **GRANTED IN PART AND DENIED IN PART**. Defense will not be permitted to make jury nullification arguments. Nor will they be allowed to reference their potential sentence or the Government's charging decisions in this case or other cases. However, Defense will be permitted to introduce evidence that the Defendants acted in good faith.

**ORDERED** that the Government's [179] Motion to Admit Co-Conspirator Statements is **GRANTED**. The Government is permitted to introduce co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) because it has proved the existence of a conspiracy by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987). The

Government may introduce several broad categories of statements, but Defense retains the right to object to any specific statement at trial. Generally, the Government may introduce: (1) statements that Admiral Burke made to Denise Canedo in reference to the July 2021 meeting in Washington, D.C., and the November 2021 meeting in New York City; (2) statements that Admiral Burke made to the Defendants and to other Navy personnel discussing his retirement and future employment; and (3) Defendants' statements to each other, to their employees, and to their investors from September 2020 to October 2022.

**ORDERED** that Defense's [114] Motion to Compel Discovery is **DENIED**. To date, the Government has complied with its ongoing discovery obligations and need not re-review its evidence for the sake of double-checking evidentiary disclosures. And the Government is not required to search all records held by the Department of Defense ("DoD") for potentially discoverable material. There is insufficient evidence to find that the entire DoD—as opposed to specific subcomponents—is "closely aligned with the prosecution" for discovery purposes. *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992). And the Court will not order the production of a sealed court order from the Southern District of California that allegedly undermines the credibility of a case agent. Because the order is sealed, Defense must instead request a copy of it from the Southern District of California.

**ORDERED** that Defense's [128] Motion to Suppress is **DENIED**. The alleged omissions from the search warrant affidavit were not "material to the issue of probable cause" for the warrant issued in February of 2023. *United States v. Richardson*, 861 F.2d 291, 293 (D.C. Cir. 1988). For this same reason, Defense is also not entitled to a *Franks* hearing. *See id.* And because the February warrant was supported by probable cause, the subsequent September warrant need not be suppressed under the Fruit of the Poisonous Tree doctrine.

**ORDERED** that Defense's [176] Omnibus Motion in Limine is **DENIED**.

First, the Government may offer summary testimony from law enforcement discussing the investigation in this case, but Defense may object to any summary testimony they believe is improper. *See* Fed. R. Evid. 1006.

Second, the Government does not plan to enter evidence of Next Jump being a negative workplace, so this request is moot.

Third, evidence that Next Jump's products were not well-received in the military is admissible. It is relevant to the Defendants' states of mind and not unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. But if the Government introduces such evidence, Defense may introduce evidence that Next Jump products actually were well received in the military.

Fourth, the Government may introduce statements that Admiral Burke made to Denise Canedo after a July 2021 meeting with the Defendants because those statements were made "in further of the conspiracy." Fed. R. Evid. 801(d)(2)(E). But the Court will not rule on the admissibility of Ms. Canedo's statements to Admiral Burke until the Government seeks to introduce them at trial.

Fifth, the Government does not plan to offer evidence of Ms. Canedo's security clearance, so this request is moot.

And sixth, Defense wants to cross-examine a case agent based on allegations of prior misconduct. But the issue is moot because the Government does not intend to call that case agent in its case-in-chief. If this changes and the case agent testifies, any party can raise these issues at that time.

4

**ORDERED** that Defense's [208] Motion to Compel Disclosure of Section 2703(d) Application and Supporting Documents is **GRANTED**. The contents of the application are "material to preparing the defense" because it includes the Government's evidence and theory that the Defendants allegedly took steps to cover up the charged misconduct. *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993).

    **SO ORDERED**.

Dated: July 25, 2025                                                                            TREVOR N. McFADDEN, U.S.D.J.