UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM and MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**DEFENDANTS YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S JOINT SUPPLEMENT IN SUPPORT OF PROPOSED JURY INSTRUCTIONS (ECF NO. 210-2)**

As invited by the Court during the pretrial conference on July 25, 2025, defendants Yongchul "Charlie" Kim and Meghan Messenger ("Defendants") respectfully submit this brief supplement regarding the proper jury instruction on the term "corruptly." In short, the Court should instruct the jury that to act corruptly means to act with consciousness of wrongdoing.

18 U.S.C. § 201(b)(1) makes it unlawful to "give[], offer[] or promise[] anything of value to any public official," but only if such action is done *both* "corruptly" *and* "with intent to influence any official act." The government's attempt to conflate these separate mental states would read the word "corruptly" out of the statute—contrary to the canon against surplusage, the rule of lenity, constitutional principles of fair notice, and the bedrock principal that "wrongdoing must be conscious to be criminal." *Morissette v. United States*, 342 U.S. 246, 252 (1952). The government's position here also contradicts how "corruptly" is interpreted in virtually every other statute, including 18 U.S.C. § 666, which is "modeled" on Section 201(b). *Snyder v. United States*, 603 U.S. 1, 10-11 (2024); *see also id.* at 9 ("[T]he text of § 666 . . . closely resembles the bribery position for federal officials, § 201(b)."). Given the congruity between Sections 201 and 666, they should be interpreted similarly. Certainly, Section 201 bribery (which carries a 15-year statutory

1

maximum) should not be interpreted to require a *less* culpable mental state than Section 666 bribery (which has a 10-year maximum). And indeed, the Supreme Court explicitly said in *Snyder* that "Section 666 shares the defining characteristics of § 201(b)'s bribery provision: the corrupt state of mind and the intent to be influenced in the official act." *Id.* at 12; *see also id.* at 11 ("§ 201(b)'s bribery provision . . . requires that the official have a corrupt state of mind and accept (or agree to accept) the payment intending to be influenced in the official act."). The government dismisses this language as "dicta," suggesting that this Court should give no weight to the Supreme Court's purposeful splitting of Section 201(b)'s two "defining characteristics" (plural) into separate elements. But the government should not so lightly shrug off a Supreme Court majority decision from just last year. Nor has the government offered a persuasive reason *why* this "dicta" is wrong or why the usage of the same term ("corruptly") in two parallel bribery statutes should receive such different treatment.

The government is also reversing itself with no explanation. In *Snyder*, the Solicitor General argued that, under relevant Supreme Court authority, the natural meaning of corruptly is the same as what Defendants urge here: "Congress did not define 'corruptly' for purposes of Section 666, but this Court has explained that the 'natural meaning' of that term is 'normally associated with wrongful, immoral, depraved, or evil' conduct. . . . The Court has accordingly associated the term with 'consciousness of wrongdoing.'" *See* Br. for U.S., 2024 WL 1116453, at *38-39 (internal citations omitted). For that proposition, the Solicitor General cited *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005), a 18 U.S.C. § 1512 case in which the Supreme Court said that "limiting criminality to [defendants] conscious of their wrongdoing sensibly allows § 1512(b) to reach only those with the level of 'culpability . . . we usually require in order to impose criminal liability.'" *Arthur Andersen*, 544 U.S. at 706 (cleaned up). So, for

2

purposes of interpreting Section 666 in *Snyder*, the government drew on the ordinary, dictionary definition of "corruptly" and cited a Section 1512 case to argue that the term requires consciousness of wrongdoing. But now, to interpret Section 201—on which Section 666 was modeled—the government inexplicably is urging this Court *not* to look to how "corruptly" is defined for Section 1512 and to ignore its natural meaning. That makes no sense. Nor does it comport with fair notice.

Because "corruptly" is not defined in 18 U.S.C. § 201, the Court should give the term its ordinary meaning to require consciousness of wrongdoing, just as the government argued in *Snyder* with respect to Section 666 and consistent with how the Supreme Court and D.C. Circuit have interpreted Section 1512. *See Arthur Anderson*, 544 U.S. at 705; *United States v. Robertson*, 103 F.4th 1, 11-12 (D.C. Cir. 2023). The government's citation to *United States v. Paitsel*, No. 19-156-2 (CKK), 2023 WL 2139366 (D.D.C. 2023), does not move the needle. *Paitsel* preceded *Snyder*, and the district court in *Paitsel* did not engage with this issue substantively beyond citing *McDonnell v. United States*, which *also* does not engage with the issue beyond stating that "Section 201 prohibits *quid pro quo* corruption—the exchange of a thing of value for an 'official act.'" 579 U.S. 550, 574-75 (2016). That undisputed proposition does not undercut the conclusion that, as with other statutes, "corrupt" action under Section 201 requires consciousness of wrongdoing.[1]

To say that bribery is "inherently corrupt," ECF No. 129 at 2, presupposes the conclusion. If a payment (or other benefit) is intended, and believed in good faith, to be a lawful transaction in the ordinary course of business, it cannot fit within any fair reading of the term "corruptly" precisely because it is not meant to *be* a bribe.

---

[1] Nor was this issue squarely presented in the other cases principally relied on by the government, *see* ECF No. 129 at 3-4, in which the evidentiary and legal questions centered on whether there was a *quid pro quo*, not whether the alleged bribe payor acted in good faith.

3

The Court's hypothetical at the pretrial conference proves the point. If an unscrupulous border agent falsely instructs an uneducated traveler to pay $20 to the agent for an entry visa, the traveler unquestionably is giving something of value ($20) to a public official (the agent) to influence an official act (the grant of a visa). If that were all that the statute requires, the traveler could be charged with *quid pro quo* bribery under Section 201, even though the traveler acted in good faith and believed (albeit incorrectly) that he was complying with the law. The resulting prosecution would be unjust and nonsensical if the jury were not instructed that the government *also* must show that the traveler acted with consciousness of wrongdoing. *Cf. Snyder*, 603 U.S. at 17 ("[T]he Court cannot construe a criminal statute on the assumption that the Government will use it responsibly." (cleaned up)). It also would contradict the statement from *United States v. Fischer*—which the government itself quoted in its earlier filing on this topic, *see* ECF 129 at 4—that "the unlawful purpose required under § 201 is an intent to obtain an illegal benefit." 64 F.4th 329, 340 (D.C. Cir. 2023). To act with the intent to benefit illegally is to act with consciousness of wrongdoing, *i.e.*, to act corruptly.

So, too, here. As with Section 666 and Section 1512, Defendants are entitled to an instruction that the government must prove beyond a reasonable doubt that they acted with consciousness of wrongdoing. The first part of the government's proposed instruction is non-controversial: "The term 'corruptly,' . . . means having an improper, wrongful motive or purpose." ECF No. 210-1 at 13. But the government then asks the Court to instruct the jury that "[a] person acts corruptly if they give, offer, or promise something of value to a public official with the intent to influence an official act." *Id.* That is wrong and collapses Section 201's two separate *mens rea* requirements into one. A person can act "corruptly" under Section 201(b)(1) only if he is conscious

4

that his act of "giv[ing], offer[ing], or promis[ing]" something "of value to a public official" "with the intent to influence an official act" is wrongful, and the jury should be so instructed

Respectfully submitted,

DATED July 30, 2025                 */s/ William A. Burck*

Reed Brodsky (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com

F. Joseph Warin (DC Bar No.: 235978)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Suite 300
Washington, DC 20036-5306
Tel: (212) 887-3609
fwarin@gibsondunn.com

Simone Rivera (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-6312
srivera@gibsondunn.com

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No.: 979677)
Avi Perry (DC Bar No.: 90023480)
Rachel G. Frank (DC Bar No.: 1659649)
John (Fritz) Scanlon (DC Bar No.: 983169)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
rachelfrank@quinnemanuel.com
fritzscanlon@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing filing was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

      /s/ *William A. Burck*
      William A. Burck (DC Bar No.: 979677)

Dated: July 30, 2025