IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>　　　　　　　　Defendants. | Case No. 1:24-cr-00265-TNM |

**NEXT JUMP'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE (ECF NO. 269)**

In the second sentence of its Response, the government states that it does not oppose Next Jump's Motion to Intervene. Yet rather than simply ending its pleading after making that seemingly dispositive point, the government instead subjects the Court and the parties to a nearly ten-page assortment of conclusory grievances regarding Next Jump's conduct, most of which would be better suited to—and are largely repetitive of—arguments raised in the government's brief filed a week ago. *See* ECF No. 262. These grievances—which should not distract the Court from the straightforward and apparently uncontested question of whether Next Jump should be permitted to intervene in this case—are only the latest attempt by the government to capitalize on its invasion of Next Jump's privilege, and the Court need give them little weight in determining whether to permit Next Jump to intervene in this case to protect its rights and privileges.

Next Jump believes there would be no value for the Court or the parties in re-litigating issues already briefed in connection with Defendants' and Next Jump's Opposition to the Government's Supplement to Motion *In Limine* and Cross-Motion to Quash Trial Subpoena, Exclude Privileged Evidence, and Impose Sanctions (ECF No. 249) (the "Privilege Motion"), and

will instead confine this Reply to briefly correcting the record as to certain factual points raised by the government in its Response.

I.   **The Trial Subpoenas' Return Date is August 18, Not Before**

Seemingly without regard to the plain text of the trial subpoenas themselves, the government suggests at several points that Next Jump is or should be obligated to produce materials in response to those trial subpoenas days before the designated return date.  *See* Exhibits A, B, and C to ECF No. 276 (listing return dates of "Monday, August 18, 2025").  The government cites no authority for the proposition that Next Jump is obligated to do anything other than what is requested on the face of those subpoenas: appear on that date at the designated time and place with the requested records.

Nevertheless, as the government acknowledges, Next Jump has voluntarily agreed to provide advance compliance with the trial subpoenas, and indeed already has done so to the extent it is able without contradicting its position in its ongoing litigation over the government's invasion of Next Jump's attorney-client privilege.  Unfortunately and unavoidably, Next Jump's ability to continue providing early compliance with the government's subpoena is compromised by the need to redirect resources to addressing the government's allegations, but Next Jump nevertheless continues to work diligently to comply with any and all legal obligations.

II.   **The Government Improperly Demands Production of Privileged Materials**

In addition to complaining about Next Jump's lack of compliance with a non-existent obligation to respond to the government's trial subpoenas several days earlier than required, the government also complains that Next Jump is not producing materials responsive to the very demands that are at issue in the parallel litigation over privileged materials.  The government cites no authority for the proposition that a party asserting (and litigating) a privilege violation should

nevertheless be required to produce the very materials over which it asserts privilege in response to a trial subpoena. This would do nothing more than allow the government to end-run the privilege litigation and improperly capitalize on its own misconduct in violating Next Jump's privilege.

### III. The Government Cites No Evidence of a Failure to Comply

The government repeatedly alleges that Next Jump's failure to comply "years ago" with unspecified "grand jury subpoenas" shows a "lack of transparency and compliance" by Next Jump. Yet the government offers not a single piece of evidence for these inflammatory allegations, most likely because they are categorically untrue. To note but one example, the government's grand jury subpoena requesting "[a]ny training materials or communications to Next Jump employees regarding the solicitation of government business, the process of obtaining a government contract and regulations regarding interactions with employees of the United States government or any foreign government" was expressly limited to the period September 1, 2019 to August 1, 2024—a period well *after* the materials the government improperly obtained from Next Jump's counsel, Mr. Weisberg, were created and presented.

Moreover, even if the government were correct in its assertion regarding a failure to comply with a grand jury subpoena, the remedy for such failure is not an invasion of Next Jump's attorney-client privilege followed by a raft of trial subpoenas seeking to capitalize on that invasion. The government's suggestion that the Court should simply overlook the government's misconduct in invading Next Jump's privilege and permit the government to leverage it into a sprawling set of onerous document collection and production requests turns the entire fruit-of-the-poisonous-tree analysis on its head and would only incentivize further government privilege violations in the future.

Next Jump continues to work quickly and in good faith to respond to a series of broad trial subpoenas that are largely predicated on privilege violations by the government which the Court is currently considering in connection with the ongoing privilege litigation. The hodgepodge of unsupported allegations raised by the government in response to Next Jump's Motion to Intervene have no bearing on the question of whether Next Jump should be permitted to intervene and attempt to protect itself from the government's misconduct, and Next Jump respectfully requests that the Court grant its motion.

DATED:  August 15, 2025

                                        Respectfully submitted,

                                         /s/ Haejin Shim
Haejin Shim (*pro hac vice*)
SHIM & ASSOCIATES, P.C.
1270 Broadway #305
New York, NY 10001
Work: (201) 482-0749
hshim@shimassociates.com

Albert B. Stieglitz, Jr. (*pro hac vice* pending)
ALSTON & BIRD LLP
950 F Street, NW
Washington, D.C.  20004
Work: (202) 239-3168
Albert.Stieglitz@alston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing reply was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                                              _/s/ Haejin Shim_
                                                           Haejin Shim

Dated:  August 15, 2025