UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 24-CR-265 (2)(3) (TNM) |
| v. | : | |
| | : | |
| YONGCHUL "CHARLIE" KIM, and | : | |
| MEGHAN MESSENGER, | : | |
| | : | |
| Defendants. | : | |

### UNITED STATES' RESPONSE TO DEFENDANTS' AND NEXT JUMP'S SUPPLEMENT IN SUPPORT OF THEIR CROSS-MOTION TO QUASH TRIAL SUBPOENA, EXCLUDE PRIVILEGED EVIDENCE, AND IMPOSE SANCTIONS

Once again, the Defendants and Next Jump have filed a Motion that is not rooted in fact, ECF No. 279, let alone supported by the email they cite to from Mr. Weisberg, ECF No. 279, Ex. A. First and foremost, nowhere in Mr. Weisberg's email does he assert that the documents he voluntarily provided the Government, after warnings by the Government to not violate any attorney-client privilege, are protected by any privilege. Indeed, the email states the opposite, as Mr. Weisberg maintains that it was his understanding that the documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1]▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1] Information intended for disclosure is not confidential. *United States v. Naegele*, 468 F. Supp. 2d 165, 170 (D.D.C. 2007) ("[I]nformation and communications imparted from a client to his attorney for the purpose of their disclosure . . . are not privileged because information intended to be disclosed . . . by definition is not information provided to the attorney in confidence."); *see also In re Sealed Case*, 877 F.2d 976, 979 & n.4 (D.D.C. 1989) ("[D]ata that [a client] intends to report [to the IRS] is never privileged in the first place" so long as it does not "reveal directly the attorney's confidential advice.").

Further, as the Government has repeatedly asserted, Mr. Weisberg can wear many different hats. Just because he *may have* provided legal advice to Next Jump at some point, does not mean that he was providing legal advice with respect to the information he voluntarily provided the Government. Mr. Weisberg could not have been providing Next Jump legal advice with respect to ▇▇▇ because, of course, ▇▇▇ is not legal advice. Mr. Weisberg ▇▇▇.

Finally, Defense counsel's insinuation that the MOIs do not accurately reflect the interview has no basis in reality. The agent who took the notes agreed that it was consistent with his recollection that these warnings were given – that is why he included them in his final MOI. Multiple people were on the call and remember the disclaimers being given by the interviewing prosecutor and acknowledged by Mr. Weisberg at the very outset of the interview. Moreover, consistent with the disclaimers, multiple people on the call remember Mr. Weisberg ▇▇▇ Further, at no time did the Government imply that it had a copy of the compliance training or the ethics guide. Indeed, the Government could not imply that because it did not know they even existed until Mr. Weisberg ▇▇▇.

At bottom, the facts are these: (1) Mr. Weisberg assured the Government on more than one occasion ▇▇▇ (2) ▇▇▇; and (3) at all times, the Government has acted consistent with its ethical obligations.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By      /s/
Rebecca G. Ross (NY Bar No. 5590666)
Brian P. Kelly (DC Bar No. 983689)
Joshua S. Rothstein (NY Bar. No. 4453759)
Sarah Santiago (GA Bar No. 724304)
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490