UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>　　　　　Defendants. | Case No. 1:24-cr-00265-TNM<br><br>REDACTED |

**YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S MOTION *IN LIMINE* TO EXCLUDE IMPERMISSIBLE HYPOTHETICAL QUESTIONS AND LEGAL CONCLUSIONS FROM LAY WITNESSES**

**PRELIMINARY STATEMENT**

Defendants Charlie Kim and Meghan Messenger, by and through undersigned counsel, respectfully move this Court for an order *in limine* preventing the government from asking impermissible hypothetical questions and eliciting legal conclusions from lay witnesses.

During this investigation and prosecution, the government has repeatedly posed hypothetical questions to witnesses that assume the truth of disputed allegations, asking witnesses how they would have reacted, thought, or concluded, if those disputed facts were true. As just one example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. 1, ████████████████. Similarly, at trial, the government asked one witness whether it would "have been a problem if [job discussions] had been ongoing in the midst of these contract discussions" in 2019. Ex. 2, Aug. 20, 2025 PM Trial Tr. at 87:05-88:08.

These questions are inappropriate under the Federal Rules of Evidence, and they are highly prejudicial to the Defendants. The Court should enter an order preventing the government from asking such hypothetical questions, which elicit speculative opinions and legal conclusions about facts that are in dispute in this case, and which effectively position the witnesses as stand-ins for the jury.

**ARGUMENT**

The Federal Rules of Evidence prohibit two categories of improper lay witness testimony that the government may seek to elicit: speculative opinions about hypothetical scenarios beyond witnesses' personal knowledge, and legal conclusions about terms with distinct meanings reserved for the Court's jury instructions.

1

I.  **THE GOVERNMENT SHOULD BE PROHIBITED FROM ASKING HYPOTHETICAL QUESTIONS THAT REQUIRE SPECULATION BEYOND WITNESSES' PERSONAL KNOWLEDGE**

Federal Rule of Evidence 701 requires lay witness opinions to be "rationally based on the witness's perception," not speculative conclusions about abstract hypothetical scenarios. Speculative testimony based on hypothetical scenarios cannot satisfy Rule 701(a)'s requirement that lay opinions be "rationally based on the witness's perception." Rule 701(a)'s requirement that testimony be "rationally based on the witness's perception" imports the personal knowledge requirement of Rule 602. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Personal knowledge is established only if the witness's testimony is based on "personal perception" or observation.

"Speculative testimony, based on what a witness would have done had the situation been otherwise, cannot possibly be based on a witness' perception." *Athridge v. Iglesias*, Civil Action No. 89-1222 (JMF), Civil Action No. 92-1868 (JMF), 2004 WL 7345458, at *2 (D.D.C. Dec. 21, 2004). In *United States v. Gibson*, 636 F.2d 761, 764 (D.C. Cir. 1980), for example, the D.C. Circuit upheld the exclusion of testimony from a witness who "was not allowed to speculate about what he might have seen" under different circumstances than had actually occurred. The court concluded, "[t]his was not error. While a lay witness may offer opinion testimony when that testimony will be helpful to the trier of fact, … we know of no case holding that a trial judge must permit a lay witness to use one set of observations as the foundation for an opinion about what he might have seen under different circumstances." *Gibson*, 636 F.2d at 764; *see also United States v. Mix*, Criminal Action No. 12-171, 2013 WL 5781693, at *3 (E.D. La. Oct. 23, 2013) (ruling on the defendant's motion in limine that "a question [that] is speculative in nature—e.g.—what a witness would or would not have done with such knowledge—shall not be allowed").

2

The essential difference between expert and lay witnesses is the ability to answer hypothetical questions. *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). This fundamental distinction preserves the integrity of the Federal Rules of Evidence by ensuring that opinion testimony requiring specialized knowledge is subject to the reliability requirements of Rule 702. Even for expert witnesses, however, hypothetical questions face significant limitations. In *United States v. Boyd*, 55 F.3d 667, 669 (D.C. Cir. 1995), the D.C. Circuit reversed a conviction where the government used hypothetical questions as a "subterfuge" to circumvent Rule 704(b)'s prohibition on expert testimony regarding ultimate issues). The court found it was "a flagrant breach of the Rules of Evidence" to allow an expert to testify to a hypothetical that was "a carbon copy of the matter before the jury, thus effectively giving a forbidden opinion on the case at hand." *Boyd*, 55 F.3d at 669.

Other circuits have recognized this principle. The Fifth Circuit similarly found that "speculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception" is inadmissible. *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993). And in *United States v. Roland*, 130 F.4th 480, 490 (5th Cir. 2025), the same court upheld exclusion of hypothetical questions where the defendant attempted to ask lay witnesses whether certain conduct was lawful, finding such questions sought "impermissible lay-witness opinions" and noting that witnesses lacked "personal knowledge" of the legal issues posed.

While in some narrow situations some courts have permitted experienced professionals to offer lay opinions about hypothetical scenarios, that is only permissible when such testimony is "grounded in extensive experience" and the witness can "rationally base" their prediction on "personal experience" with relevant policies and procedures. *Atlanta Channel, Inc. v. Solomon*, Civil Action No. 15-1823 (RC), 2021 WL 4243383, at *4–5 (D.D.C. Sept. 17, 2021); *United States*

3

*v. Hill*, 643 F.3d 807, 841–42 (11th Cir. 2011). Here, should the government ask, for example, whether certain conduct "would be unethical" or "would be unlawful," the witnesses will be forced to speculate about abstract scenarios rather than testify from personal perception because none of the Defendants' witness have "extensive experience" with bribery scenarios and standard contracting procedures do not encompass corrupt quid pro quo arrangements.

Accordingly, the government may not ask witnesses speculative questions about the propriety of business arrangements they did not personally observe or experience. Such questions violate Rules 701 and 602 and should be excluded.

## II. THE GOVERNMENT SHOULD BE PROHIBITED FROM ELICITING LEGAL CONCLUSIONS THAT DIRECT THE JURY'S VERDICT

Questions as to the ethics or legality of conduct also violate the prohibition against lay witnesses testifying "as to a legal conclusion." *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). This prohibition exists because "the judge and not a witness is to instruct the factfinder on the applicable principles of law." *Athridge*, 2004 WL 7345458, at *1–2 (excluding testimony of whether party "consented," because the term has distinct legal meaning). Exclusion is appropriate when either directly offering a legal conclusion or if "the terms used have a separate, distinct, and special legal meaning." *Id.*

The government's questions about what is "ethical" and "unlawful" seek conclusions about terms with distinct legal meanings in this context. "Unethical" in federal contracting implicates specific regulatory frameworks including procurement ethics regulations, conflict of interest statutes, and professional responsibility standards. "Unlawful" directly addresses the statutory elements of 18 U.S.C. § 201 and related federal criminal provisions that define the charged offenses.

4

Such testimony violates the fundamental principle that "[e]vidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible." *Kostelecky v. NL Acme Tool/NL Indus., Inc.*, 837 F.2d 828, 830 (8th Cir. 1987). "An opinion that 'will do little more than tell the jury what result to reach ... will be inadmissible.'" *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 624 (1st Cir. 1988) (quoting 11 J. Moore & H. Bendix, *Moore's Federal Practice* § 704.02 (1985). As the District Court for the Western District of Washington recently explained, courts must exclude testimony that falls under the "prohibition [on] testimony that would 'merely tell the jury what result to reach.'" *United States v. Jurkovic*, 2023 WL 7921315, at *2 (W.D. Wash. Nov. 16, 2023).

Such questions would ask witnesses to conclude that the Defendants' alleged conduct was improper. The prejudicial impact of answers to these questions is particularly acute in criminal prosecutions. In *United States v. Roland*, 130 F.4th 480, 490 (5th Cir. 2025), the court excluded hypothetical questions where lay witnesses lacked "personal knowledge" of the legal issues posed. Allowing the government to present multiple witnesses condemning the Defendants' conduct through legal and ethical conclusions would create overwhelming and unfairly prejudicial testimony without foundation in personal knowledge.

In addition, if the government is permitted to ask a witness a question that assumes the truth of the government's allegations, the ensuing cross-examination (or direct if the question is posed on cross-examination of a defense witness) will necessarily involve a counter-hypothetical that assumes the truth of the defense theory of the case. For instance, if a defense witness is asked on cross-examination whether their positive opinion of the defendants' character would be different if they learned that the defendants had attempted to bribe an admiral (or, however the question is phrased, had offered to trade a military contract for a job), the redirect will need to

5

incorporate a hypothetical based on the defendants' good-faith reliance on the admiral's guidance. At that point, the parties would be simply using the witness as a proxy for the jury, usurping the jury's exclusive role and telling them what verdict to reach.

## CONCLUSION

The Defendants respectfully request that this Court grant this motion *in limine* and prevent the government from asking impermissible hypothetical questions and excluding testimony regarding such hypothetical questions and legal conclusions.

Respectfully submitted,

DATED August 25, 2025                  /s/ William A. Burck
                                      William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| GIBSON, DUNN & CRUTCHER LLP | Avi Perry (DC Bar No. 90023480) |
| 200 Park Avenue | John (Fritz) Scanlon (DC Bar No. 983169) |
| New York, New York 10166 | Rachel G. Frank (DC Bar No. 1659649) |
| Work: (212) 351-5334 | Brett Raffish (DC Bar No. 90023306) |
| Mobile: (917) 574-8200 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| rbrodsky@gibsondunn.com | 1300 I Street NW, Suite 900 |
| | Washington, D.C. 20005 |
| Simone Rivera (*pro hac vice*) | Tel: (202) 538-8000 |
| GIBSON, DUNN & CRUTCHER LLP | Fax: (202) 538-8100 |
| 200 Park Avenue | williamburck@quinnemanuel.com |
| New York, New York 10166 | aviperry@quinnemanuel.com |
| Tel: (212) 351-6312 | fritzscanlon@quinnemanuel.com |
| srivera@gibsondunn.com | rachelfrank@quinnemanuel.com |
| | brettraffish@quinnemanuel.com |
| *Counsel for Defendant Meghan Messenger* | |
| | Christopher Clore (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 5th Avenue |
| | New York, NY 10016 |
| | Tel: (212) 849-7000 |
| | Fax: (212) 849-8100 |
| | christopherclore@quinnemanuel.com |
| | |
| | *Counsel for Defendant Yongchul "Charlie" Kim* |

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                             */s/ William A. Burck*
                                             William A. Burck (DC Bar No. 979677)

Dated: August 25, 2025