# EXHIBIT D

1.      **Bribery**

Count Two of the Indictment charges the Defendants with bribery. Title 18, United States Code, Section 201(b)(1) makes it a crime to bribe a public official. For you to find Mr. Kim and Ms. Messenger guilty of this offense, the Government must prove each of the following beyond a reasonable doubt:

(1)  the Defendant directly or indirectly gave, offered or promised something of value to a public official; and

(2)  the Defendant acted knowingly and corruptly, with intent to influence an official act.

Anyone holding the position of Admiral, as described in the indictment, is a public official.

To qualify as an "official act," the public official must have made a  decision or taken an action on a question, matter, cause, suit, proceeding, or controversy.  Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power.  It must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee.  It must also be something specific which requires particular attention by a public official.  In this case, the Government alleges that the question, matter, cause, suit, proceeding, or controversy is Next Jump's January 2022 contract with the United States Government.

The public official's decision or action on that question, matter, cause, suit, proceeding,  or  controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  But

setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

It is not necessary that the public official *actually* make a decision or take an action. It is enough that he agrees to do so. The agreement need not be explicit, and the public official need not specify the means he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the official act, so long as he agrees to do so.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose.

<u>Proof of Success Not Required</u>

For a defendant to be guilty of bribery by giving, offering, or promising a thing of value, the Government must prove beyond a reasonable doubt that the defendant intended that, in exchange for a thing of value, here a job for Admiral Burke, an official act would be influenced. It is not necessary that the government prove an official act actually was influenced.

<u>Exchange Need Not Be Explicit</u>

The Defendant's intent to engage in the exchange of a bribe, here the job for Admiral Burke, for an official act need not be explicit. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, the Government can prove the Defendant's intent by circumstantial evidence, based on his words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.

Importantly, while you have heard about other things of value given by the defendants or others working at Next Jump to Admiral Burke or others in the military, the alleged bribe here is the job at Next Jump for Admiral Burke, not any other thing of value.

<u>Mixed Motive Not a Defense</u>

Finally, it is not a defense to the crime of bribery that Defendant Kim and Defendant Messenger gave, offered, or promised Robert Burke a thing of value, for some purpose in addition to influencing Robert Burke's officials act or acts. This is so because people rarely act for a single purpose. If you find beyond a reasonable doubt that a Defendant acted with the corrupt intent to exchange a thing of value for an official act, then it makes no difference that the Defendant may also have had additional motives—such as friendship or goodwill.