```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                                    Docket No.: 24-cr-265(TNM)

ROBERT P. BURKE,

                    Defendant
-----------------------------------------------------------------X
```

### **DEFENDANT'S MOTION TO EXTEND SELF-SURRENDER DATE**

Defendant Robert P. Burke, by and through his undersigned counsel, respectfully moves this Honorable Court for an extension of his self-surrender date, from October 21, 2025, to on or about December 1, 2025. The grounds for this motion are that (1) the extremely brief period between the notice of designation and the current surrender date is insufficient for Admiral Burke to properly arrange his personal and business affairs, and (2) an extension is necessary to permit the parties to fully brief, and the Court to adjudicate, a forthcoming motion for bail pending appeal, which could not be filed until the Judgment was formally entered.

### **BACKGROUND**

On September 16, 2025, this Court sentenced Admiral Burke to a term of imprisonment. However, the formal Judgment in a Criminal Case was not entered on the docket until three weeks later, on October 7, 2025. (*See* ECF No. 350). Subsequently, on October 16, 2025, the United States Probation Office issued a "Notice of Designation and Date to Report," instructing Admiral Burke to surrender to the Hazelton Satellite Camp in Bruceton Mills, West Virginia, on Tuesday, October 21, 2025, no later than 2:00 p.m.

This notice provides Admiral Burke with only five days, including a weekend, to prepare for his term of incarceration. This preparation includes arranging complex personal, family, and financial matters that require more than a few days to resolve.

Furthermore, the defense is preparing a motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). The filing of a notice of appeal, a prerequisite for such a motion, could not occur until after the entry of the final judgment on October 7. This procedural timeline, combined with the short surrender date, necessitates an extension to allow for the orderly litigation of the forthcoming motion.

## ARGUMENT

This Court has broad discretion to set and modify a defendant's self-surrender date. A brief extension is warranted here for two compelling reasons.

**I. The Abbreviated Notice Period Imposes an Undue Hardship and Warrants a Brief Extension for Admiral Burke to Order His Affairs.**

The five-day period between the notice from the Probation Office and the designated surrender date is patently insufficient for any individual to put their life in order before a lengthy period of incarceration. Admiral Burke must make critical arrangements for the care of his family, the management of his financial obligations, and the transition of his personal responsibilities. These are not tasks that can be completed in a matter of days. Courts routinely grant brief extensions of surrender dates to allow defendants to attend to such necessary personal matters, recognizing that an orderly transition benefits not only the defendant and his family but also serves the interests of the Bureau of Prisons. A one-month extension is a reasonable and modest request to ensure Admiral Burke can surrender with his affairs properly and responsibly arranged.

**II. An Extension Is Necessary to Allow for the Adjudication of a Forthcoming Motion for Bail Pending Appeal.**

The defense intends to file a motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b). That motion will set forth substantial questions of law and fact that, if resolved in Admiral Burke's favor, are likely to result in a reversal or an order for a new trial.

Critically, the defense was precluded from filing a notice of appealand, consequently, the motion for bail pending appealuntil this Courts Judgment was formally entered on October 7, 2025. The subsequent designation of a surrender date just two weeks later, on October 21, 2025, leaves insufficient time for the parties to properly brief this important issue for the Courts consideration.

The interests of justice and judicial economy are best served by allowing this motion to be fully briefed and decided *before* Admiral Burke is required to surrender. If Admiral Burke must surrender on October 21, he may be transported to the designated facility, begin processing into the federal prison system, and start serving his sentence, only for the Court to potentially grant his motion for release shortly thereafter. Such a sequence of events would be inefficient for the Bureau of Prisons and unduly disruptive to Admiral Burke. A one-month extension provides a practical and appropriate amount of time for the defense to file its motion, for the Government to file its opposition, and for the Court to render a decision before Admiral Burke's surrender becomes necessary.

## CONCLUSION

For the foregoing reasons, Defendant Robert P. Burke respectfully requests that the Court grant this motion and extend his self-surrender date to on or about December 1, 2025.

Dated: October 16, 2025

                                              Respectfully submitted,

                                              Timothy Parlatore
                                              Parlatore Law Group, LLP
                                              260 Madison Ave., 17th Floor
                                              New York, New York 10016
                                              *Attorney for Robert P. Burke*