UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 24-CR-265 (1) (TNM) |
| v. : | |
| : | |
| ROBERT P. BURKE, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT BURKE'S
MOTION FOR RELEASE PENDING APPEAL**

After Defendant Robert Burke ("Defendant") was convicted of conspiracy, accepting a bribe, conflict of interest, and a scheme to conceal material facts, this Court sentenced Defendant to a prison term of sixty months. On the eve of his report date, Defendant has now filed a motion for release pending appeal, pursuant to 18 U.S.C. § 3143(b)(1), arguing that his recently-filed appeal of his conviction to the D.C. Circuit will raise substantial issues of law and fact likely to result in reversal or a new trial. ECF 355. His filing identifies no such "close call"—but rather lists trial grievances devoid of legal support. The law presumes that he must begin serving his sentence. His motion must be denied.

**LEGAL STANDARD**

By statute, bail pending appeal is available only in limited circumstances. *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988) ("The law has shifted from a presumption of release to a presumption of valid conviction."); 18 U.S.C. § 3143(b)(1). Defendant bears the burden of rebutting the presumption of detention. *United States v. Libby*, 498 F.Supp.2d 1, 3 (D.D.C. 2007). *See also United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir.1986) (it is defendant's burden to demonstrate "that he has a substantial question to present [upon appeal] before he may

1

be admitted to bail"). This statute was enacted to ensure that release pending appeal is a remedy granted only in "exceptional circumstances." *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

In order to grant Defendant's motion, the Court must make a series of findings, including that Defendant's appeal "raises a substantial question of law or fact," meaning that it is "a close question or one that very well could have been decided the other way." *Perholtz*, 836 F.2d at 555 (explaining that the "close question" standard is "more demanding" than one that requires the inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous") (internal quotations omitted).

**ARGUMENT**

Even assuming *arguendo* that the Court could make all of the other required findings for the extraordinary statutory relief, Defendant has not shown that his appeal raises a substantial question of law or fact, and thus not met his statutory burden.

*First*, he contends that there is a substantial question in (1) the Court's exclusion of impeachment evidence related to admission of statements by Defendant's co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E)[1]; (2) violation of the Rule of Completeness for the government playing only portions of Defendant's interview with law enforcement (which he acknowledges was "lengthy"). ECF 355 at 3-5. These evidentiary rulings were within the

---

1 Defendant contends that the D.C. Circuit and other district courts consistently take broad views to admit evidence impeaching a co-conspirator whose statements are admitted pursuant to Rule 801(d)(2)(E)—then cites two cases purporting to support that proposition. But the first, *United States v. Williams-Davis*, 90 F.3d 490, 512 (D.C. Cir. 1996), is a case about the government's discovery obligations related to co-conspirators' statements. The second, *Watkins v. United States*, No. 00-CF-540 (D.C. Cir. 2004), has an incomplete case citation that the government is unable to identify. This falls woefully short of showing that this Court acted outside its discretion on this issue.

2

sound discretion of the Court and will only be overturned on appeal for an abuse of discretion. *See, e.g., United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000).

*Second*, Defendant contends that there was insufficient evidence on Count Five in the indictment, Defendant's concealment of material facts in violation of 18 U.S.C. § 1001(a)(1), because the Navy standards of conduct put into evidence by the government was a prior version to the one in operation at the time of Defendant's completion of a false financial disclosure. ECF 355 at 5. But as the Court reasoned in denying Defendant's motion for judgment of acquittal on this issue, the Navy official who testified about the governing standards suggested that the operative effect of the standards was the same. May 13, 2025, PM Transcript at 58:18-59:7. Therefore, based on the form in evidence and the witness testimony, there was sufficient evidence for the jury to conclude that the warnings and advice from the earlier memo would have created a specific duty for Defendant to disclose his financial assets—and, in fact, the jury did find that the evidence was sufficient on this element, because they convicted. There is no basis for the appellate court to disturb the jury's verdict on this count. *See, e.g.*, *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021).

*Third*, Defendant points to the Court's denial of a missing witness instruction relating to Denese Canedo. ECF 355 at 6. Ms. Canedo was known to Defendant and available to him. The Court denied the missing witness instruction because Defendant could have subpoenaed her— and chose not to. Where a witness is equally available to both parties, no inference of unfavorable testimony from an uncalled witness can be drawn, and the court should not give a missing witness instruction. *Brown v. United States*, 414 F.2d 1165-1166-67 (D.C. Cir. 1969).

*Fourth*, Defendant takes issue with the Court's jury instructions on bribery and conspiracy. ECF 355 at 7. Rather than explain why there is a "close call" on a legal issue, Defendant merely averred that the Court's instructions do not comport with two Supreme Court cases defining official acts or the requisite level of corrupt intent. This falls short of showing a substantial legal issue to be decided on appeal.

None of the purported "substantial issues" raised in Defendant's filing present an issue that is even debatable. *Perholtz*, 836 F.2d at 555. Therefore, he is not entitled to relief under 18 U.S.C. § 3143(b)(1). His motion must be denied.

### CONCLUSION

For the reasons set forth above, Defendant motion for release pending appeal should be denied.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By   /s/
Rebecca G. Ross (NY Bar No. 5590666)
Brian P. Kelly (DC Bar No. 983689)
Joshua S. Rothstein (NY Bar. No. 4453759)
Sarah Santiago (GA Bar No. 724304)
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490