UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                            Docket No.: 24-cr-265(TNM)

ROBERT P. BURKE,

              Defendant
-----------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY EXECUTION OF SENTENCE AND CONTINUE RELEASE PENDING APPEAL

Defendant Robert P. Burke, through counsel, respectfully submits this reply in further support of his motion for release on bail and a stay of his sentence of imprisonment pending appeal. The Government's opposition mischaracterizes the governing legal standard and fails to meaningfully engage with the substantial legal questions raised for appeal. For the reasons set forth in the initial motion and this reply, Admiral Burke has satisfied the requirements of 18 U.S.C. § 3143(b), and his release is therefore mandated.

**ARGUMENT**

**I. The Standard for Release Requires Only a Substantial Question, Not a Near Certainty of Reversal.**

The Government's opposition begins by framing release pending appeal as a remedy for only the most exceptional circumstances. (Oppn at 2). While the standard is exacting, the Government's framing obscures the precise test articulated by the D.C. Circuit. The defendant is not required to demonstrate that the trial courts rulings were certainly wrong or that reversal is a near-guarantee. Instead, the appeal must raise a substantial question of law or fact, which the D.C. Circuit defines as a close question or one that very well could have been decided the other way.

*United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). The issue need only be fairly debatable or fairly doubtful. *Id.* The Government's conclusory dismissals of each of Admiral Burke's arguments fail to demonstrate that these issues are not, at a minimum, close questions that warrant appellate review before a decorated veteran is deprived of his liberty.

**II. The Appeal Presents Multiple Substantial Questions of Law and Fact.**

**A. The Exclusion of Impeachment Evidence Under FRE 806 Raises a Substantial Question.**

The Government cursorily dismisses the Courts exclusion of impeachment evidence against non-testifying co-conspirators Kim and Messenger as a matter of sound discretion. (Oppn at 3). This ignores the fundamental legal question presented: whether the Courts narrow interpretation of Federal Rule of Evidence 806 was an abuse of that discretion. FRE 806 permits a hearsay declarants credibility to be attacked by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The defense sought to introduce prior inconsistent statements and other evidence directly bearing on the truthfulness of Kim and Messenger, whose out-of-court statements were the cornerstone of the Government's case.

The Government's critique of the defenses citations is a red herring. (Oppn at 2 n.1). The principle articulated in *United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996), regarding the importance of affording the defense an opportunity to challenge the credibility of co-conspirator declarants, is directly relevant. Whether the Courts restrictive reading of FRE 806, which severely hampered that opportunity, constitutes reversible error is a substantial question that is, at the very least, fairly debatable.

**B. The Violation of the Rule of Completeness Under FRE 106 Presents a Substantial Question.**

The Government's opposition fails entirely to address the substance of Admiral Burke's argument under Federal Rule of Evidence 106. The defense objected to the Government's introduction of isolated, cherry-picked clips from a lengthy interview, arguing that in fairness the jury should hear the clarifying and contextualizing portions contemporaneously. *See* FRE 106; *United States v. Sutton*, 801 F.2d 1346, 1368-69 (D.C. Cir. 1986) (emphasizing the importance of immediate context to prevent misleading the jury). By denying the defenses request, the Court allowed a skewed and misleading impression to be presented to the jury. Whether this ruling constituted an abuse of discretion that prejudiced the defendant is a substantial question for appeal.

**C. The Government Failed to Prove an Operative Legal Duty to Disclose for Count Five.**

The Government's argument on Count Five (Concealment) rests on the circular logic that because the jury convicted, the evidence must have been sufficient. (Oppn at 3). This sidesteps the core legal defect in its case. A conviction under 18 U.S.C. § 1001(a)(1) requires proof of a *specific, operative legal duty* to disclose the facts in question at the time of the alleged offense. *United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006).

The Government concedes that the ethics memo it introduced at trial (Gov. Ex. 9) was a prior version and not the one in effect during the charged conduct. (Oppn at 3). It argues, based on witness testimony that suggested the operative effect was the same, that this was sufficient. *Id.* A suggestion is not proof beyond a reasonable doubt. Whether a superseded policy document can create the requisite, specific legal duty for a criminal conviction is a substantial question of law that this Circuit has not resolved. A favorable ruling would result in an acquittal on this count and a reduced sentence.

3

**D. The Denial of a Missing Witness Instruction Was an Abuse of Discretion.**

The Government argues that a missing witness instruction for Denese Canedo was inappropriate because she was equally available to both parties. (Oppn at 3). This misstates the law. Availability is not merely about the power to issue a subpoena; it concerns the parties relationship with the witness. *Burgess v. United States*, 440 F.2d 226, 232 (D.C. Cir. 1970). When a witness is an informant who initiated the complaint and has a close relationship with investigators, she is not meaningfully available to the defense. *See United States v. Williams*, 113 F.3d 243, 246 n.2 (D.C. Cir. 1997). The Government's failure to call its key complainant and informant, whose testimony was central to the cases origins, raises a substantial question regarding the Courts refusal to provide the instruction.

**E. The Deficient Jury Instructions on Bribery and Conspiracy Present a Substantial Question.**

Finally, the Government claims Admiral Burke merely averred that the jury instructions were improper without explaining why they present a close call. (Oppn at 4). This is incorrect. The motion clearly identifies the core issue: the instructions failed to properly define official act under the stringent standard of *McDonnell v. United States*, 579 U.S. 550 (2016), and failed to properly instruct on corrupt intent when a mixed motive is present. An instructional error on the central elements of the charged offenses is a quintessential substantial question. The Supreme Court in *McDonnell* found that just such an error required reversal. This issue is plainly debatable and likely to result in reversal.

**CONCLUSION**

For the foregoing reasons, and those stated in his initial motion, Admiral Burke has demonstrated that his appeal raises multiple substantial questions of law and fact, the resolution of

which is likely to result in reversal, a new trial, or a reduced sentence. He has met his burden under 18 U.S.C. § 3143(b). Accordingly, he respectfully requests that the Court grant his motion, order his continued release on reasonable conditions, and stay the execution of his sentence of imprisonment pending the final disposition of his appeal.

Dated: October 20, 2025

                            Respectfully submitted,

                            Timothy Parlatore
                            PARLATORE LAW GROUP, LLP
                            260 Madison Avenue, 17th Floor
                            New York, New York 10016
                            timothy.parlatore@parlatorelawgroup.com
                            *Attorney for Defendant Robert P. Burke*