# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 24–265 (2)(3) (TNM) |
| | : | |
| **YONGCHUL "CHARLIE" KIM, and** | : | |
| **MEGHAN MESSENGER,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES' MOTION TO CONTINUE TRIAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for a continuance of the trial, currently scheduled for April 27, 2026, and to exclude time and calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(7). The Government has conferred with counsel for the Defendants, Charlie Kim and Meghan Messenger. Defendant Kim opposes any continuance beyond May 11, 2026. Defendant Messenger opposes any continuance.  In support of its motion, the Government states the following:

1. On October 9, 2025, this Court set trial in this matter to begin with jury selection on April 27, 2026, at 9:00am.

2. Following that status conference, the Government served its witnesses with trial subpoenas and subsequently learned that the individual identified in the Indictment as Person 2 has an unavoidable conflict with the trial date.

3. Person 2 has informed the Government that Person 2 is unavailable beginning April 20, 2026, due to a planned vacation outside the United States that is nonrefundable. The planned vacation includes a cruise. Person 2 has had this vacation planned for a year and a half. The earliest that Person 2 would be available to testify in Washington, D.C. is May

1

11, 2026.

4. Person 2 is an essential witness to the Government's case-in-chief. As Person 2 testified in the trial against co-conspirator Robert Burke ("Burke"), and in the first trial against the Defendants, Person 2 had relevant direct communications with the Defendants throughout the dates of the charged conspiracy. Person 2 is the only person who can testify about those communications, which included conversations about the inappropriateness of the Defendants' communications with Burke. Such conversations go directly to the Defendants' intent, which is a heavily disputed element of the offense. Furthermore, Burke explicitly ordered Person 2 to implement a contract between the Navy and Company A. Person 2 is the only person who can testify about that order and what it meant. Burke's order is a charged overt act and is essential to proving the intent of Burke and the Defendants. In addition to Person 2's testimony about conversations and meetings with the Defendants and Burke's explicit order, Person 2 is the custodian of numerous exhibits presented at trial, which are necessary to show intent.

5. Furthermore, the Speedy Trial Act allows for the exclusion of time from within which to proceed to trial based on a continuance granted by the Court on the Court's own motion, at the request of the Defendant or at the request of the Government, where the Court issues findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act specifically contemplates the availability of witnesses and allows for the tolling of time for "[a]ny period of delay resulting from the absence of unavailability of the defendant or an essential witness." *Id.* at (h)(3)(A). "An essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial

cannot be obtained by due diligence, or he resists appearing at or being returned for trial." *Id.* at (h)(3)(B). Here, Person 2 will be out of the country on an extended vacation, often traveling by boat without easy access to an airport to return to the United States. Thus, exclusion of time under the Speedy Trial Act is warranted given Person 2's essential testimony and Person 2's unavailability.

Respectfully submitted,

JEANINE FERRIS PERRO
UNITED STATES ATTORNEY

By     /s/
    Rebecca G. Ross (NY Bar No. 5590666)
    Sarah C. Ranney (NY Bar No. 5050919)
    Brian P. Kelly (DC Bar No. 983689)
    Assistant United States Attorneys
    601 D Street NW
    Washington, DC 20530
    Office: (202) 252-4490