UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>    Defendants. | Case No. 1:24-cr-00265-TNM |

**DEFENDANTS' OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE (ECF NO. 370)**

The government's motion *in limine* (ECF No. 370) should be denied.  As this Court has already suggested, evidence of (a) how Next Jump's services were received by the Navy and (b) the speed with which the January 2022 contract was approved and executed is either irrelevant or so minimally relevant that it should be excluded as unfairly prejudicial and a waste of time.  And the Court cannot rule on the admissibility of excerpts of Mr. Kim's prior testimony at this time given the government's failures to specify which excerpts it intends to offer, and in light of serious *Bruton* issues.

    **A.**    **The Court Should Deny the Government's Request to Admit Evidence About How Next Jump's Services Were Received and the Speed with Which the January 2022 Contract Was Approved and Executed.**

After presiding over a multiweek trial that ended in a deadlocked jury, the Court previewed its inclination to significantly limit and likely bar from any retrial evidence regarding two subjects: (1) how Next Jump's training was received by the Navy; and (2) the allegedly quick review and turnaround of the contract executed in January 2022.  ECF No. 348 (Sept. 11, 2025 Trial Tr.) at 9:18-10:18.  The Court reasoned that the probative value of such evidence was minimal compared to the time and resources spent presenting it, and therefore the Court was inclined to streamline

1

any retrial by excluding such material. *Id.*  Mr. Kim and Ms. Messenger heeded that direction and filed a motion *in limine* seeking to bar nearly all such evidence from the retrial. ECF No. 365. The government, on the other hand, now seeks a pretrial order *admitting* such evidence. ECF No. 370. This request should be denied.

As explained in Defendants' motion *in limine*, any evidence concerning the quality of Next Jump's products and/or the allegedly compressed 2021/2022 contracting period that was not directly communicated to Defendants Charlie Kim and Meghan Messenger is irrelevant. ECF No. 365. Even if this evidence is minimally relevant, its probative value is substantially outweighed by the dangers of wasting time and undue delay. *Id.*  The government's persistence in attempting to admit irrelevant material that was never communicated to the Defendants is unfair and lacks any valid evidentiary basis.

Indeed, much of the evidence the government seeks to admit about how Next Jump's services were received and how fast the contract was executed constitutes personal opinion and/or information that was conveyed directly to Adm. Burke, not Defendants. *See, e.g.*, ECF No. 332 (Aug. 19, 2025 AM Trial Tr.) at 32:9-33:9 (Juliet Beyler providing her "opinion about the utility of Next Jump's products"); ECF No. 325 (Aug. 19, 2025 PM Trial Tr.) at 54:15-21 (Beyler describing "the general tone of the feedback that . . . officers provided to *Burke* about the live training in New York" (emphasis added)); ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) at 120:24-121:2 (Amanda Kraus providing her "general impression of . . . feedback" on Next Jump's training); ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) at 81:16-17 (Pamela Hooker providing her "initial impression of Next Jump as a training vendor" based on proposal documents she had received). Because the issue in this case is Defendants' intent, this testimony is completely irrelevant and should be excluded under Federal Rules of Evidence 401 and 402. *See* ECF No.

2

365 at 5; ECF No. 176 at 16; *see also* ECF No. 348 (Sept. 11, 2025 Trial Tr.) at 8:15 (noting that the jury "disagree[d] about [Mr. Kim's and Ms. Messengers'] intent").

The government points the Court toward certain statements offered during Adm. Burke's sentencing as evidence of the Court's belief that the perception of Next Jump's services and contract timing are relevant. ECF No. 370 at 5-6, 11. But those statements are not applicable here because the retrial is of course not about what was in Adm. Burke's mind, it is about what was in Mr. Kim's and Ms. Messenger's minds. With regard to the latter, the Court explained after the mistrial that "the probative value" of this evidence "for *these Defendants*"—Mr. Kim and Ms. Messenger—is "pretty minimal." ECF No. 348 (Sept. 11, 2025 Trial Tr.) at 10:2-3 (emphasis added). That is because Mr. Kim and Ms. Messenger were repeatedly told that their products and services were valued by Navy personnel and others. ECF No. 340 (Aug. 28, 2025 AM Trial Tr.) at 124:17-19; Ex. A (Aug. 28, 2025 PM Trial Tr.) at 26:2-9; ECF No. 341 (Aug. 29, 2025 AM Trial Tr.) at 47:24-48:5, 49:17-24. And, from Defendants' perspective, the 2021/2022 contracting process was "no different than the same process [they had] experienced in the past." ECF No. 341 (Aug. 29, 2025 AM Trial Tr.) at 55:20-56:12.

Even if the proffered evidence is minimally relevant, it is hardly "limited." ECF No. 370 at 6, 11. The government seeks to admit reams of testimony from three different witnesses concerning (a) how Next Jump's services were received over a long period and (b) the speed that the 2021/2022 contract was turned around (and ruined Christmas). *Id*. at 6-9, 11. The government insists that presenting this evidence will not cause undue delay. *Id*. at 6, 9-10. But the government is wrong, as the Court knows from presiding over the first trial. Defendants spent huge amounts of time rebutting this evidence at the first trial, and they would need to do so again at the retrial. Such evidence would include (1) material demonstrating that Next Jump's services were praised

by Navy officials and others and that this feedback was communicated directly to Defendants, (2) evidence showing how the 2021/2022 contract was approved in exactly the same number of days that a prior contract was approved within, and (3) materials disproving the government's assertion that Adm. Burke's order was unprecedented or atypical.  The Court already saw what this means: a wasteful minitrial over issues that this Court has recognized are irrelevant, or at best minimally relevant.  *E.g.*, *United States v. Handy*, No. CR 22-096-1, 2023 WL 5348660, at *2 (D.D.C. Aug. 21, 2023) (denying admissibility of evidence that "would create a 'minitrial'").

> B. **The Court Should Deny the Government's Request to Admit Unspecified Portions of Mr. Kim's Trial Testimony.**

The government states that it "intends to introduce portions of Kim's prior testimony as to discrete topics," but it does not identify the specific prior statements it seeks to admit, instead referencing general categories like but not limited to "the July 2021 meeting at Belga Café, and his deletion of communications between himself and Burke."  ECF 370 at 13.  Without additional context, neither the Court nor Defendants can meaningfully assess whether the excerpts are relevant, Fed. R. Evid. 401, unfairly prejudicial or cumulative, Fed. R. Evid. 403, or incomplete, Fed. R. Evid. 106.  For these reasons alone, the Court should deny the government's request.

In addition, the Court should decline to admit Mr. Kim's prior testimony because doing so could raise significant *Bruton* problems as to Ms. Messenger, a problem only glancingly referenced by the government.  The Supreme Court has long held that the admission of a non-testifying co-defendant's statements at a joint trial violates the Confrontation Clause when "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."  *Bruton v. United States*, 391 U.S. 123, 135 (1968).  Whether a co-defendant's statements can be adequately redacted to avoid this problem requires a detailed, context-specific inquiry into whether the

redacted statements, "viewed together with other evidence," create "an inevitable association with the defendant." *United States v. Straker*, 800 F.3d 570, 598 (D.C. Cir. 2015) (quoting *United States v. Washington*, 952 F.2d 1402, 1406-07 (D.C. Cir. 1991)). Such an inquiry is impossible where, as here, the government has not even proffered the exact excerpts of Mr. Kim's testimony it seeks to admit, and there is no guarantee that Mr. Kim will testify again.[1]

To be sure, courts have admitted a non-testifying co-defendant's statements at a joint trial. In *Straker*, for example, the D.C. Circuit sustained neutral-pronoun redactions, but only after the district court established comprehensive guidelines, reviewed draft redactions, and closely supervised the entire process pretrial. *Id.* at 600-01. The court also emphasized that the large number of alleged participants attenuated any inculpatory inference from anonymized references. *Id.* at 599.

This case presents an entirely different scenario. Only two defendants are on trial, and Defendants anticipate there will again be considerable evidence of their close working relationship; any reference in Mr. Kim's testimony to actions taken with another person will point inescapably to Ms. Messenger, "sitting at counsel table." *Gray v. Maryland*, 523 U.S. 185, 193 (1998). That is far closer to the "well-nigh inevitable association" the D.C. Circuit found impermissible in *Serio v. United States*, 401 F.2d 989, 989-90 (D.C. Cir. 1968) (per curiam) (holding that replacing the defendant's name with "another man" violated the Confrontation Clause in a two-defendant case), than to the attenuated inferences that survived scrutiny in *Straker*. *See also Samia v. United States*, 599 U.S. 635, 652-53 (2023) (sustaining non-obvious redactions, but only where the confession to police "was not obviously redacted in a manner resembling the confession in *Gray*" and the neutral references were "not akin to an obvious blank or the word

---

[1] Of course, if he does, the *Bruton* issue is moot.

'deleted'"). The government has not even attempted to show that Mr. Kim's testimony—which, as extended trial testimony rather than a discrete police statement, is replete with references to "we," to Ms. Messenger by name, and to their joint conduct—can be redacted in a manner that satisfies these requirements.

The Court should accordingly deny the government's motion, until and unless the government (a) has identified the specific statements it seeks to admit, (b) proposed *Bruton*-compliant redactions for review by Defendants and the Court, and (c) provided Defendants an opportunity to raise any objections under *Bruton* and the Rules of Evidence, including under Rules 401, 403, and 106. *E.g.*, *United States v. Holmes*, 508 F.3d 1091, 1096 (D.C. Cir. 2007).

Respectfully submitted,

DATED February 27, 2026         /s/ William A. Burck
                                William A. Burck

Reed Brodsky                              William A. Burck (DC Bar No. 979677)
GIBSON, DUNN & CRUTCHER LLP               Avi Perry (DC Bar No. 90023480)
200 Park Avenue                           John (Fritz) Scanlon (DC Bar No. 983169)
New York, New York 10166                  Rachel Frank Quinton (DC Bar No. 1659649)
Work: (212) 351-5334                      Brett Raffish (*pro hac vice*)
Mobile: (917) 574-8200                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
rbrodsky@gibsondunn.com                   555 13th Street NW, Suite 600
                                          Washington, D.C.  20004
*Counsel for Defendant Meghan             Tel: (202) 538-8000
Messenger*                                Fax: (202) 538-8100
                                          williamburck@quinnemanuel.com
                                          aviperry@quinnemanuel.com
                                          fritzscanlon@quinnemanuel.com
                                          rachelquinton@quinnemanuel.com
                                          brettraffish@quinnemanuel.com

                                          Christopher Clore (*pro hac vice*)
                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                          295 5th Avenue
                                          New York, NY 10016
                                          Tel: (212) 849-7000
                                          Fax: (212) 849-8100
                                          christopherclore@quinnemanuel.com

                                          *Counsel for Defendant Yongchul "Charlie" Kim*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date, a copy of the foregoing opposition was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                              */s/ William A. Burck*
                                              William A. Burck (DC Bar No. 979677)

Dated: February 27, 2026