**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:24-cr-00265 (2)(3) (TNM)** |
| | **:** | |
| **YONGCHUL "CHARLIE" KIM and** | **:** | |
| **MEGHAN MESSENGER,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**UNITED STATES' OPPOSITION TO DEFENDANTS'**
**RENEWED MOTION FOR A GOOD FAITH JURY INSTRUCTION**
**AND CLARIFIED "CORRUPTLY" INSTRUCTION**

The Defendants, Yongchul "Charlie" Kim and Meghan Messenger, have filed a "renewed"

motion asking the Court to reverse its prior rulings as to the *mens rea* that applies to the bribery

charge at issue in this case. *See* ECF No. 366. To call their request a "renewed" motion is an

understatement—this question was thoroughly litigated before even the trial of Kim and

Messenger's codefendant, Robert Burke, *see* ECF No. 115 (Defendants' Objection to

Government's Proposed Jury Instruction No. 51), ECF No. 129 (Government's Reply), ECF No.

135 (Defendants' Reply in Further Support); it was briefed again before the first trial of Kim and

Messenger, *see* ECF No. 177 at 9-16 (Government's Motion *In Limine*), ECF No. 195

(Defendants' Opposition), ECF No. 212 (Government's Reply), ECF No. 210-1 at 13-14

(Government's Proposed Jury Instructions), ECF No. 210-2 at 13-14, 21-23 (Defendants'

Proposed Jury Instructions); it was argued at length during the Pretrial Conference prior to the first

trial of Kim and Messenger, *see* July 25, 2025, Tr. at 3:25-14:19, after which the parties provided

additional supplemental briefing, *see* ECF No. 251 (Defendants' Supplement in Support of

Proposed Jury Instructions), ECF No. 261 (Government's Supplement); two weeks into trial

Defendants filed multiple requests for a good faith jury instruction, *see* ECF Nos. 301, 303; and

finally, the parties provided additional oral argument on these points during the Charge Conference, *see* Sept. 2, 2025, AM Tr. at 5:13-11:4, 105:18-115:14, after which the Court ruled, *inter alia*, that the Final Jury Instructions, which defined "corruptly" as "act[ing] knowingly and dishonestly for a wrongful purpose[,]" ECF No. 316 at 18, accurately defined the required *mens rea* of the charged bribery offense, that bribery was not a "willfulness" crime, and that Defendants' requested good faith instruction was not only unnecessary, but that it "misstate[d] the law," *see* Sept. 2, 2025, PM Tr. at 144:21-147:15.

There is no doubt the Court carefully considered these well-trodden issues before rejecting Defendants' requested definition of "corruptly" and proposed good faith instruction. Yet Defendants now seek yet another bite at the apple in asking the Court to overrule its own prior rulings, despite advancing no new arguments or authority that would warrant such a reversal. The Court should stand on its prior rulings and deny Defendants' "renewed" motion.[1]

## I.    Defendants Have Failed to Establish a Basis for Reconsideration

Defendants' "renewed" motion is really a motion for reconsideration of the Court's prior rulings concerning Defendants' requested jury instructions as to "corruptly" and their purported "good faith" defense. The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration in criminal cases, but the Supreme Court has recognized, in dicta, the utility of such motions. *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976)). As recently acknowledged in *United States v. Burns*, No. 24-CR-151 (JMC), 2025 WL 1078781, at *3 (D.D.C. Apr. 10, 2025):

> Although courts differ in the precise standard applied to such motions, courts in this district have consistently applied the "as justice requires" standard lifted from motions to reconsider interlocutory decisions in civil cases. *See* [*Sunia*, 643 F.

---

[1] The government hereby incorporates by reference its prior arguments on these points in both its written briefs and during oral argument as if fully stated herein.

Supp. 2d] at 60–61. Under that standard, the court may grant the motion if "the Court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [if] a controlling or significant change in the law has occurred," and if "some harm [ ] would flow from a denial of reconsideration." *Id.* at 61. Alternatively, the Court may grant reconsideration "if there are other good reasons for doing so." *Id.*

As Defendants have failed to satisfy this standard, their motion should be denied in its entirety. However, if the Court were to consider the motion on its merits, it should still be denied for the following reasons.

## II.     Defendants' Proposed Definition of "Corruptly" Is Unprecedented and Contrary to the Law

Defendants ask the Court—yet again—to instruct the jury that they must have acted with "consciousness of wrongdoing" in order to be convicted. *See* ECF No. 366 at 6-7; ECF No. 366-1 at 3. Yet the government has previously cited to numerous cases demonstrating that a bribe payor's offer of a *quid pro quo*—an intent to exchange a thing of value for an official act—is inherently corrupt, and that there is no additional mental state to bribery in addition to the specific intent to enter the *quid pro quo*. *See, e.g.*, *McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016) ("Section 201 prohibits *quid pro quo* corruption – the exchange of a thing of value for an 'official act.'"); *United States v. Alfisi*, 308 F.3d 144, 149 (2d Cir. 2002) ("The 'corrupt' intent necessary to a bribery conviction is in the nature of a *quid pro quo* requirement[.]"); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) ("Under § 201 'corrupt intent' is the intent to receive a specific benefit in return for the payment."); *United States v. Bonito*, 57 F.3d 167, 171 (2d Cir. 1995) (affirming trial court instruction that "[a] person acts corruptly, for example, when he gives or offers to give something of value intending to influence or reward a government agent in connection with his official duties"); *United v. Johnson*, 621 F.2d 1073, 1076 (10th Cir. 1980) ("[T]he government must show that the money was knowingly offered to an official with the intent and expectation that, in exchange for the money, some act of a public official would be

influenced"; that is, "[t]he money must be offered, in other words, with the intent and design to influence official action in exchange for the donation"); *United States v. Brewster*, 506 F.2d 62, 82 (D.C. Cir. 1974) ("We have laid emphasis under the bribery section on 'corruptly . . . in return for being influenced' as defining the requisite intent, incorporating a concept of the bribe being the prime mover or producer of the official act."); *United States v. Paitsel*, Crim. No. 19-156-2 (CKK), 2023 WL 2139366, at *4 (D.D.C. Feb. 21, 2023) ("In this context, 'corruptly' does not mean, as Defendant argues, acting with 'a bad or evil purpose.'"); *see also* ECF No. 212 at 7 n.3 (citing pattern jury instructions from other circuits defining "corruptly" in a similar manner).

Rather than grappling with that overwhelming precedent, Defendants continue to claim that *Snyder v. United States*, 603 U.S. 1 (2024), somehow carries the day. But, as the government has repeatedly explained, *Snyder*, if anything, supports the *government's* position, not Defendants' position. Indeed, the Court there expressly wrote that "American law generally treats bribes as *inherently corrupt and unlawful*[.]" *Id.* at 5 (emphasis added). Nowhere did *Snyder* state or even imply that "corruptly" as used in the bribery statute requires that a defendant act "willfully' or with "consciousness of wrongdoing." To the contrary, Justice Jackson wrote in her dissent that "the precise meaning of the term 'corruptly' is not the question before us today[,]" and that, if anything, "the majority suggests that 'corruptly' just means *quid pro quo*[.]" *Id.* at 36 (Jackson, J. dissenting). That *Snyder* did not modify, distinguish, or break from the robust precedent concerning the bribery statute, or rewrite the elements of that offense, is further demonstrated by the D.C. Circuit's recent decision in *United States v. Paitsel*, 147 F.4th 1010 (D.C. Cir. 2025). In *Paitsel*, which postdated *Snyder*, the Circuit identified "intent" (*i.e.*, the intent to be influenced) as defining the requisite *mens rea* for bribery. *Id.* at 1029. The Circuit did not interpret *Snyder* as imposing two separate and distinct *mens rea* requirements, or as imposing a heightened *mens rea*

requirement such that a defendant must have acted with consciousness of wrongdoing, and there was no discussion, implication, or wisp of suggestion that, post-*Snyder*, any additional element of *mens rea* must be proved beyond offering something of value to a public official with the improper, wrongful motive or purpose of intending to influence an official act.

### III.    Defendants' Requested Good Faith Instruction Misstates the Law

This Court has already correctly ruled that Defendants' requested good faith instruction "misstates the law on 'corruptly'" *See* Sept. 2, 2025, PM Tr. at 147:12-13; *id.* at 144:21-147:15 (setting out the reasoning behind the Court's ruling).  Quite right.  For the reasons previously argued and restated above, Defendants' interpretation of *Snyder* is simply incorrect.  Nor does the other case primarily relied on by Defendants—*United States v. Hurt*, 527 F.3d 1347 (D.C. Cir. 2008)—serve them any better.  First, the "error" that the Circuit found there was because the trial court failed to give the defendant's requested theory of defense instruction, *not* because the court declined to give a separate redundant good faith instruction.  But here, the Court's jury instructions from the first trial already accurately and adequately inform the jury of the requisite *mens rea* that the government must prove beyond a reasonable doubt.  In circumstances such as this, the refusal to give a separate standalone good faith instruction has consistently been found to be entirely proper.  *See, e.g.*, *United States v. Johnson*, 874 F.3d 990, 1002 (7th Cir. 2017); *United States v. Kismat*, 570 F. App'x 155, 158 (3d Cir. 2014); *United States v. Dockray*, 943 F.2d 152, 154–55 (1st Cir. 1991); *United States v. Howard*, 245 F. Supp. 2d 24, 38 (D.D.C. 2003).

Second, as the Court noted during the first trial, *Hurt* involved Theft of Government Property, not Bribery, which carries a different *mens rea* than is at issue in this case.  *See* Sept. 2, 2025, PM Tr. at 145:10-25.  *Hurt* is therefore inapposite.  The Eleventh Circuit jury instruction on which Defendants also rely suffers a similar defect.  As previously argued by the government, and

noted by the Court, Instruction S17 concerns charges that require "intent to defraud."  If anything, the fact that the Eleventh Circuit treats "good faith" as a complete defense to charges such as wire fraud, but does *not* identify good faith as a defense to crimes such as bribery, *undercuts* Defendants' position that the instruction is warranted here.  *Cf.* Sept. 2, 2025, AM Tr. at 108:4-7 (the Court observing that "I don't think there's any pattern jury instruction for good faith on bribery" in the other circuits, and noting its concern that "we're kind of out on a limb here" with Defendants' proposed instruction).

Finally, the "evidence" that Defendants identify as "support[ing] a good-faith instruction[,]" ECF No. 366 at 4, does no such thing.  Burke informing Defendants that he could act as an "ambassador" or "custodian" for Next Jump, and that it would not create a conflict, even if relied on by Defendants, would not be a defense to the charged conduct here.  To the contrary, Defendants' defense, from the first trial at least, appeared to be that there *was* no *quid pro quo* at all, but that their job offer to Burke and the contract that Burke ordered for Next Jump were completely unrelated.  Their defense was not that there *was* a *quid pro quo* whereby the contract was in exchange for the job, or vice-versa, but that they relied in good faith on Burke telling them that such a connection was ok.  Because there is no evidence that Burke ever told Defendants that they could offer him a job in exchange for a contract, or that Defendants relied in good faith on such a representation, there is no factual basis for a good faith defense at all.

IV.    **Conclusion**

The government continues to maintain, as it always has, that bribery is inherently corrupt.  That said, we accept the Court's desire to give greater meaning to "corruptly."  To that end, the instructions given at the first trial that the government must prove that Defendants "acted

knowingly and corruptly, with intent to influence," and further defining "corruptly" as "act[ing]

knowingly and dishonestly for a wrongful purpose[,]" ECF No. 316 at 17-18, more than suffice.[2]

 To define "corruptly" as Defendants propose, or to provide their requested good faith

instruction, would misstate the law.  Defendants have offered no new argument for why the Court

should reverse its previous decisions from the first trial.  For the reasons stated above and

previously in this case, the government respectfully requests that the Court deny Defendants'

"renewed" motion.


 Respectfully submitted,

 JEANINE FERRIS PIRRO
 UNITED STATES ATTORNEY

By   /s/
 Brian P. Kelly
 Rebecca G. Ross
 Sarah W. Ranney
 Assistant United States Attorney
 601 D Street N.W.
 Washington, DC 20530
 Office: (202) 252-4490

---

[2] Defendants cite apparent "juror confusion" as a basis for their renewed request.  ECF No. 366 at 6.  To the extent any such confusion existed, that would weigh in favor of the Court giving a modified instruction along the lines of its instruction in Burke's trial, which the government maintains is an accurate statement of the law.  It is not, as Defendants would have, a reason to clear up any such "confusion" by doubling down and blatantly misstating what the law requires the government to prove.