UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

YONGCHUL "CHARLIE" KIM and
MEGHAN MESSENGER,

      Defendants.

Case No. 1:24-cr-00265-TNM

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S REPLY IN FURTHER SUPPORT OF THEIR RENEWED MOTION FOR A GOOD-FAITH JURY INSTRUCTION AND CLARIFIED "CORRUPTLY" INSTRUCTION (ECF NO. 366)**

The government seeks to avoid this Court's full and proper consideration of the appropriate jury instructions for bribery on baseless procedural grounds. But no procedural bar exists, and, on the merits, Defendants respectfully submit that they are correct regarding the definition of "corruptly" and the need for a good-faith instruction. Indeed, the government fails to identify a single line in the first-trial instructions telling the jury that good faith required acquittal, despite the clear dictates of *United States v. Hurt*, 527 F.3d 1347 (D.C. Cir. 2008). Ultimately, the government's own cases confirm Defendants' entitlement to revised good-faith instructions. On "corruptly," the government continues to abstain from attempting to reconcile its reading of the statute with its own position before the Supreme Court in *Snyder v. United States*, 603 U.S. 1 (2024), and misstates what Justice Jackson's dissent in that case actually says. *United States v. Paitsel*, 147 F.4th 1010 (D.C. Cir. 2025), similarly lends no support to the government's cause and in fact supports a "narrow[]" reading of the elements. *Id.* at 1029. For the reasons detailed in Defendants' prior briefing, the current motion, and below, the Court should grant both instructions requested in Exhibit A to the motion.

**A.      The Reconsideration Standard Is Inapplicable To A Criminal Retrial**

The government invokes a reconsideration standard that has no application here because Defendants' requested jury instructions pertain to a new trial, not the prior proceeding.   The government cites cases reflecting reconsideration in the same proceedings, an entirely different posture than the present circumstances.   ECF No. 380 at 2 (citing *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (addressing standard for reconsideration of motion to dismiss indictment charges); *United States v. Burns*, No. 24-CR-151 (JMC), 2025 WL 1078781, at *1 (D.D.C. Apr. 10, 2025) (reconsidering denial of the motion to admit other-crimes evidence)). Mistrials are considered "nullit[ies]," so the court in a new trial tries "the case as if it were being tried for the first time ... as if there had been no prior trial." *United States v. Akers*, 702 F.2d 1145, 1148 (D.C. Cir. 1983) (quoting *Hobbs v. State*, 231 Md. 533, 536 (1963)).   The Court is no more bound by its prior jury instructions than it is by its prior evidentiary rulings, and "[a]ny reliance the [government] placed upon the earlier ruling in planning for the new trial was therefore unjustified." *Id.*

In any event, the changed circumstances here underscore why revised jury instructions are appropriate.   The first trial resulted in a hung jury, and post-trial discussions with jurors revealed confusion about the legal standard.   That a jury could not reach a verdict after hearing the instructions given in the first trial is itself evidence that the Court should provide more specific instructions on the dispositive question of *mens rea*.   Indeed, the government implicitly acknowledges this when it itself proposes "a modified instruction." ECF No. 380 at 7 n.2.  Having conceded that some modification may be warranted, the government cannot rely on inapplicable

1

reconsideration principles to foreclose fair and necessary consideration of the appropriate instructions to give in this new, second trial.[1]

**B.**    ***Hurt* Necessitates Instructions Specifying That Good Faith Requires Acquittal**

The government does not dispute that *United States v. Hurt*, 527 F.3d 1347 (D.C. Cir. 2008), requires jury instructions to make "abundantly clear that the jury must acquit" if it credits a good-faith defense. *Id.* at 1352. Nor does it identify any language in the first-trial instructions that did so. That is dispositive. The prior instructions told the jury what Defendants argued, but it said nothing about what the law on good faith is or what it requires if the jury agrees. The instructions did not state what good faith is, how it negates "corruptly," which side bears the burden, or that good faith compels acquittal. *Hurt* found adequate a charge that explicitly told the jury "if you believe that Mr. Hurt was unsure about the true ownership of the money ... then you must acquit him." *Id.* No equivalent appears anywhere in the first-trial instructions, and the government makes no attempt to identify one.

The government's reliance on *United States v. Johnson*, 874 F.3d 990 (7th Cir. 2017), *United States v. Kismat*, 570 F. App'x 155 (3d Cir. 2014), *United States v. Dockray*, 943 F.2d 152 (1st Cir. 1991), and *United States v. Howard*, 245 F. Supp. 2d 24 (D.D.C. 2003), confirms defendants' entitlement to revised instructions. *Johnson* holds that a standalone good-faith instruction "is not required where lack of good faith is part of the charge"—specifically, where the jury must find "bad faith" and "intent to commit fraud." *Johnson*, 874 F.3d at 1002. Here,

---

[1]    The government is incorrect in asserting that this issue "was thoroughly litigated" in Adm. Burke's trial. ECF No. 380 at 1. Defendants were not heard on this issue until their own trial, at which the Court gave a different jury instruction for bribery than the one that was given at Adm. Burke's trial. In addition, Defendants have specifically raised a good-faith defense based on, among other things, what they were told by Adm. Burke. Adm. Burke raised no such defense.

however, the government's own position is that "corruptly" under § 201(b) requires nothing beyond proof of the *quid pro quo*. Under that reading, the charge never requires the jury to find bad faith as an independent element, which is precisely when the government's own cases say the standalone instruction is unnecessary.

The government's fallback—that *Hurt* is inapposite because theft carries a different *mens rea* than bribery—fares no better. *Hurt* requires a defendant's right to a theory-of-defense instruction wherever the evidence supports it, without qualification by offense type. 527 F.3d at 1351. And the premise that good faith is categorically unavailable in a bribery case is wrong: Defendants' proposed good-faith instruction is modeled on the instruction given in *United States v. Costanzo & Recio*, No. 22-CR-281 (JPO), ECF No. 170 at 48 (S.D.N.Y. Nov. 8, 2023), a recent federal bribery trial that the government simply ignores.

The government's factual predicate argument fails as well. Its characterization of defendants' first-trial defense as limited to a no-quid-pro-quo theory is inaccurate, and in any event legally irrelevant: on a retrial defendants are entitled to present any defense the evidence supports. *See supra* 1-2; *see also Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 398 (2d Cir. 2023) (explaining that a criminal defendant "would be free to offer new defenses and legal arguments at a retrial"). The government concedes that Adm. Burke told Defendants he would serve as "an 'ambassador' or 'custodian' for Next Jump" and does not dispute that Adm. Burke told Defendants he would check with Navy legal counsel and advise on applicable rules at any time. ECF No. 380 at 6; ECF No. 366 at 3. A reasonable jury could find from those representations that defendants honestly believed their conduct was lawful, which is all *Hurt* requires to trigger the instruction. *See* 527 F.3d at 1351 (quoting *United States v. Glover*, 153 F.3d 749, 754 (D.C. Cir. 1998)). Whether the jury credits that evidence is not for the Court to decide at the instruction stage.

3

The first-trial instructions left the jury without a key feature *Hurt* requires: an unambiguous statement that good faith compels acquittal.  The retrial instructions should supply it.

### C.       The Instruction On "Corruptly" Should Explicitly State Consciousness Of Wrongdoing Is Required

In its motion, Defendants supported their argument that the Court should clarify its definition of "corruptly" to state that this element requires the defendant to have acted with consciousness of wrongdoing with (a) a long string cite to pre-*Snyder* cases, ECF No. 380 at 3-4, that are inconsistent with the government's own position in that case, *see* ECF No. 366 at 5, and (b) with the *Snyder* majority's identification of the "corrupt state of mind" and the "intent to be influenced" as two separate "defining characteristics" of § 201(b).  603 U.S. 1, 11-12 (2024).  The government ignores this.  Looking elsewhere for an ally, the government cites to Justice Jackson's dissent for a proposition it does not support, and ignores what the dissent actually says.  ECF No. 380 at 4.  Justice Jackson agreed with Defendants' position that the "standard definition" of "corruptly" is "wrongful, immoral, depraved, or evil" and therefore requires "consciousness of wrongdoing" under *Arthur Andersen*.  *Snyder*, 603 U.S. at 36 (Jackson, J., dissenting) (quoting *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005)); *see also id*. at 36 n.7 ("At oral argument, the Government acknowledged that 'consciousness of wrongdoing' roughly translates to knowledge of unlawfulness. Tr. of Oral Arg. 74-76.").

The government's invocation of *United States v. Paitsel*, 147 F.4th 1010 (D.C. Cir. 2025), ECF No. 380 at 4-5, is equally misplaced.  The court never addressed what "corruptly" requires, never considered whether it demands consciousness of wrongdoing, and never held that the *quid pro quo* intent satisfies the element as a standalone matter.  The only thing *Paitsel* said about "corruptly" on the merits was to quote *Snyder*'s identification of the "corrupt state of mind" and the "intent to be influenced" as two separate requirements—which is Defendants' point, not the

4

government's. *Id.* at 1017 (quoting *Snyder*, 603 U.S. at 11). The government claims *Paitsel* identified "'intent' (*i.e.*, the intent to be influenced)" as the sole *mens rea* for bribery, ECF No. 380 at 4 (citing *Paitsel*, 147 F.4th at 1029), but the court did no such thing. The court was responding to the dissent's overbreadth concern by listing the multiple elements of § 201 that are "narrow[]"—including "corruptly." *Paitsel*, 147 F.4th at 1029. The court noted that "[i]ntent is unquestionably a higher *mens rea* standard than reckless disregard," but it never stated that the two *mens rea* standards are coextensive, and what "corruptly" requires was not before the court. *Id*.

The government continues to have no answer to the Solicitor General's position in *Snyder* itself, where the government argued that "corruptly" is "associated . . . 'with consciousness of wrongdoing'" and imposes a "major limiting feature" on the statute. Br. for U.S., *Snyder v. United States*, 2024 WL 1116453, at 38-39 (quoting *Arthur Andersen*, 544 U.S. at 706). The fact that the government (1) took the opposite position before the Supreme Court and (2) offers no explanation for the reversal speaks for itself. Post-*Snyder*, and read in conjunction with *Arthur Andersen*'s and Justice Jackson's linkage of "corruptly" to acting with "consciousness of wrongdoing," 544 U.S. at 706, Defendants have the correct reading: a defendant who honestly believed his or her conduct was lawful cannot have acted corruptly. Defendants respectfully submit that the instruction should say so.

## CONCLUSION

For the foregoing reasons and those detailed in Defendants' motion and prior briefing, Defendants respectfully request that the Court grant this renewed motion and instruct the jury using Defendants' proposed (a) good-faith instruction and (b) definition of "corruptly" as set forth in Exhibit A to Defendants' motion.

Respectfully submitted,

DATED March 20, 2026

Reed Brodsky (*pro hac vice*)
Simone Rivera (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com
srivera@gibsondunn.com

*Counsel for Defendant Meghan Messenger*

/s/ William A. Burck
William A. Burck

William A. Burck (DC Bar No.: 979677)
Avi Perry (DC Bar No.: 90023480)
John (Fritz) Scanlon (DC Bar No.: 983169)
Rachel Frank Quinton (DC Bar No.: 1659649)
Brett Raffish (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
fritzscanlon@quinnemanuel.com
rachelquinton@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing filing was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

/s/ *William A. Burck*
William A. Burck (DC Bar No.: 979677)

Dated: March 20, 2026