UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

Defendants.

Case No. 1:24-cr-00265-TNM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ADMIT TESTIMONY FROM
HERMAN SHELANSKI AND TO COMPEL THE UNITED STATES TO AUTHORIZE
THE RELEASE OF THE SAME (ECF NO. 367)**

The Court should grant Defendants' motion to admit VADM Herman Shelanski's expert

testimony regarding Navy ethics and conflict-of-interest rules, and the Court should compel the

Navy to authorize the release of the same. ECF No. 367. At Defendants' first trial, the government

and Court appeared to agree that VADM Shelanski is qualified to serve as an expert and that the

testimony in question constitutes expert testimony. ECF No. 367-2 (Aug. 27, 2025 Trial Tr.) at

72:21-23 (government objecting that VADM Shelanski was "providing what would be subject

matter or expert testimony"); *accord id*. at 73:14-15 (Court stating that VADM Shelanski "pretty

clearly could be an expert"). The government now reverses course, arguing that VADM Shelanski

is not qualified and that his opinions "lack an acceptable basis in" knowledge or experience. ECF

No. 377 at 6-7. The government's position is unfounded.

"Judges may qualify an expert by 'knowledge, skill, experience, training, or education,'

any one of which is sufficient." *United States v. Marshall*, 946 F.3d 591, 596 (D.C. Cir. 2020)

(quoting Fed. R. Evid. 702). "[O]nly a minimal foundation of knowledge, skill, and experience is

1

required." *Matiella v. Murdock St. LLC*, No. 21-CV-2112 (GMH), 2025 WL 2298614, at *4 (D.D.C. Aug. 8, 2025) (citation omitted).

As explained in Defendants' motion (ECF No. 367), VADM Shelanski is qualified to opine on Navy ethics and conflict-of-interest rules, given his training, extensive Naval career, and tenure as the Navy's Inspector General, which "covered 'any type of ethical' and conflict of interest 'violation[] in the Navy.'" ECF No. 367 at 7; ECF No. 367-2 at 78:18-24. Nothing more is required. *See Sherrod v. McHugh*, 334 F. Supp. 3d 219, 271 (D.D.C. 2018) (concluding that an expert was qualified "based on his practical experience and training").

The government suggests that VADM Shelanski is not qualified because Navy regulations delegate ethics matters to other officials. ECF No. 377 at 6-7. The government cites no authority to support its narrow view, which runs afoul of Rule 702. *See Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs., LLC*, 858 F. Supp. 2d 505, 511 (D. Md. 2012) ("There is no requirement that experts share identical backgrounds to be able to opine about the same subject."). In any case, the government omits critical language from the Navy regulations it cites suggesting that the Inspector General's ambit sweeps broader than ethics or contracting matters—he or she is permitted to "inquire into and report on *any matter that affects the discipline or military efficiency of the DON.*" *See* ECF No. 377-3 at 2; *see also id.* at 3 ("The NAVIG, NAVINSGEN, and the NAVIG Enterprise provide independent, objective, and professional inspections, assessments, inquiries, research and evaluation, investigations, oversight, and advice on *any and all matters of importance to the DON.*" (emphasis added)). And to the extent that the government's argument is premised on the claim that the Navy's General Counsel has ultimate responsibility for ethics, *see* ECF No. 367 at 6-7, it is of course unsurprising that more than one person could have the requisite knowledge, skills, and experience to serve as an expert on a given topic.

2

The government faults VADM Shelanski for not including ethics matters in his public biography.  ECF No. 377 at 8.  But, the government elicited testimony from multiple witnesses, like Juliet Beyler and Rear Admiral Brett Mietus, who were objectively less qualified to opine on Navy rules than the Navy's Inspector General.  ECF No. 367 at 6.  It is disconcerting that the government would sponsor un-noticed, opinion testimony about the Navy's ethical rules from a parade of non-experts over Defendants' timely in-trial objections, and then protest when Defendants properly notice and seek to elicit similar testimony from the Navy's former Inspector General.  And unlike Defendants, who told the government that its expert witness notice was deficient (ECF No. 375), the government failed to identify any deficiencies in Defendants' expert disclosures prior to filing its opposition.

The government may cross-examine VADM Shelanski if it does not believe that his opinions are adequately grounded in knowledge or experience.  But VADM Shelanski's testimony should not be excluded.  As Defendants stated in their motion, VADM Shelanski's testimony is highly relevant because it speaks to Defendants' reasonable reliance on Adm. Burke, a flag officer who "would have been more knowledgeable about and principally responsible for making Navy ethics rules were followed in his encounters with contractors."  ECF No. 367 at 6.  Whether VADM Shelanski worked for the Navy during Next Jump's later dealings with Adm. Burke is irrelevant.  ECF No. 377 at 11.  The government does not claim that ethics rules changed after VADM Shelanski retired or that VADM Shelanski otherwise lacks personal knowledge of them.  Fed. R. Evid. 602.

Because VADM Shelanski is qualified to testify as an expert and because his testimony is relevant, the Court should admit VADM Shelanski's testimony as lay or expert opinion and compel the Navy to authorize the release of the same.[1]

Respectfully submitted,

DATED March 20, 2026

     */s/ William A. Burck*
William A. Burck

| | |
|---|---|
| Reed Brodsky | William A. Burck (DC Bar No. 979677) |
| GIBSON, DUNN & CRUTCHER LLP | Avi Perry (DC Bar No. 90023480) |
| 200 Park Avenue | John (Fritz) Scanlon (DC Bar No. 983169) |
| New York, New York 10166 | Rachel Frank Quinton (DC Bar No. 1659649) |
| Work: (212) 351-5334 | Brett Raffish (*pro hac vice*) |
| Mobile: (917) 574-8200 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| rbrodsky@gibsondunn.com | 555 13th Street NW, Suite 600 |
| | Washington, D.C.  20004 |
| *Counsel for Defendant Meghan* | Tel: (202) 538-8000 |
| *Messenger* | Fax: (202) 538-8100 |

williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
fritzscanlon@quinnemanuel.com
rachelquinton@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

---

[1] The government takes no position on the compulsion question but states that they understand the Navy will comply with the Court's order about the scope of VADM Shelanski's testimony.  ECF No. 377 at 1 n.1.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, a copy of the foregoing reply was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*
William A. Burck (DC Bar No. 979677)

Dated: March 20, 2026

5