UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

Defendants.

Case No. 1:24-cr-00265-TNM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE (ECF NO. 365)**

As Defendants have argued and this Court has observed, "evidence of (a) how Next Jump's services were received by the Navy and (b) the speed with which the January 2022 contract was approved and executed is either irrelevant or so minimally relevant that it should be excluded as unfairly prejudicial and a waste of time."  ECF No. 376 at 1; ECF No. 365 at 1.  The Court should accordingly grant Defendants' motion *in limine* to exclude this evidence (ECF No. 365) and deny the government's motion to admit the same (ECF No. 370).

Although the government frames its request to admit such evidence narrowly—ostensibly seeking permission to present "a limited subset" of evidence related to service quality and contracting speed, ECF No. 379 at 8—the reality of the situation is much different.  The government seeks to admit reams of testimony from three different witnesses on these irrelevant issues.  ECF No. 376 at 3.  As Defendants explained in their motion, the quality of the services provided and the speed with which they were procured are not probative of the charged bribery scheme.  ECF No. 365 at 4.  Information that was never conveyed to Defendants is further irrelevant.  To this end, the government's brief highlights the minimal information that was actually conveyed to Defendants while omitting any discussion of extensive testimony it seeks to elicit that

1

was not conveyed to Defendants.  ECF No. 376 at 2.  The government further contends that negative information about Next Jump's January 2022 training is relevant because the alleged conspiracy did not end in January 2022.  ECF No. 379 at 4.  But the government's analysis focuses on Adm. Burke, whose state of mind is not probative of Defendants' mental states on this issue, because he had access to information and feedback that neither he nor anyone else shared with Defendants. ECF No. 376 at 3.  Finally, the government makes no effort to explain how admitting this evidence would *not* require Defendants to spend huge amounts of time rebutting it.  *Id*. at 3-4.  Of course it would, as the Court knows well from the first trial.

The admission of evidence concerning service quality or the January 2022 contract timeline will lead to "a wasteful minitrial" and should be excluded.  ECF No. 376 at 4.  The Court's initial view was formed immediately after presiding over a trial at which *days* were wasted on these very issues.  There is no cause for the Court to reconsider its view.  The Court should admit only what Defendants were actually told about their services.  By that token, the positive reviews conveyed to Defendants are highly probative of their states of mind and "lack of corrupt intent."  ECF No. 365 at 7.  The government argues that permitting Defendants to put in this evidence would "present[] a skewed reality."  ECF No. 379 at 9.  But the only reality that matters is what is relevant to Defendants' mental states, and the government does not explain why it distorts reality to exclude evidence that was *not* conveyed to Defendants and thus could not impact their states of mind.  Nor does the government explain why it would be unable to paint a clearer picture for the jury (if needed) through rebuttal evidence tethered to what was conveyed to Defendants.  For the foregoing reasons, the Court should grant Defendants' motion to exclude evidence and deny the government's motion to admit the same.

2

Respectfully submitted,

DATED March 20, 2026

   */s/ William A. Burck*
William A. Burck

Reed Brodsky
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No. 979677)
Avi Perry (DC Bar No. 90023480)
John (Fritz) Scanlon (DC Bar No. 983169)
Rachel Frank Quinton (DC Bar No. 1659649)
Brett Raffish (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C.  20004
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
fritzscanlon@quinnemanuel.com
rachelquinton@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this date, a copy of the foregoing reply was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                 */s/ William A. Burck*
                                 William A. Burck (DC Bar No. 979677)

Dated: March 20, 2026