**ATTACHMENT A**

The Government anticipates that Deputy Assistant Secretary of the Navy (Procurement) (DASN(P)) Michael Brown will testify about the Department of the Navy's acquisition policies and procedures and federal government contracting rules and regulations, including the Federal Acquisition Regulations ("FAR"). The Government anticipates that DASN(P) Brown will testify that in order to comply with annual representation and certification requirements for offerors and quoters on Government contracts, a company has to be registered with the System for Award Management.

The Government anticipates that DASN(P) Brown will testify that Contracting Officers must comply with the FAR and persons and entities seeking to do business with the Government, including the Department of the Navy, must comply with the FAR clauses incorporated in their contracts.  The FAR sets the rules, policies, and regulations for Federal government contracting. The Government anticipates that DASN(P) Brown will testify that many FAR clauses are statutorily based and are required to be incorporated into government contracts in accordance with the prescriptions for use stated in the FAR. The Government further anticipates that DASN(P) Brown will testify that to the extent a mandatory clause or regulation is inadvertently left out of a contract, Federal case law incorporates these clauses into the contracts by operation of law. The Government anticipates that DASN(P) Brown will opine that this is widely understood by those seeking to contract with the Government. The Government further anticipates that DASN(P) Brown will testify that he expects all contractors to be familiar with the FAR and to conduct business in accordance with the FAR.  The Government also anticipates that DASN(P) Brown will testify that if a contractor has any questions about policies, rules, and regulations governing a contract, there are available resources, to include contacting the Contracting Officer, and this is widely understood by all government contractors.

DASN(P) Brown will also testify about the FAR, and when and what clauses are generally included in a government contract. The Government anticipates that DASN(P) Brown will testify that the Anti-Kickback clause (FAR 52.203-7) is mandatory in all contracts that exceed a value of $200,000, except for contracts for commercial products or commercial services and that the clause requires the prime contractor to incorporate the substance of that clause, except paragraph (c)(1), in all subcontracts that exceed $200,000. The Government anticipates that DASN(P) Brown will testify that it is widely understood among Navy officials and government contractors that you cannot give a Navy official something of value in exchange for a contract.  The Government also anticipates that DASN(P) Brown will testify that the Contractor Code of Business Ethics and Conduct clause (FAR 52.203-13) is required to be included in solicitations and contracts that exceed $7.5 million, and the performance period is 120 days or more. It requires government contractors to implement a code of ethics within 30 days after they have obtained a contract unless the contracting officer establishes a longer period, and that this clause requires the prime contractor to incorporate the substance of the clause in all subcontracts that exceed $7.5 million and have a performance period of more than 120 days.  The Government further anticipates that DASN(P) Brown will testify that contractors, including all subcontractors, must be familiar with the FAR.

The Government anticipates that DASN(P) Brown will testify that subcontractors are required to comply with the terms and conditions of the subcontract they are signing. The Government further anticipates that DASN(P) Brown will testify that a subcontractor must abide by the terms of the prime contract incorporated in their subcontract. The Government anticipates that if shown contracts between PowerTrain and Next Jump, which incorporate by reference the prime contract clauses between PowerTrain and the Office of Personnel Management, that DASN(P) Brown would testify that Next Jump would be expected to abide by the clauses incorporated by reference from the prime contract. The Government further anticipates that DASN(P) Brown would testify that there is no distinction of compliance between a prime contractor and a subcontractor when contracts have language that directs the flow of the clauses to the subcontractor. The Government further anticipates that DASN(P) Brown will testify that if a contractor violates the terms of the FAR clauses in its contract, the contractor could face the repercussions specified in the clauses or the range of remedies available to the contracting officer to correct a material non-compliance, which depending on the severity, can range from poor past performance evaluation, withholding payments, or contract termination.

To the extent that DASN(P) Brown has knowledge, DASN(P) Brown will also testify about any allegations made by the Defendants through argument, evidence, and/or admissible testimony proffered by Vice Admiral Herman Shelanski, including about Navy contracting and contracts.

DASN(P) Brown's anticipated testimony is based on his training, experience, and knowledge gained through his 16 years of experience in the federal job series 1102 (Contracting Officer), which includes his time serving as a Contracting Officer and as the Navy Chair for the Defense Acquisition Regulation Council, which is responsible for the Department of Defense FAR Supplement and recommendations for revisions to the FAR. His testimony is further based on his experience in his current position as the DASN(P), managing approximately 6,000 Contracting professionals and 200,000 contract actions annually. DASN(P) Brown's training, experience, and knowledge is further detailed in DASN(P) Brown's curriculum vitae.

**I have read and approve of the above statement:**

_____

**Michael L. Brown**
Deputy Assistant Secretary of the Navy (Procurement)