**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:24-cr-00265 (2)(3) (TNM)** |
| | **:** | |
| **YONGCHUL "CHARLIE" KIM and** | **:** | |
| **MEGHAN MESSENGER,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## UNITED STATES' NOTICE OF PROPOSED JURY INSTRUCTION

During the March 27, 2026, pretrial conference the government notified the Court and Defendants of its likely intention to ask that, in addition to conspiracy and bribery, the jury also be instructed on the lesser included offense of illegal gratuities under 18 U.S.C. § 201(c)(1)(A) at the close of the upcoming trial.[1]  In accordance with the Court's oral order, the government hereby provides its proposed jury instruction attached as Exhibit A.

The proposed instruction for considering a lesser included offense is based on D.C. Redbook Jury Instruction 2.401A.  The instruction for bribery is the same as the Court's instruction from the previous trial.  ECF No. 316 at 17–18.  The instruction for gratuities is adapted from Fifth Circuit Pattern Jury Instruction 2.09C.[2]

---

[1] It is well settled in this Circuit that official act gratuities is a lesser included offense to official act bribery.  *See United States v. Paitsel*, 147 F.4th 1010, 1031 (D.C. Cir. 2025); *Valdes v. United States*, 475 F.3d 1319, 1328 (D.C. Cir. 2007); *cf. United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999).

[2] The Court's bribery instruction was adapted from the Eleventh Circuit Pattern Jury Instructions. However, there is no Eleventh Circuit pattern instruction for illegal gratuities.

Defendants object to any lesser included offense instruction.[3]  If the Court ultimately gives an instruction, Defendants propose the instruction attached as Exhibit B, which is adapted from Third Circuit Pattern Jury Instruction 6.18.201C1A.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By     _____/s/_____

Brian P. Kelly
Rebecca G. Ross
Assistant United States Attorney
601 D Street N.W.
Washington, DC 20530
Office: (202) 252-4490

---

[3] According to the Comments to D.C. Redbook Jury Instruction 2.401A, "[w]hen counsel asks for a lesser included offense instruction, it should be freely given if there is any evidence, however weak, to support the lesser offense but not the greater one[,]" and "the court may give a lesser included instruction if requested to do so or if the prosecutor or defense counsel affirmatively agrees to one when the court suggests it." *See also United States v. Raborn*, 575 F.2d 688, 691 (9th Cir. 1978) ("Either the defense or the prosecution may request a lesser included offense instruction under [illegal gratuities] … ." (citing *United States v. Brewster*, 506 F.2d 62, 74 n.31 (D.C. Cir. 1974))); *United States v. Sinclair*, 444 F.2d 888, 889 (D.C. Cir. 1971) ("As our opinions make clear, if counsel ask for a lesser-included-offense instruction, it should be freely given." (citation and quotation marks omitted)).