**EXHIBIT A**

**GOVERNMENT'S PROPOSED JURY INSTRUCTION
<u>FOR LESSER INCLUDED ILLEGAL GRATUITIES</u>**

Count Two of the Indictment charges the Defendants with bribery. I am going to instruct you on this charge and also on the lesser included offense of illegal gratuity. After I give you the elements of these crimes, I will tell you in what order you should consider them.

**<u>Bribery</u>**

For the charge of bribery, Title 18, United States Code, Section 201(b)(1) makes it a crime to bribe a public official. For you to find Mr. Kim and Ms. Messenger guilty of this offense, the Government must prove each of the following beyond a reasonable doubt:

(1) the Defendant directly or indirectly gave, offered or promised something of value to a public official; and

(2) the Defendant acted knowingly and corruptly, with intent to influence an official act.

Anyone holding the position of Admiral, as described in the indictment, is a public official.

To qualify as an "official act," the public official must have made a decision or taken an action on a question, matter, cause, suit, proceeding, or controversy. Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power. It must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific which requires particular attention by a public official. In this case, the Government alleges that the question, matter, cause, suit, proceeding, or controversy is Next Jump's January 2022 contract with the United States Government.

The public official's decision or action on that question, matter, cause, suit, proceeding, or controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the

basis for an official act by another official. But setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

It is not necessary that the public official *actually* make a decision or take an action. It is enough that he agrees to do so. The agreement need not be explicit, and the public official need not specify the means he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the official act, so long as he agrees to do so.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose.

**Illegal Gratuity**

For the lesser included offense of illegal gratuity, Title 18, United States Code, Section 201(c)(l)(A) makes it a crime for anyone to give, offer or promise anything of value to a public official for or because of an official act performed or to be performed by that official. For you to find Mr. Kim and Ms. Messenger guilty of this offense, the Government must prove each of the following beyond a reasonable doubt:

(1) That the Defendant directly or indirectly gave, offered or promised something of value to a public official; and

(2) That the Defendant did so for or because of an official act performed or to be performed by the public official other than as provided by law for the proper discharge of his official duty.

In regard to the second element, the terms "for" or "because of" mandate a specific connection between the gratuity and a specific official act performed or to be performed. However, no overt, explicit, or specific agreement to exchange the thing of value for the official act is required. On the other hand, showing that a gratuity was given to a person because of that person's official position is not enough.

**<u>Order of Considering the Charges</u>**[1]

*Acquittal First*[2]: Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether [name of defendant] is guilty of bribery. If you find [name of defendant] guilty of bribery, you must not go on to illegal gratuity. If you find [name of defendant] not guilty of bribery, go on to consider illegal gratuity. You may not consider illegal gratuity unless you first find [name of defendant] not guilty of bribery.

*Reasonable Efforts*: Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether [name of defendant] is guilty of bribery. If you find [name of defendant] guilty of bribery, do not go on to illegal gratuity. If you find [name of defendant] not guilty of bribery, go on to consider illegal gratuity. However, if, after making all reasonable efforts to reach a verdict on bribery, you are not able to do so, you are allowed to consider illegal gratuity.

This order will be reflected in the verdict form that I will be giving you.

---

[1] According to the Comments to D.C. Redbook Jury Instruction 2.401A, "where there is a lesser included offense, the defense can choose whether to request an 'acquittal first' instruction … or a 'reasonable efforts' instruction … ." Consequently, "[b]efore the jury is initially instructed, the [D]efendant[s] should choose whether [they] want[] the court to use alternative 1, 'acquittal first,' or alternative 2, 'reasonable efforts.'" That said, "[a]lthough the 'reasonable efforts' alternative should be given only if the defendant elects it, if the jury deadlocks on the greater charge … the trial judge has discretion to give a 'reasonable efforts' instruction over the defendant's objection in lieu of granting a mistrial if it concludes that repeating an 'acquittal first' instruction would be unduly coercive."

[2] According to the Comments to D.C. Redbook Jury Instruction 2.401A, "[t]he court should not include the headings 'acquittal first' or 'reasonable efforts' as part of its oral or written instructions." The headings are included here for ease of distinction between the two alternatives.