UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

        Plaintiff,

        v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

        Defendants.

Case No. 1:24-cr-00265-TNM

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S
JOINT OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION**

Defendants Yongchul "Charlie" Kim and Meghan Messenger respectfully submit this objection to the government's proposed jury instruction on the lesser included offense of illegal gratuities, 18 U.S.C. § 201(c)(1)(A). The government's proposed instruction is inconsistent with the evidence it proffered at the first trial and with its theory of the case. The government's theory has been that Defendants offered Adm. Robert Burke a job at Next Jump to induce him prospectively to award Next Jump a small contract immediately and influence others to generate much larger Navy contracts for the company in the future. Indictment ¶¶ 23–24 ("KIM and MESSENGER offered and gave, and BURKE solicited and accepted, things of value, including employment at Company A," and "[i]n return for employment and related compensation, BURKE agreed to and did use his official position, authority, relationships, and influence at the Navy to help Company A obtain a contract from U.S. Naval Forces Europe and Africa"), *id.* ¶¶ 34–35 ("In Exchange for a Navy Contract, KIM and MESSENGER Offered BURKE Job and Part Ownership in Company A, which BURKE accepted"); ECF No. 331 (Aug. 18, 2025 PM Trial Tr.) at 90:13-16 (opening statement began: "'No contract, no job.' Members of the jury, those are the words of one of the two defendants in this case, Meghan Messenger who is seated at that table right over

1

there. 'He wants to work for us, but we're asking for a deal first.'"); ECF No. 343 (Sept. 3, 2025 AM Trial Tr.) at 43:21-44:2 (arguing in closing that "Robert Burke . . . had to fulfill Phase II and promote Next Jump to other higher-ranking officials with the hope that Next Jump would secure a larger contract in the future").

"[G]ratuities are typically payments made to an official *after* an official act as a token of appreciation." *Snyder v. United States*, 603 U.S. 1, 5 (2024). A gratuities instruction here is thus not supported by the government's indictment and the evidence it submitted at trial. Defendants and Adm. Burke first discussed a prospective role for him at Next Jump in mid-2021, by which point Next Jump had not yet been awarded the $322,850 contract at issue. And as the Court is aware, Next Jump's relationship with the Navy fell apart shortly after that contract was awarded, and a larger contract never panned out. ECF No. 341 (Aug. 29, 2025 AM Trial Tr.) (Charlie Kim) at 62:4-19, 110:11-18. It would have been nonsensical for Next Jump to reward Adm. Burke with a $500,000 job "for or because" he allegedly helped Next Jump secure a $322,850 contract. Ex. A (DX 88) at 1; ECF No. 341 at 112:25-113:8.

On the heels of a mistrial, the government is straining to offer the retrial jury a way to convict on *something*. But a conviction on a gratuity charge would be inconsistent with the plain language of the government's indictment, and the evidence the government submitted does not fit the charge. The government's late-breaking request after years of litigation raises serious timeliness and due process concerns, since a complete trial record was created—and Mr. Kim elected to testify—without notice of this proposed pivot. Moreover, Defendants would be prejudiced in other ways if the government were allowed to proceed on this alternative theory; their preparation would have been different, including how they would cross-examine witnesses,

how they would present evidence, which witnesses they would call, and the questions that have already been prepared for witnesses.

At a minimum, the Court should defer ruling on the government's request until after the close of evidence. And if the Court were inclined to provide a lesser included offense instruction over Defendants' objection, Defendants respectfully request that the Court provide: (1) the Third Circuit's model instruction, which is attached as Exhibit B, and (2) Defendants' proposed good faith instruction, *see* ECF No. 366-1, to clarify for the jury how bribery differs from the lesser included offense of illegal gratuities.

Respectfully submitted,

DATED April 14, 2026

_/s/ William A. Burck_
William A. Burck

Reed Brodsky (*pro hac vice*)
Francesca Broggini (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com
fbroggini@gibsondunn.com

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No. 979677)
Avi Perry (DC Bar No. 90023480)
Rachel G. Frank (DC Bar No. 1659649)
Brett Raffish (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
rachelfrank@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing objection was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*
William A. Burck (DC Bar No. 979677)

Dated: April 14, 2026