UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      Plaintiff,

      v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

      Defendants.

Case No. 1:24-cr-00265-TNM

**YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

## PRELIMINARY STATEMENT

Defendants Charlie Kim and Meghan Messenger, by and through undersigned counsel, respectfully move this Court for an order *in limine* precluding the government from presenting any testimony, evidence, or argument relating to any alleged "procedural irregularities" associated with Next Jump's 2022 Navy contract. During their first trial, Defendants were forced to spend considerable time rebutting the notion that Next Jump's 2022 Navy contract was approved especially quickly. The Court has now ruled that evidence on that topic will not be permitted during the retrial, yet the government has suggested it may seek to introduce evidence about other, unspecified "procedural irregularities" with the 2022 contracting process. But as set forth below, from Defendants' vantage point, the 2022 contracting process was substantially the same as the 2018 contracting process, which is not alleged to have involved any criminal activity. As a result, any evidence regarding purported procedural irregularities in the 2022 contracting process will have little, if any, probative value, and will require Defendants again to spend considerable time detailing the parallels between the two processes. Because this evidence would be irrelevant, and because its probative value is substantially outweighed by the risk of unfair prejudice and unnecessary delay, it should be excluded.

## BACKGROUND

At Defendants' first trial, the government presented extensive, cumulative testimony about purported irregularities associated with the 2022 contracting process. For instance, the government elicited testimony that Next Jump's proposal materials were unusually informal. ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Amanda Kraus) 98:16-24; ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) (Pamela Hooker) 79:24-80:7, 80:18-21, 81:14-18. The government also elicited testimony that Adm. Burke's contact with Defendants and his role in procuring Next Jump's services was unusual. ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Kraus) 98:3-15, 99:11-19, 100:14-17; ECF No. 327

1

(Aug. 26, 2025 PM Trial Tr.) (Hooker) 73:9-12, 82:18-83:2. Finally, the government presented evidence that the Navy did not follow standard operating procedure when procuring Next Jump's services, for instance, by requiring a sole source justification. ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Kraus) 105:1-22; ECF No. 325 (Aug. 19, 2025 PM Trial Tr.) (Juliet Beyler) 64:24-65:11; ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) (Hooker) 83:3-7, 84:21-85:16.

Defendants were compelled to rebut these points, eliciting testimony and presenting substantial evidence that any purported irregularities associated with the 2022 contract were consistent with practices followed for prior contracts between the Navy and Next Jump that are not alleged to have been improper, much less criminal. *See, e.g.*, ECF No. 325 (Aug. 19, 2025 PM Trial Tr.) (Beyler) 109:6-16 (agreeing that the 2018 pilot and 2022 contracts followed the same process, and both involved PowerTrain subcontracts); ECF No. 339 (Aug. 27, 2025 AM Trial Tr.) (Greg Kunkel) 100:2-12 (explaining that the Navy "proposed the vehicle" and "recommended [that Next Jump] be a subcontractor through PowerTrain" in connection with Next Jump's earliest 2018 Navy contract), 103:4-8 (same for Next Jump's later 2018 Navy contract); Ex. A (Aug. 28, 2025 PM Trial Tr.) (Charlie Kim) 18:2-7 (testifying that Next Jump was a sole source provider for their two 2018 Navy contracts); Ex. B (DX 326) at 1 (Beyler noting, in connection with the 2018 pilot contract, that Adm. Burke's "strong preference is to ride on the existing contract we have NxJ, expand the scope if need be"); Ex. C (DX 322) (Adm. Burke noting, in connection with the 2018 pilot contract, that "CNO has directed us to execute the maximum capacity we can reasonably afford"); *see also* Ex. D (DX 42) at 2 (Adm. Burke committing to "working" Next Jump's 2019 $100 million proposal "aggressively").

On March 27, 2026, at the pretrial conference, the Court excluded evidence of the turnaround time for the 2022 contract and significantly curtailed evidence concerning the quality

2

of Next Jump's services. ECF No. 386 (Mar. 27, 2026 Pretrial Conf. Tr.) 4:11-6:3, 10:15-25. The government nevertheless argued that it should be permitted to introduce evidence that the 2022 contracting process was atypical, explaining that, "in the experience of the people under Admiral Burke's command[,] . . . this wasn't . . . a normal-type proposal that they had seen before[,] . . . [which] goes to show that Admiral Burke was going to sort of punch through this order." *Id*. at 10:4-14. Mr. Kim's counsel responded that "the late 2021 contract proposal was quite similar in substance and in type to the prior ones in terms of informality" and that Defendants would be required to spend substantial time rebutting the government's evidence concerning perceived procedural irregularities. *Id*. at 12:11-13:3. The Court ultimately concluded that it was not then "in a position . . . to rule . . . one way or the other." *Id*. at 13:4-9.

Defendants now seek a pretrial ruling on the admissibility of evidence regarding purported procedural irregularities associated with Next Jump's 2022 Navy contract.

## LEGAL STANDARD

Under Federal Rules of Evidence 401 and 402, "evidence should only be admitted if it is relevant, meaning it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Darui*, 545 F. Supp. 2d 108, 110 (D.D.C. 2008) (citing Fed. R. Evid. 401, 402). Such evidence may nevertheless be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id*. (citing Fed. R. Evid. 403); *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013)

3

(noting that Rule 403 bars evidence with an "undue tendency to suggest decision on an improper basis" (citation omitted)).

## ARGUMENT

Evidence concerning purported procedural irregularities associated with the January 2022 contract should be excluded under Federal Rules of Evidence 401, 402, and 403.

*First*, evidence concerning purported procedural irregularities is irrelevant under Federal Rules of Evidence 401 and 402. The substantive charges in Defendants' case revolve around an alleged bribery scheme and Defendants' states of mind—not the quality of Next Jump's proposal materials or Navy employees' views on whether Adm. Burke followed the Navy's standard operating procedure. Additionally, like the 2022 contract approval timeline, which was "exactly the same number of days that a prior [uncharged] contract was approved within," the 2022 contract process mirrored prior, uncharged Navy-Next Jump contract processes. ECF No. 348 (Sept. 11, 2025 Trial Tr.) at 10:7-14. Thus, even if certain processes were irregular by some objective standard, they would not have been perceived as such by Defendants, diminishing their probative value. *Cf. id.* at 10:2-3 (focusing on the probative value "for *these* Defendants" (emphasis added)).

For instance, as summarized in the chart below, Next Jump submitted informal proposal materials directly to Adm. Burke in connection with a 2018 contract, just as they did in connection with the 2022 contract. *Compare* Ex. E at 1, 7, 17, *with* Ex. F (DX 126) at 1, 5; *see also* Ex. G at 4. Additionally, Adm. Burke identified a need for Next Jump's services in 2018, just as he did in 2021. *See* Ex. H (DX 1310) (Adm. Burke writing to Defendants in 2018, "[f]antastic meeting with CNO this evening. He agrees with me that your program could be just what we need to jump start Navy to becoming a learning organization."); *see also* Ex. C (Adm. Burke noting, in connection with the 2018 pilot contract, that "CNO has directed us to execute the maximum capacity we can

reasonably afford"). Finally, the contracting vehicle for all of Next Jump's Navy contracts was the same—each was sole sourced and involved Next Jump serving as a subcontractor to PowerTrain. *Compare* ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Kraus) 105:1-22 *with* Ex. A (Aug. 28, 2025 PM Trial Tr.) (Kim) 18:2-7; *see also* Ex. I ███████████████ 15:9-11 ████████ ████████████████████████████████████████; Ex. J at 1 ██████████████████████████████████████████ ████████████████. Because the 2022 contracting process involved the same procedures as prior uncharged processes, any purported irregularities associated with the 2022 process are irrelevant when viewed from Defendants' perspectives, which are the only ones that matter for this case. Accordingly, this evidence should be excluded.

| Characteristic | 2018 Pilot Contracting Process | 2022 NAVEUR Contracting Process |
|---|---|---|
| *Adm. Burke specifically desired Next Jump's services* | Yes | Yes |
| *Defendants communicated directly with Adm. Burke concerning proposal materials* | Yes | Yes |
| *Proposal contained informal hand-drawings* | Yes | Yes |
| *Next Jump served as subcontractor to prime contractor PowerTrain* | Yes | Yes |
| *Contract was sole-sourced* | Yes | Yes |

*Second*, even if minimally relevant, evidence concerning purported procedural irregularities should be excluded under Rule 403 because its probative value is substantially outweighed by multiple dangers: wasting time; undue delay; unfair prejudice; confusion of issues; and misleading the jury. *See* Fed. R. Evid. 403. At Defendants' initial trial, the government elicited testimony from multiple witnesses—principally, Amanda Kraus and Pamela Hooker—that the

5

2022 contract was unusual in various respects. ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Kraus) 98:3-24, 99:11-19, 100:14-17; ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) (Hooker) 73:9-12, 79:24-80:7, 80:18-21, 81:14-18, 82:18-83:7, 84:21-85:16; ECF No. 325 (Aug. 19, 2025 PM Trial Tr.) (Beyler) 64:24-65:11. Defendants were required to spend substantial time eliciting testimony and introducing evidence to rebut these points. *See, e.g.*, ECF No. 325 (Aug. 19, 2025 PM Trial Tr.) (Beyler) 109:6-16; ECF No. 334 (Aug. 21, 2025 AM Trial Tr.) (Kraus) 133:23-134:13; ECF No. 339 (Aug. 27, 2025 AM Trial Tr.) (Kunkel) 100:2-12, 103:4-8; Ex. A at 18:2-7; Ex. B; Ex. C. Because the dangers of wasting time and undue delay substantially outweigh the probative value of evidence concerning purported irregularities, the Court should exclude such evidence under Rule 403.

Furthermore, the prejudicial effect of some of this evidence is particularly acute. Indeed, the clear point of the government's evidence concerning the informality of Next Jump's proposal materials is to make Defendants look foolish, or to suggest that the informality of Defendants' 2022 contract proposal was so unusual that it could only have been the product of a criminal conspiracy. For instance, Ms. Hooker testified that the proposal she viewed "was childish" and "look[ed] like a kindergartener wrote it;" Ms. Hooker doubted that Next Jump's submission was something Defendants would "really call . . . a proposal." ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) at 80:1-2, 81:17-18, 85:10. Ms. Hooker's testimony is irrelevant and has no purpose other than "to suggest decision on an improper basis." Adv. Com. Notes to 1972 Proposed Rules, Fed. R. Evid. 403 ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). This is especially true because the 2018 proposal was very similar to the 2022 proposal—including hand-drawn slides.

6

*See* Ex. E at 7-8, 12, 14, 16-17, 19. Because the probative value of evidence concerning purported irregularities is substantially outweighed by multiple dangers, it should be excluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding the government from presenting any testimony, evidence, or argument relating to any purported "procedural irregularities" associated with Next Jump's 2022 Navy contract. Relatedly, given that the entirety of the testimony of Ms. Kraus and Ms. Hooker during the first trial involved the speed and alleged irregularity of the 2022 contracting process, the Court should preclude them from testifying during the retrial unless the substance of their expected testimony relates to new, permissible topics.

Respectfully submitted,

DATED April 14, 2026

*/s/ William A. Burck*
William A. Burck

Reed Brodsky (*pro hac vice*)
Francesca Broggini (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com
fbroggini@gibsondunn.com

*Counsel for Defendant Meghan*
*Messenger*

William A. Burck (DC Bar No. 979677)
Avi Perry (DC Bar No. 90023480)
Rachel G. Frank (DC Bar No. 1659649)
Brett Raffish (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
rachelfrank@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*
William A. Burck (DC Bar No. 979677)

Dated: April 14, 2026