**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:24-cr-00265 (2)(3) (TNM)** |
| | **:** | |
| **YONGCHUL "CHARLIE" KIM and** | **:** | |
| **MEGHAN MESSENGER,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**UNITED STATES' RESPONSE TO DEFENDANTS'**
**JOINT OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION**

On March 27, 2026, at the Pretrial Conference, the Government provided notice of its intent to seek a jury instruction on illegal gratuities as a lesser-included offense of bribery. The Government then filed a written notice of the same on April 10, 2026. *See* ECF No. 391. On April 14, 2026, Defendants Kim and Messenger filed a Joint Objection to Government's Proposed Jury Instruction, arguing that instructing the jury on illegal gratuities as a lesser-included offense of bribery would be improper. *See* ECF No. 392. Defendants argue that an illegal gratuities instruction would 1) be "inconsistent with the evidence [the Government] proffered at the first trial and with [the Government's] theory of the case" as laid out in the indictment, *id.* at 1, and 2) prejudice Defendants, raising "serious timeliness and due process concerns[,]" *id.* at 2. Defendants' objection is bereft of supporting caselaw or other legal authority, contradicts the plain language of 18 U.S.C. § 201, and disregards caselaw from this very Circuit. For the reasons stated below, the Court should give the Government's requested instruction.

**<u>DISCUSSION</u>**

**1.  A charge of illegal gratuities is consistent with the Government's theory of the case as set out in the indictment and borne out in the evidence at trial.**

Defendants argue that the indictment and trial evidence were limited to the theory "that Defendants offered Adm. Robert Burke a job at Next Jump to induce him prospectively to award Next Jump a small contract immediately and influence others to generate much larger Navy contracts for the company in the future."  ECF No. 392 at 1.  According to Defendants, the Government's theory of the case is that the crime was completed when they offered Burke future employment before he ordered the contract, and that such a theory cannot support a gratuities conviction because gratuities are "typically payments made to an official *after* an official act as a token of appreciation."  *See* ECF No. 392 (quoting *Snyder v. United States*, 603 U.S. 1, 5 (2024)).

To be certain, Defendants could be guilty of bribery even had their illegal conduct ceased immediately after they offered Burke a job in exchange for a contract.  But this is a gross oversimplification of the Government's theory as set forth in the indictment and in the previous trial.  The indictment charges that the conspiracy and bribery took place from September 2020 through October 2022, spanning, *inter alia*, the initial corrupt agreement, Burke ordering the contract, Burke continuing to advocate for Next Jump after the contract was completed, and Defendants officially hiring Burke.  *See generally* ECF No. 1.  Furthermore, the indictment's charging language includes that Defendants "*gave*, offered, and promised employment"—which encompasses the scenario where Defendants gave Burke the job as a thank you for ordering or promising to order a contract and subsequently advocating on their behalf.  *See id.* ¶ 49 (emphasis added).

Moreover, Defendants' solitary cite to *any* legal authority—*Snyder, see* ECF No. 392 at 2—does not, as they would have it, foreclose the possibility that an illegal gratuity may be

provided, offered, or promised before an official act is taken.  Nor could it have, since the statute itself expressly covers gratuities "for or because of any official act performed *or to be performed*[.]" 18 U.S.C. § 201(c)(1)(A) (emphasis added).  The Supreme Court has also addressed this very question: "An illegal gratuity [. . .] may constitute merely a reward for s*ome future act that the public official will take (and may already have determined to take)*, or for a past act that he has already taken."  *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 405 (1999).  The distinguishing factor between bribery and illegal gratuities is intent, not timing.  *See id.* ("The distinguishing feature of each crime is its intent element.").

Finally, Defendants' belief that the evidence does not support an illegal gratuities conviction is a question of fact that should be argued to and determined by the jury.  For example, whether Next Jump rewarding Burke with a job for a single contract would be "nonsensical" is a jury argument rather than a legal argument for excluding an otherwise-proper jury instruction on a lesser-included offense.  "When counsel asks for a lesser included offense instruction, it should be freely given if there is any evidence, however weak, to support the lesser offense but not the greater one."  Comments to D.C. Redbook Jury Instruction 2.401A; *see also United States v. Payne*, 805 F.2d 1062, 1067 (D.C. Cir. 1986) ("[E]ven where the defendant presents a totally exculpatory defense, the instruction should nevertheless be given if the prosecution's evidence provides a 'rational basis' for the jury's finding the defendant guilty of a lesser offense." (citation omitted)); *United States v. Sinclair*, 444 F.2d 888, 889 (D.C. Cir. 1971) ("As our opinions make clear, if counsel ask for a lesser-included-offense instruction, it should be freely given." (citation and quotation marks omitted)).  Defendants' argument that the indictment or prior trial evidence forecloses illegal gratuities as a lesser-included charge is therefore unfounded.

**2. Defendants have been on notice that they may have to defend against a lesser-included gratuities charge since their indictment.**

Defendants also argue that "the [G]overnment's late-breaking request after years of litigation raises serious timeliness and due process concerns" because the defense would have prepared differently if it had notice of a potential jury instruction on the lesser-included offense of illegal gratuities. *See* ECF No. 392 at 2-3. However, the May 2024 indictment provided sufficient notice to Defendants that they may be convicted of the well-established lesser-included offense of illegal gratuities. Under Federal Rule of Criminal Procedure 31(c)(1), defendants "may be found guilty of [. . .] an offense necessarily included in the offense charged[.]" "It was well-settled at common law that a jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." *United States v. Dennis*, 26 F.4th 922, 929 (11th Cir. 2022) (quoting *Beck v. Alabama*, 447 U.S. 625, 633 (1980)). "In England, a prisoner indicted of burglary could be acquitted of the burglary for a defect in the evidence of a 'breaking and entering' and convicted of stealing instead." *Id.* "[W]hat is critical for notice in the context of criminal prosecutions is that all the elements of the offense of which the defendant was convicted were in the indictment." *Id.* at 930. Such is the case here.

In holding that an indictment charging bribery provided ample notice of the need to prepare a defense against the charge of accepting an illegal gratuity, this Circuit has observed that "[s]o far as a requirement of notice to a defendant that at trial he would have to meet a lesser-included offense charge, we observe that any trial counsel is always on notice of Fed. R. Crim. P. 31(c), permitting an instruction to the jury and conviction on a lesser included offense, even though not specifically charged in the indictment." *United States v. Brewster*, 506 F.2d 62, 74 (D.C. Cir. 1974) (cleaned up). The court continued that "trial counsel undeniably was also on notice of the similar language, textual proximity, and logical relationship of sections 201(c)(1) and (g), all of which

raised the reasonable prospect that accepting an illegal gratuity under section (g) would be construed as a lesser offense included within accepting a bribe under section (c)(1)." *Id.* at 74-75.

The Government has therefore fulfilled its notice obligations for purposes of the lesser-included offense of gratuities by indicting Defendants with bribery almost two years ago.  The Government's March 27, 2026, oral notice in court (over a month before trial) and April 10, 2026, written notice went above and beyond the Government's notice obligations to advise Defendants that the jury may be instructed on gratuities as a lesser-included offense, and to avoid the very specious arguments now being proffered.  *See* ECF No. 391.  Notice is therefore not a ground on which to exclude the proposed instruction.[1]

### 3. Defendants' alternative requests should be rejected.

Defendants conclude their objection by suggesting that "the Court should defer ruling on the government's request until after the close of evidence."  ECF No. 392 at 3.  Alternatively, if the Court were to give the illegal gratuities instruction, then Defendants ask that the Court 1) give the Third Circuit pattern instruction, and 2) give Defendants' oft-rejected good faith instruction.

First, the Government defers to the Court on the timing of its ruling on whether the lesser included gratuities instruction is warranted.  However, for the reasons already noted, the Government does not believe the question is even in doubt.

Second, the Government maintains as it did in its Notice that the Court should use the Fifth Circuit pattern jury instruction for gratuities.

Finally, as to Defendants' final request for the good faith instruction to "clarify" the difference between bribery and gratuities, the Court's substantive instructions on the elements of

---

[1] Presumably Defendants should also have been on even further notice on February 20, 2026, more than two months before trial, when the Government extended a plea offer to one count of Illegal Gratuity, in violation of 18 U.S.C. § 201(c)(1)(A).

bribery and the elements of gratuities will already sufficiently inform the jury of the differences between those charges.  The Court has already ruled during the first trial and again at the recent pretrial conference that a good faith instruction is not appropriate for these charges.  And Defendants offer no supporting authority for why a good faith instruction would be appropriate merely because the jury is instructed on a lesser-included offense.

## CONCLUSION

For the reasons discussed above, the Court should instruct the jury regarding gratuities as a lesser-included offense of bribery and deny Defendants' alternative requests for relief.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:        /s/
Brian P. Kelly
Rebecca G. Ross
Assistant United States Attorneys
601 D Street N.W.
Washington, D.C. 20530
(202) 252-4490

6