**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:24-cr-00265 (2)(3) (TNM)** |
| | **:** | |
| **YONGCHUL "CHARLIE" KIM and** | **:** | |
| **MEGHAN MESSENGER,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**UNITED STATES' SUPPLEMENT TO
MOTION *in LIMINE* TO ADMIT EVIDENCE**

On February 6, 2026, the Government filed its Motion *in Limine* to Admit Certain Evidence, ECF No. 370 (hereinafter the "Motion"). In its Motion, the Government sought a pretrial ruling on the admissibility of relevant portions of Defendant Charlie Kim's sworn testimony from the first trial. *See* Motion at 12-13.

On March 27, 2026, this Court held a pretrial conference and addressed the Motion. In relevant part, this Court stated, "I don't think I'm in a position to rule on that right now. So I think we'll just deal with that as it comes up." 03/27/2026 Tr. at 15:11-13. Following the pretrial conference, the Government has identified three portions of Defendant Kim's testimony that it intends to introduce through Special Agent Sebastian Gardner in its case-in-chief.[1] *See* Ex. A (Exhibits 227, 228, and 229). In doing so, Special Agent Gardner will testify that the transcripts are from a prior proceeding, the transcripts are publicly available, and that Defendant Kim is the person answering the questions in the transcripts.

---

[1] At this time, the Government has not identified any additional excerpts it intends to admit, but as the Government's evidence comes in, it is possible the Government will identify additional excerpts. Additionally, if Defendant Kim were to testify, the Government anticipates admitting additional relevant excerpts.

1

For the reasons previously briefed, *see* Motion at 12-13; Reply, ECF No. 385 at 5-7, the Government maintains that these excerpts are admissible as non-hearsay statements by an opposing party under Federal Rule of Evidence 801(d)(2)(A). The Government conferred with counsel for the Defendants, who noted that they maintain their relevance, completeness, and Rule 403-related objections regarding the substance of the excerpts. As such, the Government seeks a pretrial ruling on whether the three Government excerpts, identified as Exhibits 227, 228, and 229, are admissible pursuant to Federal Rules of Evidence 401 (relevance), 106 (completeness), and 403 (prejudice).

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

_____/s/_____

Rebecca G. Ross
Brian P. Kelly
Assistant United States Attorney
601 D Street N.W.
Washington, DC 20530
Office: (202) 252-4490

2