UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      Plaintiff,

      v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

      Defendants.

Case No. 1:24-cr-00265-TNM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE (ECF NO. 394)**

The Court should grant Defendants' motion. At the pretrial conference, the Court explained that evidence concerning the speed of the 2022 contract "ha[d] so little relevance here for *these* Defendants in light of what they'd seen happen in the past, which was not charged conduct." ECF No. 386 (Mar. 27, 2026 Pretrial Conf. Tr.) 10:15-25 (emphasis added). Evidence concerning "procedural irregularities" is no different. Everything that the government identified as "procedural irregularities" occurred in 2018 from Defendants' perspectives—"Burke's active role," "the quality of Next Jump's proposal," and "Next Jump's sole source justification." Opp. 2. Indeed, to Defendants, "the 2022 contracting process involved the same procedures as prior uncharged process," making these procedures irrelevant in the upcoming trial. ECF No. 394 at 5. And, whatever their evidentiary value, Defendants will be required to "spend considerable time detailing the parallels between the two processes." *Id*. at 2. Because this evidence is irrelevant, and because its probative value is substantially outweighed by the dangers of undue delay and wasting time, it should be excluded.

In trying to differentiate between Next Jump's 2018 and 2022 contracts, the government splits hairs. For instance, with regard to "Burke's active role," the government suggests that, unlike

1

the 2018 contract, the 2022 contract had "zero evidence of collaboration between Burke and *any* Navy officials about the work to be performed." Opp. 5. But that isn't right. Defendants were in direct contact with Juliet Beyler about their original proposal in August 2021. Ex. A. Adm. Burke told Defendants in September 2021 that he would take a revised proposal "to [his] fiscal/legal team for an assessment." Ex. B at 2. He also told Defendants in early December 2021 that he was "getting the four" commanders together who had attended Next Jump's leadership academy "to discuss their pilot program intentions." Ex. C at 1. And when Defendants submitted their proposal to Adm. Burke in December 2021, Adm. Burke told them that he had "turned [it] over to [his] contracting/fiscal team to move out." Ex. D at 1. And in fact, Defendants spoke directly to Amanda Kraus in December 2021. ECF No. 326 (Aug. 21, 2025 PM Trial Tr.) 41:4-25. Whether Adm. Burke steamrolled or siloed his colleagues is irrelevant; for all Defendants knew, he was working collaboratively with his team to implement Defendants' program, just as he did in 2018.

The government relatedly suggests that "the Navy . . . guided the contracting process" in 2018, "not the Defendants." Opp. 6. But this also ignores Defendants' perspectives. If the Navy had previously represented that certain actions were permissible, like using a prime contractor and sole sourcing, Defendants had no reason to believe otherwise in 2021. Illustrating this point—that the 2018 and 2022 contracting processes were the same from *Defendants'* perspectives—will undoubtedly require substantial time, just as it did during Defendants' first trial. ECF No. 394 at 6. The government suggests that only nefarious motives could explain why Adm. Burke deviated from standard operating procedure in 2022. Opp. 3. But the government does not cogently explain why Adm. Burke also neglected standard processes in 2018, nor does the government address Adm. Burke's willingness to deviate from standard processes for another contractor (*i.e.*, Harvard) that is not part of the alleged conspiracy. ECF No. 337 (Aug. 25, 2025 PM Trial Tr.) 100:13-101:4,

105:21-108:19. Or maybe the government is simply mistaken about what standard processes were from 2018 through 2022. Either way, correcting the misimpression left by the government's evidence will require substantial time. The government claims otherwise while (a) citing dozens of lines of testimony and (b) ignoring time Defendants will have to spend cross-examining witnesses and putting on their own rebuttal evidence. Opp. 8-9.

Because evidence concerning "procedural irregularities" is irrelevant, and because its probative value is substantially outweighed by dangers of undue delay and wasting time, the Court should exclude it and also preclude testimony from Amanda Kraus and Pamela Hooker, who have nothing else relevant to say. The government proffers that Ms. Kraus and Ms. Hooker "provide testimony that goes directly to the Defendants' state of mind," which is seriously doubtful. Opp. 9. Ms. Hooker's role in this case is limited to a weekend of Googling; she never spoke with Defendants and had "[z]ero personal interactions with them ever." ECF No. 327 (Aug. 26, 2025 PM Trial Tr.) 87:16-88:19. Ms. Kraus declined to inform Mr. Kim on her one call with him and others that the contracting process was irregular. ECF No. 326 (Aug. 21, 2025 PM Trial Tr.) 41:14-25. Their testimony is irrelevant, and it should be excluded.

Respectfully submitted,

DATED April 24, 2026

   /s/ *William A. Burck*
William A. Burck

Reed Brodsky
Francesca Broggini
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Work: (212) 351-5334
Mobile: (917) 574-8200
rbrodsky@gibsondunn.com
fbroggini@gibsondunn.com

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No. 979677)
Avi Perry (DC Bar No. 90023480)
John (Fritz) Scanlon (DC Bar No. 983169)
Rachel Frank Quinton (DC Bar No. 1659649)
Brett Raffish (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C.  20004
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
fritzscanlon@quinnemanuel.com
rachelquinton@quinnemanuel.com
brettraffish@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing reply was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*

William A. Burck (DC Bar No. 979677)

Dated: April 24, 2026